WAESCHE, SHEINBAUM & O'REGAN, P.C.
Attorneys for the Plaintiff
111 Broadway, 4th Floor
New York, New York 10006
Telephone: (212) 227-3550

John R. Foster (JF3635)

**JUDGE McMAHON**

**07 CIV 7101**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ECF CASE

PRESTIGIOUS SHIPPING CO. LTD.,

    Plaintiff,

-against-

AGROCORP INTERNATIONAL PTE. LTD.,

    Defendant.

<u>VERIFIED COMPLAINT</u>



AUG 0 9 2007
U.S.D.C. S.D.N.Y.
CASHIERS

  Plaintiff, Prestigious Shipping Co. Ltd. (hereinafter "Prestigious"), by its attorneys, Waesche, Sheinbaum & O'Regan, P.C., complaining of the Defendant, Agrocorp International Pte. Ltd. (hereinafter "Agrocorp"), alleges, upon knowledge with respect to itself and its own acts and upon information and belief as to all other matters, as follows:

<u>JURISDICTION</u>

  1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract. The case falls within this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333.

## THE PARTIES

2. At all times relevant hereto, Prestigious was and still is a business entity duly organized and existing under the laws of Malta and with a place of business c/o Universal Navigation Pte. Ltd., 3, Shenton Way, 11-04, Shenton House, Singapore 068805. At all times relevant hereto, Prestigious was the owner of the self-trimming bulk carrier, *M/V Prestigious*.

3. At all times relevant hereto, Agrocorp was and still is a business entity duly organized and existing under the laws of Singapore and with its principal place of business at 133 New Bridge Road, #22-01/02, Chinatown Point, Singapore 059413. Agrocorp is a commodity trader.

## REQUEST FOR RELIEF

4. On or about February 21, 2005, Prestigious, as owner of the *M/V Prestigious*, and Agrocorp, as charterer, entered into a maritime contract of charter party (hereinafter "the Charter Party").

5. Under the Charter Party Prestigious agreed to let the vessel *M/V Prestigious* to Agrocorp for the carriage of a cargo of sugar from Brazil to Bangladesh in consideration of an agreed amount of freight and an agreed rate of demurrage for port delays beyond the time allowed in the Charter Party.

6. The vessel was duly delivered and loaded with cargo; the voyage was performed; and demurrage in the total sum of $1,464,368.06 was earned.

7. At the discharge port of Chittagong, Agrocorp failed to secure the discharge of the entire cargo from the vessel. As a consequence of this breach of the Charter Party, Prestigious

incurred damages of $418,905.00 with respect to the cargo in hold #1 and $27,488.00 with respect to the cargo in hold #3.

8. For its part, Prestigious fully performed all of its obligations under the Charter Party.

9. Despite due demand and in breach of the Charter Party, Agrocorp has refused or otherwise failed to pay not only the earned demurrage, but also the damages from its failure to procure discharge of the vessel's entire cargo.

10. Pursuant to the terms of the Charter Party, all claims between the parties arising out of the subject contract are subject to London arbitration, with English law to apply. Prestigious has demanded arbitration, and the proceeding is presently pending in London.

11. This action is brought in order to obtain security in favor of Prestigious for its London arbitration claim against Agrocorp. This action is also brought to obtain security for such additional amounts as will cover Prestigious's anticipated attorney fees and costs (including, but not limited to, arbitrator fees) in the London arbitration, as well as interest, all of which are recoverable as part of Prestigious's main claim under English law.

12. After investigation, Agrocorp cannot be found within this District for the purpose of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, but Prestigious is informed that Agrocorp has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due to, or for the benefit of Agrocorp, including, but not limited to, assets at, being transferred through, or being transferred and/or wired to or from ABN Amro, Atlantic Bank of New York, American Express Bank, Bank of America, BNP Paribas, Calyon, Citibank, Deutsche Bank, HSBC USA Bank NA, JPMorgan

Chase Bank, Natexis Banques Populaires, Rabobank Nederland, Standard Chartered Bank, The Bank of New York, Wachovia Bank, and/or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

13. The total amount of Prestigious's claim against Agrocorp sought to be attached pursuant to Rule B includes:

(a) unpaid demurrage in the sum of $1,464,368.06, as stated in Prestigious's Points of Claim in the London Arbitration;

(b) damages of $418,905.00 for Agrocorp's failure to secure delivery of the cargo in hold #1, as stated in Prestigious's Points of Claim in the London Arbitration;

(c) damages of $27,488.00 for Agrocorp's failure to secure delivery of the cargo in hold #3, as stated in Prestigious's Points of Claim in the London Arbitration; and

(d) interest, costs, arbitrator fees, and attorney fees, all inclusive, which are anticipated to at least be equal to the sum of $250,000.00, and which are recoverable under English law as part of Prestigious's main claim,

for a total claim amount sought to be attached of **$2,160,761.06**.

**WHEREFORE**, Plaintiff Prestigious Shipping Co. Ltd. prays

(a) that process in due form of law according to the practice of this Court may issue against Defendant Agrocorp International Pte. Ltd. citing it to appear and answer the foregoing, failing which a default will be taken against it for the principal claim amount of $1,910,761.06, plus interest, costs, arbitrator fees, and attorney fees of $250,000.00;

(b) that since the Defendant Agrocorp International Pte. Ltd. cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of Defendant Agrocorp International Pte Ltd. up to and including the amount of the claim of $2,160,761.06 be restrained and attached, including, but not limited to, any cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due, held, or being transferred for the benefit of Defendant Agrocorp International Pte. Ltd. at, through, or within the possession, custody, or control of such banking institutions including, but not limited to, ABN Amro, Atlantic Bank of New York, American Express Bank, Bank of America, BNP Paribas, Calyon, Citibank, Deutsche Bank, HSBC USA Bank NA, JPMorgan Chase Bank, Natexis Banques Populaires, Rabobank Nederland, Standard Chartered Bank, The Bank of New York, Wachovia Bank, and any such other garnishees upon whom a copy of the Process of Maritime Attachment and Garnishment issued herein may be served;

(c) that, to the extent an award is rendered against Defendant Agrocorp International Pte. Ltd. in the London Arbitration, this Court confirm such award as a judgment of the Court; and

(d) that Plaintiff Prestigious Shipping Co. Ltd. have such other, further, and different relief as this Court may deem just and proper in the premises.

Dated:  New York, New York
        August 9, 2007

                                                  WAESCHE, SHEINBAUM & O'REGAN, P.C.
                                                Attorneys for the Plaintiff,
                                                Prestigious Shipping Co. Ltd.

                                                By: _____
                                                    John R. Foster

Attorney ID: JF3635
111 Broadway, 4th Floor
New York, New York 10006
(212) 227-3550

# VERIFICATION

STATE OF NEW YORK        )
                         )
COUNTY OF NEW YORK       )

        JOHN R. FOSTER, being duly sworn, deposes and says:

1. That I am a member of the Bar of this Court and am an officer of Waesche, Sheinbaum & O'Regan, P.C., attorneys for the Plaintiff herein.

2. That I have read the foregoing Complaint and know the contents thereof, and that the same are true to the best of my knowledge, except those matters alleged upon information and belief, and as to those I believe them to be true.

3. That the source of my information and the grounds for my belief as to all matters are documents in the possession of my firm and information provided by the Plaintiff by way of written communications with its representatives.

4. That I am authorized to make this verification on behalf of the Plaintiff.

5. That the reason this verification is made by me and not by the Plaintiff is that the Plaintiff is a foreign business entity, with no officers or directors presently within this District.

                                                          _____
                                                                JOHN R. FOSTER

Sworn to before me this
9th day of August, 2007

_____
Notary Public
SHARON J. POYNTZ
NOTARY PUBLIC, State of New York
No. 43-4820992 Qualified in Richmond County
Certificate Filed in New York County
Commission Expires February 28, 2011

7