CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Defendant,
Agrocorp International Pte. Ltd.
366 Main Street
Port Washington, New York 110050
Telephone:    516-767-3600
Telefax:       516-767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

PRESTIGIOUS SHIPPING CO. LTD.,                    :
                                                  :
                                                  :
                    Plaintiff,                    :        07 CV 7101 (CM)
                                                  :
        - against -                               :
                                                  :
                                                  :
AGROCORP INTERNATIONAL PTE. LTD.,                 :
                                                  :
                                                  :
                    Defendant.                    :
--------------------------------------------------------------x

**MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO VACATE
PROCESS OF MARITIME ATTACHMENT AND DISMISS THE ACTION**

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ...............................................................……...………...…ii

TABLE OF AUTHORITIES ...........................................……….....................iii

PRELIMINARY STATEMENT...........................……......…..................1

THE FACTS..............................................……...........................2

LEGAL ARGUMENT.......................................................…....................3

    I.    A HEARING ON THIS APPLICATION SHOULD BE SET WITHIN
        THREE (3) COURT DAYS OF ITS FILING................................3

    II.    THE PLAINTIFF HAS THE BURDEN TO SHOW WHY THE
        ATTACHMENT SHOULD NOT BE VACATED...........................4

    III.    THE ATTACHMENT SHOULD BE VACATED
        IN ACCORDANCEWITH THIS COURT'S EQUITABLE
        DISCRETION AS APPROVED BY THE COURT OF APPEALS
        FOR THE SECOND  CIRCUIT................................................5

CONCLUSION .........................…...............................................12

# TABLE OF AUTHORITIES

**PAGE**

## CASES

Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.,
    384 F. Supp. 2d 726 (S.D.N.Y. 2005) *overruled on other grounds by*
    460 F.3d 434 (2d Cir. 2006)...............................................................5, 7, 10

Aqua Stoli Shipping Ltd. v. Gardiner Smith Pty Ltd.,
    460 F.3d 434 (2d Cir. 2006)...............................................4, 5, 6, 7, 8, 9, 10, 11

The Belgenland,
    114 U.S. 355, 5 S. Ct. 860, 29 L. Ed. 152 (1885)...........................................11

Charter Shipping Co. v. Bowring, Jones & Tidy, Ltd.,
    281 U.S. 515, 50 S. Ct. 400, 74 L. Ed. 1008 (1930)........................................11

ContiChem LPG v. Parsons Shipping Co.,
    229 F. 3d 426 (2d Cir. 2000)..........................................................................3

Det Bergenske Dampskibsselskab v. Sabre Shipping Corp.,
    341 F.2d 50 (2d Cir. 1965)........................................................................8, 9

Integrated Container Service, Inc. v. Starlines Container Shipping, Ltd.,
    476 F. Supp. 119 (S.D.N.Y. 1979).................................................................8

Maersk, Inc. v. Neewra, Inc.,
    443 F. Supp. 2d 519 (S.D.N.Y. 2006)..............................................................5

The Maggie Hammond,
    76 U.S. 435, 9 Wall. 435, 19 L. Ed. 772 (1870)..............................................11

OGI Oceangate Transp. Co. v. RP Logistics Pvt. Ltd.,
    2007 U.S. Dist. LEXIS 46841 (S.D.N.Y. June 21, 2007)...................................9

Thyssen Steel Corporation v. Federal Commerce & Navigation Co., Ltd.,
    274 F. Supp. 18 (S.D.N.Y. 1967)...................................................................5

Ullises Shipping Corp. v. FAL Shipping Co., Ltd.,
    415 F. Supp. 2d 318 (S.D.N.Y. 2006)
    *overruled on other grounds,* Aqua Stoli Shipping Ltd. v. Gardiner
    Smith Pty Ltd., 460 F.3d 434, 445 (2d Cir. 2006) ...........................................4

Wajilam Exps. (Singapore) Pte. Ltd. v. ATL Shipping Ltd.,
    475 F. Supp. 2d 275 (S.D.N.Y. 2006)..............................................................3

**STATUTES and RULES**

*Fed. R. Civ. P.*, Supplemental Rules for Certain Admiralty and Maritime Claims,
Rule B..........................................................................................3, 4, 5, 6, 7, 8, 9, 12

*Fed. R. Civ. P.*, Supplemental Rules for Certain Admiralty and Maritime Claims,
Rule E.........................................................................................................1, 3, 4, 6, 7

*Fed. R. Civ. P.*, Supplemental Rules for Certain Admiralty and Maritime Claims,
Rule E(4)(f)....................................................................................................1, 3, 4, 5

Southern District of New York Local Rules,
Local Rule E.1……………………………………………………….…………3

**OTHER AUTHORITIES**

29 James W.N. Moore, MOORE'S FEDERAL PRACTICE, § 7.05.04 [5] (3rd Ed. 2005)……..4

## **PRELIMINARY STATEMENT**

This Memorandum of Law is submitted on behalf of the Defendant, AGROCORP INTERNATIONAL PTE. LTD. (hereinafter "Agrocorp"), in support of the Defendant's application, pursuant to F.R.C.P. Supplemental Rule E (4) (f), to Vacate the Process of Maritime Attachment and Garnishment issued by this Court on or about August 9, 2007. Consistent with Rule E, which provides for the granting of further relief by the Court, the Defendant Agrocorp also submits that, if the Process of Attachment is vacated, then the Complaint should be dismissed as against Defendant Agrocorp for lack of *in personam* or *quasi in rem* jurisdiction.

The Plaintiff, PRESTIGIOUS SHIPPING CO. LTD. (hereinafter "Prestigious"), procured the Process of Maritime Attachment and Garnishment *ex parte* with the filing of a Verified Complaint on August 9, 2007. Prestigious asserted a claim against the Defendant Agrocorp for breach of a charter party dated February 21, 2005 to obtain security for that claim, the merits of which are already being arbitrated in London, England. With the issuance of the Process of Maritime Attachment and Garnishment, the Court authorized Prestigious to attach the property of Agrocorp which could be found in possession of garnishees located the Southern District of New York up to the amount of $2,160,761.06. The Process of Attachment and Garnishment was served on several banks in New York[1], and one garnishee, American Express Bank, has already restrained an electronic funds transfer in the amount of $604,036.93 that was being remitted by non-party Indian Bank to a non-party seller of cargo located in Latvia. The Plaintiff is continuing to serve the Process of Maritime Attachment on American Express Bank, and other garnishees, in an attempt to restrain further EFT payments that are purportedly being made by or to the Defendant, Agrocorp.

---

[1] None of which hold accounts of the Defendant, Agrocorp.

1

As a practical matter, the Process of Maritime Attachment and Garnishment is disruptive to the Defendant's business and the harm is continuing because Agrocorp, which is an established international commodity trading house, is unable to conduct its normal day to day business. Indeed, this is particularly so with respect to financing sales and purchases because funds belonging to Agrocorp's bankers have been attached. As a matter of law, and as more fully developed below, the Defendant Agrocorp submits that the Process of Maritime Attachment and Garnishment must be vacated because the Defendant Agrocorp demonstrates that this matter falls within the scope of a limited class of cases for which the Court of Appeals for the Second Circuit has approved the vacatur of a Process of Maritime Attachment for the same reason that a plaintiff cannot maintain an attachment for pre-judgment security against a defendant located in the district where the attachment is sought. Consequently, and consistent with the direction of the Court of Appeals for the Second Circuit, this Honorable Court should vacate the Process of Maritime Attachment and Garnishment.

## THE FACTS

The facts pertaining to the instant Motion to Vacate the Process of Maritime Attachment and Garnishment and Dismiss the Complaint are more fully set forth in the accompanying Attorney's Affidavit of Owen F. Duffy, dated August 30, 2007, in support of the Motion. Rather than restate the facts fully herein, this Memorandum of Law will make reference to, and will discuss as appropriate, the facts set forth the accompanying Attorney's Affidavit. Citation to the Affidavit will refer to "Duffy Affidavit at ¶ -."

## LEGAL ARGUMENT

### POINT I

### A HEARING ON THIS APPLICATION
### SHOULD BE SET WITHIN THREE (3) COURT DAYS OF ITS FILING

In order to ensure the constitutionality of the attachment mechanism provided for under Rule B, Supplemental Admiralty Rule E (4) (f) and the Local Rules of this Court provide for a prompt adversary hearing following any attachment. The Local Rule specifies:

> The adversary hearing following arrest or attachment of garnishment that is
> called for in supplemental Rule E(4)(f) shall be conducted within three (3)
> court days, unless otherwise ordered.
> S.D.N.Y. Local Rule E.1.

The purpose of the Rule E hearing is to permit an opportunity for any person claiming an interest in the attached property, to be heard and for prompt post-attachment scrutiny by the Court. Supplemental Rule E 4 (f).

Maritime claimants are able to obtain a Process of Maritime Attachment and Garnishment with only a minimal showing. *See*, ContiChem LPG v. Parsons Shipping Co., 229 F. 3d 426, 434 (2d Cir. 2000). Rule E (4)(f) is designed to satisfy the constitutional requirement of due process by guaranteeing to the shipowner, i.e. the defendant, a prompt post-seizure hearing at which he can *attack the Complaint, the arrest, the security demanded, or any other alleged deficiency in the proceedings.* (emphasis added). *See*, Supplemental Rule E, Advisory Committee's Note (1985); *and see*, Wajilam Exports (Singapore) Pte. Ltd. v. ATL Shipping, et al, 475 F.Supp.2d 275, 278 (S.D.N.Y. 2006).

For this reason, a hearing should be set down for September 7, 2007, with Plaintiff's Opposition papers, if any, to be filed and served no later than September 5, 2007 at 12:00 p.m. o'clock and Defendant's Reply papers to be filed and served no later than September 6, 2007 at 5:00 p.m.

3

**POINT II**

**THE PLAINTIFF HAS THE BURDEN
TO SHOW WHY THE ATTACHMENT SHOULD NOT BE VACATED**

Supplemental Admiralty Rule E (4)(f) of the Federal Rules of Civil Procedure

provides:

> Whenever property is arrested or attached, any person claiming an interest in it
> shall be entitled to a prompt hearing at which the plaintiff shall be required to
> show why the arrest or attachment should not be vacated or other relief
> consistent with these rules.

F.R.C.P., Supplemental Rules for Admiralty and Maritime Claims, Rule E (4)(f)

(emphasis added). It is clear from the text of Rule E (4)(f) that Plaintiff, Prestigious,

is required to defend the *ex parte* attachment and, more to the point, Plaintiff,

Prestigious, bears the burden of proof to demonstrate why the attachment should not be

vacated. *See e.g.,* Ullises Shipping Corp. v. FAL Shipping Co. Ltd., 415 F.Supp.2d

318, 323 (S.D.N.Y. 2006), *overruled on other grounds,* Aqua Stoli Shipping Ltd. v.

Gardiner Smith Pty Ltd., 460 F. 3d 434, 445 (2d Cir. 2006). Given the nature of the

attachment mechanism, which results in the pre-judgment freezing of assets without

any prior opportunity to be heard, both the Courts and legal commentators have

recognized that the burden placed on an attaching Plaintiff at the Rule E hearing is

considerable. *See e.g.,* 29 James W.N. Moore, MOORE'S FEDERAL PRACTICE, § 7.05.04

[5] (3rd Ed. 2005).

The Court of Appeals for the Second Circuit has confirmed that it is Plaintiff's burden

to demonstrate that the requirements of Rule B have been met:

> "A district court must vacate an attachment if the plaintiff fails to sustain its
> burden of showing that he has satisfied the requirements of Rules B and E. We
> also believe vacatur is appropriate in other limited circumstances. While, as we
> have noted, the exact scope of a district court's vacatur power is not before us,
> we believe that a district court may vacate the attachment if the defendant

4

shows at the Rule E hearing that 1) the defendant is subject to suit in a convenient adjacent jurisdiction; 2) the plaintiff could obtain in personam jurisdiction over the defendant in the district where the plaintiff is located; or 3) the plaintiff has already obtained sufficient security for the potential judgment, by attachment or otherwise."

Aqua Stoli, 460 F.3d at 445.

At a Rule E(4)(f) hearing, a defendant may attack "'the complaint, the arrest, the security demanded, or any other alleged deficiency in the proceedings.'" Aqua Stoli, 384 F. Supp. 2d 726, 728 (S.D.N.Y. 2005)(quoting Supp. R. Fed. R. Civ. P. Advisory Committee's Notes), *overruled on other grounds*, 460 F. 3d 434, 445. To satisfy the requirements of Rule B, the Plaintiff has the burden to show: (a) it has a *prima facie* admiralty claim; (b) the named defendant cannot be found within district; (c) the attached defendant's property was within the district; and (d) there is no statutory or maritime law bar to the attachment. Aqua Stoli, 460 F.3d at 445. Consequently, the Plaintiff must demonstrate that all technical requirements for an effective attachment have been met, Maersk, Inc. v. Neewra, Inc., 443 F. Supp. 2d 519, 527 (S.D.N.Y. 2006) and, additionally, that there are no other grounds for vacatur. Aqua Stoli, 460 F.3d at 445.

## POINT III

### THE ATTACHMENT SHOULD BE VACATED
### IN ACCORDANCE WITH THIS COURT'S EQUITABLE DISCRETION
### AS APPROVED BY THE COURT OF APPEALS FOR THE SECOND CIRCUIT

Process of Maritime Attachment is an extraordinary and unique exception to the general rule that, in the absence of statutory authorization, a plaintiff may not have security for his claim until it is established and reduced to judgment. Thyssen Steel Corporation v. Federal Commerce & Navigation Co., Ltd., 274 F. Supp. 18 (S.D.N.Y. 1967). In recent years, Process of Maritime Attachment has been creatively deployed to attach bank credits used in electronic

fund transfers ("EFTs") as they pass through intermediary banks in New York to or from parties absent from the district. <u>Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.</u>, 460 F. 3d 434, 436 (2nd Cir. 2006). In the case at hand, the Plaintiff, Prestigious Shipping, creatively utilized the extraordinary remedy by obtaining an *ex parte* Process of Maritime Attachment with the assertion of a maritime claim against the Defendant, Agrocorp, *see* Duffy Affidavit at ¶s 20 – 25, and, thereafter, attaching EFT payments being remitted from Singapore to the Ukraine through an intermediary bank in New York, *see* Duffy Affidavit at ¶ 25. In other words, with resort to the U.S. federal courts and in particular the Southern District of New York, a foreign plaintiff has been able to obtain security for a potential judgment against a foreign defendant in connection with a claim that is presently being arbitrated in London, but which has not yet been established or reduced to an award or judgment.

Even though the U.S. has a relatively broad maritime attachment rule and process of attachment is quite easily obtained, there are limits to the broad use of the Process of Maritime Attachment procedures set forth in Rule B. In the most recent case from the Court of Appeals for the Second Circuit to consider Process of Maritime Attachment, the Second Circuit clarified the showing necessary to vacate a maritime attachment under Rule E. <u>Aqua Stoli</u>, 460 F. 2d at 439. In this regard, the Court of Appeals for the Second Circuit wrote:

> "We therefore hold that, in addition to having to meet the filing and service requirements of Rules B and E, an attachment should issue if the plaintiff shows that 1) it has a valid prima facie admiralty claim against the defendant; 2) the defendant cannot be found within the district; 3) the defendant's property may be found within the district; and 4) there is no statutory or maritime law bar to the attachment. Conversely, a district court must vacate an attachment if the plaintiff fails to sustain his burden of showing that he has satisfied the requirements of Rules B and E."

<u>Aqua Stoli</u>, 460 F.3d at 445.

That the burden is on the Plaintiff is consistent with the point that it is the Plaintiff which attempting to take advantage of an exception to the general rule against pre-judgment security.

For the case at hand, the Defendant Agrocorp concedes that the Plaintiff, Prestigious Shipping, has alleged a prima facie admiralty claim for breach of charter party and, also, that the Defendant Agrocorp cannot be found within the Southern District of New York for the purposes of Rule B. Additionally, but only for the purposes of the instant motion and with full reservation of its right to challenge that the defendant's property has been found within the district, the Defendant Agrocorp does not herein challenge the claim that its property has been attached[2]. Finally, the Defendant Agrocorp concedes that there is no statutory or maritime law bar to the attachment.

This is not, however, the end of the inquiry because the <u>Aqua Stoli</u> Court went on to recognize that there are limited situations in which an attachment may be vacated even though the textual requirements of Rule B have been met. The Defendant Agrocorp respectfully submits that the circumstances of this case present one such situation where vacatur is absolutely warranted and is consistent with <u>Aqua Stoli</u>.

In <u>Aqua Stoli</u>, and similar to this case, a ship owner attached EFT payments being remitted to an Australian trader to secure claims against the trader for breach of charter party. 384 F.Supp.2d 726, 727 (S.D.N.Y. 2005). The district court vacated the attachment, finding that the defendant trader/charterer was a substantial ongoing business and, therefore, the burden of attachment on the charterer outweighed the benefit to the vessel Owner. 384 F.Supp.2d at 730. The Court of Appeals subsequently vacated the judgment of the district

---

[2] To be clear, the Defendant Agrocorp maintains that the funds already restrained by garnishee American Express are the property of non-party Indian Bank. Non-party Indian Bank is moving independently as a claimant to obtain the release of those funds on the ground that the funds belong to Indian Bank. Indian Bank is not a defendant in this case and, therefore, the funds have not been properly attached.

court, holding that the district court erroneously disposed of the case when it relied on a needs test and hardship balancing at the Rule E hearing. 460 F.3d at 447.

The question considered by the Court of Appeals in Aqua Stoli was to what extent the district court may require a showing by the plaintiff beyond the simple fact that the textual requirements of Rule B have been met. 460 F.3d at 438. In vacating the judgment of the district court, the Court of Appeals held that it was sufficient to sustain the attachment because plaintiff Aqua Stoli satisfied the textual requirements of Rule B and none of the limited grounds that would justify vacatur were applicable. 460 F.3d at 447. With its ruling, the Court of Appeals took care to emphasize that it did not follow that district courts are without any equitable discretion to vacate maritime attachments that otherwise comply with the textual requirements of Rule B. 460 F.2d at 444. In order to clarify its stance on the issue, the Court of Appeals stated:

> "Although the precise boundaries of a district court's vacatur power are not before us, we are persuaded that vacatur may be warranted when the defendant can show that it would be subject to in personam jurisdiction in another jurisdiction convenient to the plaintiff. See *Integrated, 476 F. Supp. at 124*; cf. *Det Bergenske Dampskibsselskab v. Sabre Shipping Corp., 341 F.2d 50, 52-53 (2d Cir. 1965)* (discussing, but not resting on, the district court's vacatur of an attachment issued in the Eastern District because the defendant was present in the Southern District). The concept of "convenience," however, is a narrowly circumscribed one: A district court may vacate a maritime attachment only if the defendant would be subject to an in personam lawsuit in a jurisdiction adjacent to the one in which the attachment proceedings were brought. An "across the river" case where, for example, assets are attached in the Eastern District but the defendant is located in the Southern District is a paradigmatic example of a case where an attachment should be vacated. It is less clear to us that a district court could vacate an attachment on convenience grounds where the adjacent district is more remote and therefore less obviously "convenient" to the plaintiff. A maritime attachment would likewise be properly vacated if the plaintiff and defendant are both present in the same district and would be subject to jurisdiction there, but the plaintiff goes to another district to attach the defendant's assets. Vacatur is also proper if the defendant's assets sufficient to satisfy a judgment have already been secured elsewhere, yet plaintiff seeks a further attachment."

8

Aqua Stoli, 460 F.3d at 444 – 445.

The rationale beyond the Court of Appeals' reiteration that there are equitable grounds for vacating a maritime attachment rests with the Court's observance that the traditional policy underlying maritime attachment has been to permit the attachments of assets wherever they can be found so that a maritime plaintiff does not have to scour the globe to find a proper forum for suit or property of the defendant sufficient to satisfy a judgment. Aqua Stoli, 460 F.3d at 443. Conversely, Rule B itself will not permit an attachment if the defendant can be "found within the district" because a defendant's presence in the district vitiates a plaintiff's need for security, regardless of the actual financial state of the defendant. Aqua Stoli, 460 F.3d at 443, see also, Integrated Container Service, Inc. v. Starlines, 476 F.Supp. 119, 124 (S.D.N.Y. 1979)(Judge Leval noted the fundamental unfairness involved with permitting the use of the exceptional remedy of maritime attachment when normal civil proceedings were readily available.). Similarly, the traditional policy embedded in Supplemental Rule B has no force in a situation where the defendant is subject to *in personam jurisdiction* in another jurisdiction convenient to the plaintiff or in a situation where the plaintiff and defendant are both present in the same district and the defendant would be subject to jurisdiction there, but the plaintiff goes to another district to attach the defendant's assets. *See*, Aqua Stoli, 460 F.3d at 444 – 445; *see also*, OGI Oceangate Transportation Co., Ltd. v. R.P. Logistics Pvt. Ltd., 2007 U.S. Dist. LEXIS 46841 (S.D.N.Y. June 21, 2007)(In the only post Aqua Stoli decision to address the issue, Judge Sweet vacated an attachment, in part, because the plaintiff and defendant were both present in Kolkata, India.). Simply put, the defendant's presence in a convenient jurisdiction or the same jurisdiction as the plaintiff, i.e. *normal civil proceedings are readily available*, vitiates the plaintiff's entitlement to the extraordinary and unique

exception to the general rule that a plaintiff may not have security for a claim until the claim is established and reduced to judgment.

In the case at hand, the Defendant Agrocorp is not presenting the same broad argument for vacatur based on a needs test that was presented by Defendant Gardiner Smith in Aqua Stoli. Without a doubt, the underlying facts of the two cases are decisively different. In Aqua Stoli, the plaintiff was a Liberian company that came to the United States to obtain security from an Australian defendant. See, 384 F.Supp.2d 776. By contrast, the Plaintiff in this case is based in Singapore, and Plaintiff came to the United States for the singular purpose of obtaining security from the Defendant, who also happens to be located in Singapore. See, Duffy Affidavit at ¶s 6, 8, 10 & 16. These facts demonstrate that this case is dramatically different from Aqua Stoli in that this is one of those situations where two of the equitable grounds for vacatur mentioned by the Court of Appeals are present. Consistent with Aqua Stoli, the Defendant is subject to in personam jurisdiction in another jurisdiction convenient to the plaintiff (Singapore) and, additionally, the plaintiff and defendant are both present in the same district (Singapore) and the defendant would be subject to jurisdiction there, but the plaintiff has gone to another district (S.D.N.Y.) to attach the defendant's assets. This is not a situation where the plaintiff has to scour the globe to find a proper forum for suit or property of the defendant sufficient to satisfy a judgment. Consequently, the traditional policy underlying maritime attachment does not support any right of the foreign plaintiff to avail itself of the extraordinary exception of pre-judgment attachment pursuant to the U.S. Supplemental Rules for Certain Admiralty and Maritime Claims.

In addition to the specific equitable grounds delineated by the Court of Appeals in Aqua Stoli, there are other equitable factors that weigh in favor of vacating the Process of Attachment against the assets of Defendant Agrocorp. First, it cannot be overemphasized that

10

both the Plaintiff and the Defendant are foreign parties without any tangible connection to the United States and, likewise, the underlying dispute, i.e. carriage of cargo from South America to Bangladesh on board a ship registered in Malta, does not have any tangible connection with the United States. *See*, Duffy Affidavit at ¶s 6, 9, 11 & 14. In this regard, it has been held that the retention of jurisdiction of a suit in admiralty between foreign citizens is within the discretion of a district court. *See e.g.*, Charter Shipping Co. v. Bowring, Jones & Tidy, Ltd., 281 U.S. 515, 517, 50 S.Ct. 400, 74 L.Ed. 1008 (1930)(" Both the parties being British subjects and the present litigation, as well as the suit pending abroad, apparently involving the application of English law to the fund located there, it was for the District Court to say, as it did, upon a consideration of all the circumstances, whether it should decline "to take cognizance of the case if justice would be done as well by remitting the parties to the home forum."); The BELGENLAND, 114 U.S. 355, 368, 5 S.Ct. 860, 29 L.Ed. 152 (1885); and, The MAGGIE HAMMOND v. Morland, 9 Wall. 435, 437, 19 L.Ed. 772 (1869). Secondly, this is not a case where the attachment was initiated to obtain jurisdiction over the defendant before a court of competent jurisdiction so as to have a forum for the Plaintiff to prosecute its maritime claim. Quite to the contrary, the parties contractually agreed to arbitrate any disputes arising under the charter party in London with English law to apply. There is, in fact, "suit" pending abroad involving the application of English law because the Plaintiff and Defendant are proceeding with the arbitration in London, England. *See*, Duffy Affidavit at ¶s 17 to 19. When combined with these additional equitable considerations, the specific Aqua Stoli factors militate even more strongly against the exercise of jurisdiction and in favor of vacating the attachment.

## **CONCLUSION**

For all the reasons set forth herein, and consistent with the direction of the Court of Appeals for the Second Circuit, there is no viable or compelling reason why the Plaintiff, Prestigious Shipping, should be entitled to make use of the extraordinary remedy of pre-judgment attachment pursuant to Rule B in a situation where the parties have agreed to arbitrate in London and the Plaintiff can easily obtain jurisdiction over the Defendant in Singapore to enforce any potential arbitration award. Accordingly, the Court should vacate the Process of Maritime Attachment and Garnishment, dismiss the Complaint and enter an Order directing any all garnishees named in the Process of Attachment to release any funds that have been restrained and to, otherwise, cease and desist from restraining any further EFTs in accordance with the Process of Maritime Attachment and Garnishment.

Dated: Port Washington, New York
       August 30, 2007

                                   Respectfully submitted,
                                   CHALOS O'CONNOR & DUFFY
                                   Attorneys for Defendant,
                                   AGROCORP INTERNATIONAL PTE. LTD.

By:                                _____
                                   Owen F. Duffy (OD-3144)
                                   George E. Murray (GM-4172)
                                   366 Main Street
                                   Port Washington, New York
                                   11050
                                   Tel:    516-767-3600
                                   Telefax: 516-767-3605
                                   Email: ofd@codus-law.com

To:   <u>Via ECF</u>
Waesche, Sheinbaum & O'Regan, P.C.
Attorneys for the Plaintiff,
PRESTIGIOUS SHIPPING CO. LTD.
111 Broadway, 4th Floor
New York, NY 10006

Attn:   John R. Foster, Esq