CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Defendant,
Agrocorp International Pte. Ltd.
366 Main Street
Port Washington, New York 110050
Telephone:    516-767-3600
Telefax:        516-767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
PRESTIGIOUS SHIPPING CO. LTD.,

                           Plaintiff,                         07 CV 7101 (CM)

- against -

AGROCORP INTERNATIONAL PTE. LTD.,

                          Defendant.
-----------------------------------------------------------x

### ATTORNEY'S AFFIDAVIT IN SUPPORT
### OF MOTION TO VACATE PROCESS OF MARITIME ATTACHMENT

State of New York      :
                       :ss.
County of Nassau       :

Owen F. Duffy, being duly sworn, states under penalty of perjury as follows:

1. I am a member of the Bar of the State of New York, and I am admitted to practice before this Court.

2. I am a member of the firm of Chalos, O'Connor & Duffy, LLP, attorneys for the Defendant, AGROCORP INTERNATIONAL PTE. LTD., (hereinafter "Agrocorp"), in this action.

3. I am fully familiar with the matters set forth in this affidavit, and my knowledge of the matters set forth in this affidavit is based on information provided to me by Defendant Agrocorp, its agents and attorneys and my own independent research.

4. I submit this affidavit for the purpose of setting forth the facts and introducing evidence of the facts to support Agrocorp's Motion to Vacate the Process of Maritime Attachment and Garnishment that was issued by this Honorable Court on or about August 9, 2007.

### THE PARTIES

*The Plaintiff Prestigious Shipping Co. Ltd.*

5. The Plaintiff, PRESTIGIOUS SHIPPING CO. LTD. (hereinafter "Prestigious"), is a foreign company organized and operating under foreign law. *See,* Exhibit 1, Verified Complaint at ¶ 2.

6. The Plaintiff Prestigious is an entity incorporated under the laws of the Malta, but its only place of business is in Singapore at the offices of Universal Navigation Pte. Ltd. 3, Shenton Way, 11-04, Shenton House, Singapore 068805. *See*, Exhibit 1, Verified Complaint, at ¶ 2.

7. The Plaintiff Prestigious alleges that "at all relevant times" it was the owner of the self-trimming bulk carrier, M/V PRESTIGIOUS. *See*, Exhibit 1, Verified Complaint, at ¶ 2.

8. The Plaintiff Prestigious is a one-ship company with only a "brass plate[1]" presence in Malta, but which conducts all of its business from offices in Singapore.

*The Defendant Agrocorp International Pte. Ltd.*

9. The Defendant Agrocorp is an entity duly incorporated in Singapore having a registered office at 133 New Bridge Road, #22-01/02, Chinatown Point, Singapore 059413. *See*, Exhibit 1, Verified Complaint, at ¶ 3, *and see* Exhibit 11, Answer with Affirmative Defenses at ¶ 3 admitting same, *and see*, Exhibit 2, Agrocorp website printout of "Contact Us" page, *and see*, Exhibit 6, Points of Defense in the London Arbitration at ¶ 5.

10. The Defendant Agrocorp is an international trading house formed in 1990 specializing in the physical trading of agricultural commodities including rice, wheat, pulses & beans, sugar, animal & bird feed, oil seeds and other products. *See*, Exhibit 3,

---

[1] A Brass Plate company is one which has no physical presence at its registered office other than its name on a door. Legal and accounting firms in tax havens, such as Malta, provide registered office facilities to brass plate companies.

Agrocorp website printout, *and see*, Exhibit 1, Verified Complaint, at ¶ 3, *and see*, Exhibit 6, Points of Defense in the London Arbitration at ¶ 6.

## THE BACKGROUND TO THE INSTANT LITIGATION

### *The Underlying Dispute between Prestigious and Agrocorp*

11.  On or about February 21, 2005, the Plaintiff Prestigious and the Defendant Agrocorp entered into a Charter Party whereby Plaintiff's vessel, the M/V PRESTIGIOUS, was chartered by Defendant Agrocorp to carry the Defendant Agrocorp's cargo of bagged sugar from Santos, Brazil to Chittagong, Bangladesh. *See*, Exhibit 4, Charter Party.

12.  The Charter Party states that "This Charter Party shall be construed in accordance with English Law. Arbitration in London." *See*, Exhibit 4, Charter Party at Clause 53.

13.  Plaintiff Prestigious admits in its Verified Complaint that all claims between the parties arising out of the Charter Party are subject to London arbitration with English law to apply. *See*, Exhibit 1, Verified Complaint at ¶ 10.

14.  During the course of the voyage of the M/V PRESTIGIOUS and after the vessel's arrival at Bangladesh, a substantial portion of the cargo was damaged and, as a consequence, there were substantial delays in the discharge of the cargo of bagged sugar in Bangladesh. *See*, Exhibit 5, Points of Claim in the London Arbitration, at ¶¶ 10-11 *and* Exhibit 6, Points of Defense in the London Arbitration at ¶¶ 8-10.

15. Plaintiff Prestigious alleges that Defendant Agrocorp was responsible for the lost time and cargo; whereas, Defendant Agrocorp denies liability on the basis, *inter alia*, that the vessel the M/V PRESTIGIOUS was not fit to load the cargo and all of the damages and delays were attributable to the acts or omissions of Plaintiff, Prestigious. *See Id.*

16. While the M/V PRESTIGIOUS was at the Port of Chittagong, all communications with the Owners of the M/V PRESTIGIOUS were initiated from or directed to the offices of the Owners at Universal Navigation Pte. Ltd. in Singapore. *See e.g.*, Exhibit 7, email exchanges of June 3, 2006 between Agrocorp and Universal Navigation. Numerous additional, and similar, email correspondences to evidence the fact that Prestigious Shipping was located in and operating from Singapore are available.

### *The London Arbitration between Prestigious and Agrocorp*

17. Pursuant to the Charter Party's arbitration clause, arbitration was instituted in London by Plaintiff Prestigious and this point is evidenced by the Plaintiff's filing and service of Points of Claim on March 23, 2007. *See*, Exhibit 5, Points of Claim in the London Arbitration.

18. The Defendant Agrocorp responded to the demand for arbitration, and it is participating in the London Arbitration and this is evidenced by the fact that Defendant Agrocorp filed Points of Defence on May 14, 2007. *See*, Exhibit 6, Points of Defence in the London Arbitration.

19. The London Arbitration between Prestigious and Agrocorp is still presently pending, there are hearings to be held and no decision has been made by the arbitration panel. *See*, Exhibit 1, Verified Complaint at ¶ 10.

## THE INSTANT LITIGATION

*Prestigious commenced suit against Agrocorp*

20. On August 9, 2007, with the London Arbitration having been commenced and still pending, the Plaintiff Prestigious filed a Verified Complaint against Defendant Agrocorp in the Southern District of New York. *See*, Exhibit 1, Verified Complaint.

21. Plaintiff Prestigious' Verified Complaint recounts essentially the same allegations as are set forth in its Points of Claim in the London Arbitration. *Compare*, Exhibit 1, Verified Complaint, *and* Exhibit 6, Points of Claim in the London Arbitration.

22. Plaintiff Prestigious seeks $2,160,761.06 in its action in the Southern District of New York including alleged unpaid demurrage, damages, interest, costs, arbitrator fees and attorneys' fees. *See*, Exhibit 1, Verified Complaint at ¶ 13.

23. Plaintiff Prestigious requested in its Verified Complaint that "process in due form of law according to the practice of this Court may issue against Defendant Agrocorp ..." *See*, Exhibit 1, Verified Complaint at page 4, "WHEREFORE" clause "(a)."

*Prestigious Obtained an Ex Parte Process of Maritime Attachment*

24. The docket report for Plaintiff Prestigious' action in the Southern District of New York does not indicate that any such Process was ordered or issued. *See*, Exhibit 8, Docket Sheet.

*Prestigious restrained funds pursuant to the Process of Maritime Attachment*

25. However, on or about August 21, 2007, an Electronic Funds Transfer in the amount of US$604,036.93 was restrained by American Express Bank Ltd. in connection with the Verified Complaint filed in the Southern District of New York. *See*, Exhibit 9, Message from Indian Bank to American Express Bank, Ltd, dated August 22, 2007.

26. As set forth in Exhibit 9, the Indian Bank, Singapore Branch, maintains that the funds restrained by garnishee, American Express Bank Ltd., are improperly restrained because the funds belong to Indian Bank and were, in fact, being remitted by Indian Bank and not the Defendant, Agrocorp. *See*, Exhibit 9.

27. Upon information and belief, Plaintiff Prestigious is continuing to direct various banks in the Southern District of New York to restrain funds that are purportedly being made by or to the Defendant, Agrocorp.

28. As such, Defendant Agrocorp has entered a restricted appearance in this action. *See*, Exhibit 10, Notice of Restricted Appearance pursuant to Fed. R. Civ. P. E(8) of the Supplemental Rules for Certain Admiralty and Maritime Claims, dated August 30, 2007.

29.     Furthermore, Defendant Agrocorp has filed a verified Answer with Affirmative Defenses. *See*, Exhibit 11, Answer with Affirmative Defenses, dated August 30, 2007.

30.     As set forth in its Verified Answer with Affirmative Defenses, Defendant Agrocorp denies any liability to Plaintiff Prestigious and, instead, maintains that the attachment should be vacated and the Complaint dismissed. *See*, Exhibit 11, Verified Answer with Affirmative Defenses, dated August 30, 2007.

31.     In addition to the above, the solicitors representing the Defendant Agrocorp in the London Arbitration report that, based on recent developments involving the receivers of the cargo carried on board the M/V PRESTIGIOUS, they are considering and/or anticipating to file and serve supplemental pleadings in the London Arbitration on behalf of Defendant Agrocorp so as to assert a substantial counterclaim against the Plaintiff Prestigious.

32.     Under the circumstances, and consistent with F.R.C.P. Rule 15, the Defendant Agrocorp specifically reserves its right to amend its pleadings, either as a matter of right, by leave of court or on consent of the plaintiff, to amend its pleading in this action so as to assert a counterclaim against the Plaintiff Prestigious and, if necessary, to seek countersecurity from the Plaintiff Prestigious in accordance with Supplemental Rule E of the F.R.C.P.

Dated:  Port Washington, New York
        August 30, 2007

_____
Owen F. Duffy

Subscribed and sworn to before me this
August 30, 2007

_____
Notary Public, State of New York