# EXHIBIT 11

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Defendant,
Agrocorp International Pte. Ltd.
366 Main Street
Port Washington, New York 110050
Telephone:   516-767-3600
Telefax:       516-767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PRESTIGIOUS SHIPPING CO. LTD.,                :
                                              :
                                              :
                 Plaintiff,                   :      07 CV 7101 (CM)
                                              :
     - against -                              :      **ANSWER WITH**
                                              :      **AFFIRMATIVE**
                                              :      **DEFENSES**
AGROCORP INTERNATIONAL PTE. LTD.,             :
                                              :
                                              :
                 Defendant.                   :
------------------------------------------------------------x

Defendant, AGROCORP INTERNATIONAL PTE. LTD., (hereinafter "AGROCORP"), by and through its attorneys, CHALOS, O'CONNOR & DUFFY, LLP, and having entered a restrictive appearance pursuant to Rule E (8) of the Supplemental Rules for Certain Admiralty and Maritime Claims, hereby Answers the Verified Complaint of Plaintiff upon information and belief as follows:

1. Admits the allegations contained in Paragraph "1" of Plaintiff's Verified Complaint.

2. Admits that Plaintiff PRESTIGIOUS SHIPPING CO. LTD. (hereinafter "PRESTIGIOUS") is located with a business address and presence in Singapore. Except as so specifically admitted, defendant AGROCORP

denies knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph "2" of Plaintiff's Verified Complaint.

3. Admits the allegations contained in Paragraph "3" of Plaintiff's Verified Complaint.

4. Admits the allegations contained in Paragraph "4" of Plaintiff's Verified Complaint.

5. Admits that PRESTIGIOUS agreed to let the vessel M/V PRESTIGIOUS to AGRCORP for the carriage of a cargo of sugar from Brazil to Bangladesh in consideration of an agreed amount of freight. Except as so specifically admitted, the Defendant AGROCORP denies the remaining allegations set forth in Paragraph "5" of Plaintiff's Verified Complaint.

6. Admits that the vessel, M/V PRESTIGE, was duly delivered, loaded with cargo and the voyage performed. Except as so specifically admitted, the Defendant AGROCORP denies the remaining allegations set forth in Paragraph "6" of Plaintiff's Verified Complaint.

7. Denies the allegations contained in Paragraph "7" of Plaintiff's Verified Complaint.

8. Denies the allegations contained in Paragraph "8" of Plaintiff's Verified Complaint.

9. Denies the allegations contained in Paragraph "9" of Plaintiff's Verified Complaint.

10. Admits the allegations contained in Paragraph "10" of Plaintiff's Verified Complaint.

11. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "11" of Plaintiff's Verified Complaint.

12. Admits that Defendant AGROCORP cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. Except as so specifically admitted, the Defendant AGROCORP denies the remaining allegations set forth in Paragraph "12" of the Verified Complaint are denied.

13. Denies the allegations contained in Paragraph "13" of Plaintiff's Verified Complaint.

## AS AND FOR AFFIRMATIVE DEFENSES TO THE CLAIMS SET FORTH IN THE VERIFIED COMPLAINT, DEFENDANT AGROCORP ALLEGES UPON INFORMATION AND BELIEF

### *First Separate and Complete Affirmative Defense*

14. The Verified Complaint fails to state a claim against the Defendant AGROCORP upon which relief may be granted.

### *Second Separate and Complete Affirmative Defense*

15. This Honorable Court lacks personal jurisdiction over Defendant AGROCORP.

### *Third Separate and Complete Affirmative Defense*

16. The Plaintiff, PRESITIGIOUS, has not secured the attachment of any property belonging to the Defendant AGROCORP within this district and, therefore, the Honorable Court lacks *quasi in rem* jurisdiction over the property of the Defendant AGROCORP.

### *Fourth Separate and Complete Affirmative Defense*

17. In the alternative, the Plaintiff, PRESTIGIOUS, has improperly secured the attachment of property belonging to the Defendant, AGROCORP, within this district and, therefore, the Honorable Court lacks *quasi in rem* jurisdiction over the property of the Defendant AGROCORP.

### *Fifth Separate and Complete Affirmative Defense*

18. The terms of the Charter Party and/or other governing contracts between the Plaintiff, PRESTIGIOUS, and the Defendant, AGROCOPR, require that any disputes between the parties are to be arbitrated in London pursuant to English law.

### *Sixth Separate and Complete Affirmative Defense*

19. The forum is inconvenient and Plaintiff's Verified Complaint should be dismissed pursuant to the doctrine of *forum non conveniens*.

### *Seventh Separate and Complete Affirmative Defense*

20. Both the Plaintiff and the Defendant are foreign parties without any tangible connection to the United States and, likewise, the underlying dispute, i.e. carriage of cargo from South America to Bangladesh on board a ship registered in Malta, does not have any tangible connection with the United States and, therefore, this Honorable Court should exercise its discretion and decline jurisdiction.

### *Eighth Separate and Complete Affirmative Defense*

21. The Defendant, AGROCORP, is not liable to Plaintiff, PRESTIGIOUS, on the causes of action alleged in the Plaintiff's Verified Complaint and, therefore, the Plaintiff has failed to set forth a valid *prima facie* admiralty claim.

### *Ninth Separate and Complete Affirmative Defense*

22. Any damages claimed by Plaintiff and any delay with regard to the discharge of cargo from the M/V PRESTIGIOUS at Chittagong, Bangladesh, which Defendant AGROCORP denies, were caused in part or in whole by the faults, actions or omissions of the Plaintiff, or the Plaintiff's own breaches of the Charter Party dated February 21, 2005, or by reason of causes from which the Defendant AGROCORP is not responsible under the terms and conditions of the Charter Party dated February 21, 2005 and, therefore,

Defendant AGROCORP is not responsible to the Plaintiff for any of the damages claimed in the Verified Complaint.

### *Tenth Separate and Complete Affirmative Defense*

23. Any damages sustained by the Plaintiff, as alleged in the Plaintiff's Verified Complaint were proximately, directly, and solely caused by the acts of third persons over whom Defendant AGROCORP did not have direction or control or was, otherwise, not responsible for pursuant to the terms and conditions of the Charter Party dated February 21, 2005.

### *Eleventh Separate and Complete Affirmative Defense*

24. All of the Plaintiff PRESTIGIOUS' claims set forth in the Verified Complaint are barred pursuant to the terms and conditions of various settlement agreements that the Plaintiff PRESTIGIOUS entered into with various parties at the Port of Chittagong, Bangladesh pursuant to which the Plaintiff PRESTIGIOUS accepted responsibility for cargo damaged by sea water during the voyage from South America to Bangladesh, the Plaintiff PRESTIGIOUS accepted responsibility for the destruction of the damaged cargo and the Plaintiff PRESTIGIOUS paid monies in settlement to the receivers of the damaged cargo.

### *Twelfth Separate and Complete Affirmative Defense*

25. Plaintiff herein has failed to mitigate its damages.

### *Twelfth Separate and Complete Affirmative Defense*

26.  This Answer is made without waiver of any jurisdictional defenses or rights to arbitrate that may exist between the parties.

## RESERVATION OF RIGHTS TO ASSERT A COUNTERCLAIM

27.  The solicitors representing the Defendant Agrocorp in the London Arbitration report that, based on recent developments involving the receivers of the cargo carried on board the M/V PRESTIGIOUS, they are considering and/or anticipating to file and serve supplemental pleadings in the London Arbitration on behalf of Defendant Agrocorp so as to assert a substantial counterclaim against the Plaintiff Prestigious.

28.  Under the circumstances, and consistent with F.R.C.P. Rule 15, the Defendant Agrocorp specifically reserves its right to amend its pleadings, either as a matter of right, by leave of court or on consent of the plaintiff, to amend its pleading in this action so as to assert a counterclaim against the Plaintiff Prestigious and, if necessary, to seek countersecurity from the Plaintiff Prestigious in accordance with Supplemental Rule E of the F.R.C.P.

**WHEREFORE,** Defendant AGROCORP INTERNATIONAL PTE. LTD. demands judgment:

a) Dismissing the Complaint herein, together with costs and disbursements of this action;

b) An Order vacating the Writ of Attachment and Garnishment issued against the property of the Defendant AGROCORP;

c) An Order directing all garnishees holding property of the Defendant AGROCORP to release said property to the Order of AGROCORP; or, in the alternative,

d) An Order awarding Defendant AGROCORP its legal expenses and attorneys fees incurred in defending the present action; and,

e) Such other, additional and further relief as the Court may deem to be just and proper in the circumstances of this case.

Dated: Port Washington, New York
August 30, 2007

                          CHALOS O'CONNOR & DUFFY
                          Attorneys for Defendant,
                          AGROCORP INTERNATIONAL PTE. LTD.

By: _____
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)
366 Main Street
Port Washington, New York 11050
Tel:     516-767-3600
Telefax: 516-767-3605
Email: ofd@codus-law.com

To:   Via ECF
      Waesche, Scheinbaum & O'Regan, P.C.
      Attorneys for the Plaintiff,
      PRESTIGIOUS SHIPPING CO. LTD.
      111 Broadway, 4th Floor
      New York, NY 10006

      Attn:   John R. Foster, Esq

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Defendant,
Agrocorp International Pte. Ltd.
366 Main Street
Port Washington, New York 110050
Telephone: 516-767-3600
Telefax: 516-767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
PRESTIGIOUS SHIPPING CO. LTD.,

      Plaintiff,        07 CV 7101 (CM)

 - against -

               **VERIFICATION**

AGROCORP INTERNATIONAL PTE. LTD.,

      Defendant.
-----------------------------------------------------------x

STATE OF NEW YORK  :
          : ss.
COUNTY OF NASSAU  :

  BEFORE ME, the undersigned authority, personally came and appeared George E. Murray who, after being duly sworn, did depose and state:

  That he is a partner in the law firm of Chalos, O'Connor & Duffy LLP, counsel for the Defendant, AGROCORP INTERNATIONAL PTE. LTD. (hereinafter "AGROCORP"), herein;

  That he has read the foregoing Answer with Affirmative Defenses and knows the contents thereof; and

That he believes the matters to be true based on documents and information obtained from employees and representatives of the Defendant AGROCORP through its agents, underwriters and attorneys.

The reason that this verification was made by deponent and not by the Defendant AGROCORP is because Defendant AGROCORP is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

Dated: Port Washington, New York
August 30, 2007

By: _____

CHALOS, O'CONNOR & DUFFY
Attorneys for Defendant,
AGROCORP INTERNATIONAL PTE. LTD.

Owen F. Duffy (OD-3144)
366 Main Street
Port Washington, New York 11050
Telephone: 516-767-3600
Telefax:    516-767-3605

Subscribed and sworn to before me this
August 30, 2007

_____
Notary Public, State of New York
GEORGE E. MURRAY
Notary Public, State of New York
No. 02MU6108120
Qualified in New York County
Commission Expires April 12, 2008