CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Claimant,
INDIAN BANK
366 Main Street
Port Washington, New York 110050
Telephone:   516-767-3600
Telefax:     516-767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
PRESTIGIOUS SHIPPING CO. LTD.,                              :
                                                            :
                                                            :
                    Plaintiff,                              :    07 CV 7101 (CM)
                                                            :
       - against -                                          :
                                                            :
                                                            :
AGROCORP INTERNATIONAL PTE. LTD.,                           :
                                                            :
                                                            :
                    Defendant.                              :
-----------------------------------------------------------x

## MEMORANDUM OF LAW
## IN SUPPORT OF CLAIMANT INDIAN BANK'S
## MOTION TO VACATE PROCESS OF MARITIME ATTACHMENT

# TABLE OF CONTENTS

TABLE OF CONTENTS .................................................................................ii

TABLE OF AUTHORITIES ............................................................................iii

PRELIMINARY STATEMENT .......................................................................1

THE FACTS .....................................................................................................2

LEGAL ARGUMENT ......................................................................................2

    I.     A HEARING ON THIS APPLICATION SHOULD BE SET WITHIN THREE (3) COURT DAYS OF ITS FILING ..............................................2

    II.    THE PLAINTIFF HAS THE BURDEN TO SHOW WHY THE ATTACHMENT SHOULD NOT BE VACATED .........................................4

    III.   THE ATTACHMENT OF FUNDS RESTRAINED BY GARNISHEE, AMERICAN EXPRESS BANK, LTD. MUST BE VACATED BECAUSE THE FUNDS BELONG TO CLAIMANT INDIAN BANK .........................................................................................................6

CONCLUSION ................................................................................................12

# TABLE OF AUTHORITIES

**CASES**  **PAGE**

Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.,
    384 F. Supp. 2d 726 (S.D.N.Y. 2005) *overruled on other grounds by*
    460 F.3d 434 (2d Cir. 2006)...............................................................5

Aqua Stoli Shipping Ltd. v. Gardiner Smith Pty Ltd.,
    460 F.3d 434 (2d Cir. 2006)...............................................................4, 5

Blueye Navigation v. Oltenia Navigation,
    1995 U.S. Dist. LEXIS 1844 (S.D.N.Y. Feb. 15, 1995)...............................6

ContiChem LPG v. Parsons Shipping Co.,
    229 F. 3d 426 (2d Cir. 2000)...............................................................3

Daikan Love, S.A. v. Al-Haddad Bros. Enterprises, Inc.,
    584 F. Supp. 782 (S.D.N.Y. 1984)........................................................7

Dolco Invs., Ltd. v. Moonriver Dev., Ltd.
    486 F. Supp. 2d 261 (S.D.N.Y. 2007)....................................................6

In re A.E. Fountain,
    282 F.816 (2nd Cir. 1922)...................................................................10

International Marine Consultants, Inc. v. Karavias,
    No. 82 Civ. 8296, 1985 WL 1515 (CMM) (S.D.N.Y. June 3, 1985)................5

Limonium Maritime, S.A. v. Mizushima Marinera, S.A.,
    961 F. Supp. 600 (S.D.N.Y. 1997).........................................................5

Maersk, Inc. v. Neewra, Inc.,
    443 F. Supp. 2d 519 (S.D.N.Y. 2006)....................................................5

Prime Shipping Co. Ltd. v. Wajilam Exports Pte. Ltd.,
    2006 U.S. Dist. LEXIS 34637 (S.D.N.Y. June 2, 2006)..............6, 7, 8, 9, 11, 12

Ullises Shipping Corp. v. FAL Shipping Co., Ltd.,
    415 F. Supp. 2d 318 (S.D.N.Y. 2006)
    *overruled on other grounds,* Aqua Stoli Shipping Ltd. v. Gardiner
    Smith Pty Ltd., 460 F.3d 434, 445 (2d Cir. 2006) ......................................4

Union Planters National Bank v. World Energy Systems Associates,
    816 F.2d 1092 (6th Cir. 1987)..........................................................10, 11

Wajilam Exps. (Singapore) Pte, Ltd. v. ATL Shipping Ltd.,
    475 F. Supp. 2d 275 (S.D.N.Y. 2006)..................................................3

Winter Storm Shipping, Ltd. v. TPI,
    310 F.3d 263 (2nd Cir. 2005).............................................................6


## STATUTES and RULES

*Fed. R. Civ. P.*, Supplemental Rules for Certain Admiralty and Maritime Claims,
    Rule B...........................................................................2, 4, 5, 8

*Fed. R. Civ. P.*, Supplemental Rules for Certain Admiralty and Maritime Claims,
    Rule E.....................................................................................3, 4

*Fed. R. Civ. P.*, Supplemental Rules for Certain Admiralty and Maritime Claims,
    Rule E(4)(f)......................................................................1, 2, 3, 4, 5

Southern District of New York Local Rules,
    Local Rule E.1...............................................................................3

## OTHER AUTHORITIES

29 James W.N. Moore, MOORE'S FEDERAL PRACTICE, § 7.05.04 [5] (3rd Ed. 2005)........4

## **PRELIMINARY STATEMENT**

This Memorandum of Law is submitted on behalf of the Claimant Indian Bank, in support of its application, pursuant to F.R.C.P. Supplemental Rule E (4) (f), to release the funds attached at American Express Bank pursuant the Process of Maritime Attachment and Garnishment issued by this Court on or about August 9, 2007.

The Plaintiff, PRESTIGIOUS SHIPPING CO. LTD. (hereinafter "Prestigious"), procured the Process of Maritime Attachment and Garnishment *ex parte* with the filing of a Verified Complaint on August 9, 2007. Prestigious asserted a claim against the Defendant AGROCORP INTERNATIONAL PTE. LTD. (hereinafter "Agrocorp") for breach of a charter party dated February 21, 2005 to obtain security for that claim, the merits of which are already being arbitrated in London, England. With the issuance of the Process of Maritime Attachment and Garnishment, the Court authorized Prestigious to attach the property of Agrocorp which could be found in possession of garnishees located the Southern District of New York up to the amount of $2,160,761.06. The Process of Attachment and Garnishment was served on several banks in New York, and one garnishee, American Express Bank, has already restrained an electronic funds transfer in the amount of $604,036.93 that was being remitted by Claimant Indian Bank to the account of a non-party seller of cargo located in Riga, Latvia. The Plaintiff is continuing to serve the Process of Maritime Attachment on American Express Bank, and other garnishees, in an attempt to restrain further EFT payments that are purportedly being made by or to the Defendant, Agrocorp.

Under F.R.C.P. Supplemental Rule E (4) (f) "Whenever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules." Indian Bank is a person claiming an interest in the funds attached at American Express

1

Bank in this matter. Indian Bank asserts that it is the sole owner of the funds attached at American Express Bank, and that the funds are not the property of Indian Bank's customer, Defendant Agrocorp. Consequently, this Honorable Court should vacate the attachment of Indian Bank's property, order the release of the funds attached pursuant to the Process of Maritime Attachment and Garnishment issued in this matter and direct the garnishee to return said funds to their rightful owner, Indian Bank.

## THE FACTS

The facts pertaining to the instant Motion to Vacate the Process of Maritime Attachment and Garnishment and Dismiss the Complaint are more fully set forth in the accompanying Attorney's Affidavit of Owen F. Duffy on behalf of Indian Bank, dated August 31, 2007, in support of the Motion. Rather than restate the facts fully herein, this Memorandum of Law will make reference to, and will discuss as appropriate, the facts set forth the accompanying Attorney's Affidavit. Citation to the Affidavit will refer to "Duffy's Affidavit at ¶ -."

## LEGAL ARGUMENT

### POINT I

### A HEARING ON THIS APPLICATION SHOULD BE SET WITHIN THREE (3) COURT DAYS OF ITS FILING

In order to ensure the constitutionality of the attachment mechanism provided for under Rule B, Supplemental Admiralty Rule E (4) (f) and the Local Rules of this Court provide for a prompt adversary hearing following any attachment. The Local Rule specifies:

2

> The adversary hearing following arrest or attachment of garnishment that is called for in supplemental Rule E(4)(f) shall be conducted within three (3) court days, unless otherwise ordered.
> S.D.N.Y. Local Rule E.1.

The purpose of the Rule E hearing is to permit an opportunity for any person claiming an interest in the attached property, to be heard and for prompt post-attachment scrutiny by the Court. Supplemental Rule E 4 (f).

Maritime claimants are able to obtain a Process of Maritime Attachment and Garnishment with only a minimal showing. *See,* ContiChem LPG v. Parsons Shipping Co., 229 F. 3d 426, 434, (2d Cir. 2000). Rule E (4)(f) is designed to satisfy the constitutional requirement of due process by guaranteeing to the shipowner, i.e. the defendant, or any other person claiming an interest in the attached property a prompt post-seizure hearing at which he can *attack the Complaint, the arrest, the security demanded, or any other alleged deficiency in the proceedings.* (emphasis added). *See,* Supplemental Rule E, advisory committee's note (1985) and Wajilam Exports (Singapore) Pte. Ltd. v. ATL Shipping, et al, 475 F.Supp.2d 275, 278 (S.D.N.Y. 2006).

The Court has already scheduled another Rule E hearing for this matter to take place at 2:30 p.m. on Tuesday, September 4, 2007. The hearing involves the Defendant Agrocorp's Motion to Vacate the Attachment. While Claimant Indian Bank is moving to vacate on different grounds than Claimant Indian Bank is, it is respectfully submitted that a hearing on Claimant Indian Bank's motion should be scheduled for the same time in the interest of judicial economy.

For this reason, the Claimant Indian Bank respectfully submits that pursuant to the Rules, which speak in mandatory terms, a hearing should be set down for September 4, 2007 at 2:30 p.m., and Plaintiff's Opposition papers should be filed and served no later than

September 4, 2007 at 10:00 a.m. o'clock, with Defendant's Reply papers to be filed and served no later than September 4, 2007 at 1:00 p.m.

## POINT II

### THE PLAINTIFF HAS THE BURDEN TO SHOW WHY THE ATTACHMENT SHOULD NOT BE VACATED

Supplemental Admiralty Rule E (4)(f) of the Federal Rules of Civil Procedure provides:

> Whenever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which <u>the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief consistent with these rules</u>.

F.R.C.P., Supplemental Rules for Admiralty and Maritime Claims, Rule E (4)(f) (emphasis added). It is clear from the text of Rule E (4)(f) that Plaintiff, Prestigious, is required to defend the *ex parte* attachment and, more to the point, Plaintiff, Prestigious, bears the burden of proof to demonstrate why the attachment should not be vacated. *See e.g.*, Ullises Shipping Corp. v. FAL Shipping Co. Ltd., 415 F.Supp.2d 318, 323 (S.D.N.Y. 2006), *overruled on other grounds*, Aqua Stoli Shipping Ltd. v. Gardiner Smith Pty Ltd., 460 F. 3d 434, 445 (2d Cir. 2006). Given the nature of the attachment mechanism, which results in the freezing of assets without any prior opportunity to be heard, both the Courts and legal commentators have recognized that the burden placed on an attaching Plaintiff at the Rule E hearing is considerable. *See e.g.*, 29 James W.N. Moore, MOORE'S FEDERAL PRACTICE, § 7.05.04 [5] (3rd Ed. 2005).

Indeed, the Court of Appeals for the Second Circuit has held that it is Plaintiff's burden to demonstrate that the requirements of Rule B have been met:

> "A district court must vacate an attachment if the plaintiff fails to sustain its burden of showing that he has satisfied the requirements of Rules B and E. We

4

> also believe vacatur is appropriate in other limited circumstances. While, as we have noted, the exact scope of a district court's vacatur power is not before us, we believe that a district court may vacate the attachment if the defendant shows at the Rule E hearing that 1) the defendant is subject to suit in a convenient adjacent jurisdiction; 2) the plaintiff could obtain in personam jurisdiction over the defendant in the district where the plaintiff is located; or 3) the plaintiff has already obtained sufficient security for the potential judgment, by attachment or otherwise."

Aqua Stoli, 460 F.3d at 445.

At a Rule E(4)(f) hearing, a defendant or a party claiming an interest in the attached property may attack "'the complaint, the arrest, the security demanded, or any other alleged deficiency in the proceedings.'" Aqua Stoli, 384 F. Supp. 2d at 728 (quoting Supp. R. Fed. R. Civ. P. advisory committee's notes). To satisfy the requirements of Rule B, the Plaintiff has the burden to show: (a) it has a *prima facie* admiralty claim; (b) the named defendant cannot be found within district; (c) the attached defendant's property was within the district; and (d) there is no statutory or maritime law bar to the attachment. Aqua Stoli, 460 F.3d at 445. Consequently, the Plaintiff must demonstrate that all technical requirements for an effective attachment have been met, Maersk, Inc. v. Neewra, Inc., 443 F. Supp. 2d 519, 527 (S.D.N.Y. 2006) and, also, that there are no other grounds for vacatur. Aqua Stoli, 460 F.3d at 445.

Consistent with the Aqua Stoli requirement (c), the property to be attached must belong to the defendant and the plaintiff has the burden of proving the plaintiff is the owner of the property. *See*, Limonium Maritime, S.A. v. Mizushima Marinera, S.A., 961 F. Supp. 600, 607 (S.D.N.Y. 1997) *citing* International Marine Consultants, Inc. v. Karavias, No. 82 Civ. 8296, 1985 WL 1515 (CMM), at *3-4 (S.D.N.Y. June 3, 1985). If the plaintiff fails to meet its burden of proving that a defendant owns the property attached, then attachment must be vacated. This is because the "case law, the authorities, and basic logic demonstrate that no *quasi in rem* jurisdiction under Rule B can exist without some *res* to be attached. In fact for a Rule B attachment to be appropriate, it is clear that the property must be located within the

district and that the property must belong to the defendant." Blueye Navigation v. Oltenia Navigation, 1995 U.S. Dist. LEXIS 1844, *13 (S.D.N.Y. Feb. 15, 1995) (citations omitted); see also, Winter Storm Shipping, Ltd. v. TPI, 310 F.3d 263, 276 (2nd Cir. 2005)("Of course, the defendant's entitlement to the credit or interest in the debt must be clear.").

The recent case of Dolco Invs., Ltd. v. Moonriver Dev., Ltd. is instructive. 486 F. Supp. 2d 261 (S.D.N.Y. 2007). In that case the "Plaintiff ... failed on [the] record to establish that the EFT was the property of [the defendant] when received by [garnishee] Citibank." 486 F. Supp. 2d at 269. The Court went on to hold that because the plaintiff in Dolco "failed to carry its burden of showing that the attached assets belong to [the defendant] ... no property of [the defendant] has been attached [and therefore] the attachment must be vacated." Id. at 270.

In the case at hand, the property that is being restrained pursuant to the Process of Maritime Attachment is the property of Claimant Indian Bank. For the reasons set forth in the following point, the Plaintiff Prestigious cannot meet its burden of demonstrating that the attached funds are the property of the Defendant Agrocorp.

### POINT III

### THE ATTACHMENT OF FUNDS RESTRAINED BY GARNISHEE, AMERICAN EXPRESS BANK, LTD., MUST BE VACATED BECAUSE THE FUNDS BELONG TO CLAIMANT INDIAN BANK

The most recent case to discuss the propriety of an attachment of money being paid by or to a financing bank in connection with the sale and purchase of goods is Prime Shipping Co. Ltd. v. Wajilam Exports Pte. Ltd., 2006 U.S. Dist. LEXIS 34637 (S.D.N.Y. June 2, 2006). In Prime Shipping, the district court held that the proceeds of the letter of credit being remitted to a financing bank through an intermediary bank, American Express Bank, Ltd., were not an

6

attachable debt owed to the defendant, which was the financing bank's customer. 2006 U.S. Dist. LEXIS 34637 *5; *see also*, Daikan Love, S.A. v. Al-Haddad Bros. Enterprises, Inc., 584 F. Supp. 782, 784 (S.D.N.Y. 1984)(The court held that the interest of a beneficiary in a letter of credit was not attachable as a debt or property since prior to the presentation of the conforming documents, the confirming bank is neither indebted to the beneficiary nor holds any of its property). That rule applies with equal force to the facts of this case and, therefore, the Plaintiff Prestigious cannot meet its burden to maintain the attachment of Indian Bank's property.

An analysis of the Prime Shipping case is instructive for the case at hand. More to the point, the district court's *ratio decidendi* from Prime Shipping totally supports Indian Bank's position that the funds attached by American Express Bank in this case belong to Indian Bank, as opposed to belonging to the Defendant, Agrocorp. Thus, the court should vacate the attachment of Indian Bank's funds in the amount of $604,036.93.

In Prime Shipping, the defendant, Wajilam sold a cargo of logs to a buyer in Asia. 2006 U.S. Dist. LEXIS 34637 * 1. The buyer obtained a negotiable letter of credit, which listed the defendant Wajilam *as the beneficiary*, to purchase a cargo of logs from the defendant, Wajilam. 2006 U.S. Dist. LEXIS 34637 *2. The defendant Wajilam applied to its bank, BNP Paribas Singapore (hereinafter "BNP"), for discount financing of the sale, and BNP purchased the letter of credit from Wajilam "subject to final payment." 2006 U.S. Dist. LEXIS 34637 * 2. BNP then credited the defendant Wajilam's account for the amount to be paid by the buyer of the logs, minus fees and interest. 2006 U.S. Dist. LEXIS 34637 * 2. Once the shipping documents were in hand, BNP forwarded the documents to the issuer of the letter of credit, Andhra Bank of Calcutta, in accordance with the terms of the letter of credit. 2006 U.S. Dist. LEXIS 34637 *2. Andhra Bank acknowledged the purchase, accepted the

7

documents presented and wired instructions to American Express Bank, Ltd. to transfer the proceeds of the credit to BNP's account, now designating BNP as the beneficiary of the funds. 2006 U.S. Dist. LEXIS 34637 * 2. Since American Express had been served with the Process of Attachment as a garnishee, the American Express Bank stopped the transfer of funds and restrained them as property of the defendant, Wajilam. 2006 U.S. Dist. LEXIS 34637 *3.

Claimant, BNP, moved to vacate the attachment on the ground that the funds attached did not belong to the defendant, i.e. the bank's customer Wajilam, but, instead, the funds belonged to BNP and, therefore, they were not properly attached. The district court, Rakoff, U.S.D.J., accepted Claimant BNP's position, and the court vacated the attachment. 2006 U.S. Dist. LEXIS 34637 *6.

When considering the matter before the court, Judge Rakoff described the plaintiff's argument as follows:

> "Plaintiff, seeking to benefit from Rule B's expansive scope, argues that the funds attached represent "either a payment by [the buyer] to Wajilam, or Wajilam's debt to BNP , or both" because, by virtue of BNP's purchase of the credit being "subject to final payment," the negotiation was, in plaintiff's words, only "conditional."

2006 U.S. Dist. LEXIS 34637 *3.

The district court, however, remarked that such argument misapprehended the nature of ordinary letters of credit, international sales and the financing arrangements that facilitate international sales. 2006 U.S. Dist. LEXIS 34637 *4.

As established by the <u>Prime Shipping</u> court, a letter of credit is a contractual agreement between an issuing bank and a beneficiary, who is owed the funds from the bank's customer and it is used to facilitate payment for the transaction of goods. 2006 U.S. Dist. LEXIS 34637 * 4. Under such arrangements, the plaintiff's position could not be sustained because the payment under the letter of credit was wholly apart from the underlying debt owed to

8

defendant Wajilam by the buyer of logs and, similarly, from any contractual relationship between BNP, the negotiating bank, and Wajilam, its customer. 2006 U.S. Dist. LEXIS 34637 *5. The proceeds of the letter of credit being remitted through intermediary bank, American Express Bank, Ltd., therefore, could not be considered an attachable debt owed to Wajilam by any party, including the buyer in Asia or the negotiating bank, Andhra. 2006 U.S. Dist. LEXIS 34637 *5.

The facts with respect to the case at hand are similar to, but somewhat different from, the facts presented in Prime Shipping. On the one hand, the obvious similarities are that both cases involve: an international sale of goods; the financing of the sale/purchase by a bank in Singapore; issuance of Process of Maritime attachment against the property of the Singapore banks' customers; and, coincidentally, the restraint of funds by the American Express Bank, Ltd. in its capacity as an intermediary bank in New York and garnishee. *Compare*, Prime Shipping and Duffy Affidavit at Exhibit 5, Declaration of Ashok Kumar Vishwakarma. On the other hand, the one obvious difference between the case at hand and the facts presented in Prime Shipping is that defendant in Prime Shipping was the seller of goods and the defendant obtained discount financing from its bank in Singapore to facilitate the sale. *Id*. By contrast, in the case at hand, the Defendant Agrocorp was a buyer of goods and the Defendant obtained invoice financing from its bank in Singapore to facilitate the purchase and, subsequent, sale of the goods to the ultimate receiver in Bangladesh. *Id*. All in all, any factual differences between the two cases are differences without legal distinction because the pertinent point is that in both cases the American Express Bank, Ltd. restrained funds belonging to the financing banks and the property restrained is not the property of, or a debt owed to, the defendant.

Letters of credit and Trust Receipts serve the same essential purpose: to facilitate international trade. A letter of credit is a commonly used means of payment in international

9

business transactions because it assures the purchaser that payment will not be effected unless and until the seller has performed, but it also allows the seller to finance the sale by providing an easily assignable domestic contract right. *See e.g.*, Union Planters National Bank v. World Energy Systems Associates, 816 F.2d 1092, 1094 (6th Cir. 1987). A trust receipt is a similarly used, and common, vehicle for financing international business transactions because the bank paying for the purchase of the goods takes title of the goods directly to itself, and as owner of the goods delivers the goods to whom title of the goods is eventually acquired when the price is paid to the banker. *See e.g.*, In re A.E. Fountain, 282 F.816, 825(2nd Cir. 1922). An important feature of the trust receipt transaction for the purposes of this motion is that the bank never debits its customer's account when the payment is made to the seller because the bank is paid by the ultimate receiver of the goods. *See id.*; *see also*, Duffy Affidavit at Exhibit 5, Declaration of Ashok Kumar Vishwakarma at ¶s 12 to 24.

The relevant inquiry with respect to whether the funds belong to Indian Bank, as opposed to Defendant, Agrocorp, is not the contract of sale for the Ukrainian rapeseed and whether Agrocorp owed a debt to the seller of the cargo. Instead, and consistent with Prime Shipping, the inquiry must focus on the trust receipt whereby Indian Bank agreed to pay for the cargo rapeseed, but only in exchange for acquiring the title to the cargo and the shipping documents (bills of lading) that would entitle Indian Bank to present the bills of lading and obtain payment from the ultimate buyer in Bangladesh. *See*, Duffy Affidavit at Exhibit 5, Declaration of Ashok Kumar Vishwakarma at ¶s 12 to 24 and, in particular, Exhibit 4 thereto; and, *compare*, Union Planters National Bank, 816 F.2d at 1098 ("we reject Texas/Hemmert's attempt to focus on the underlying sales contract. The contract that is relevant to our inquiry s not the sales contract ... but the letter of credit itself."; affirming order vacating maritime attachment where proceeds of letter of credit had been previously assigned.).

Whereas in <u>Prime Shipping</u> and <u>Union Planters</u>, the defendants assigned the right to receive payment to their banks, the same situation is presented here with the twist that the Defendant Agrocorp assigned its payment obligation under the sales contract to the Indian Bank pursuant to the Trust Receipt and the assignment of the right of payment from the Bangladeshi buyers to Indian Bank. *See generally,* Duffy Affidavit at Exhibit 5, Declaration of Ashok Kumar Vishwakarma. This was not a loan to Agrocorp, the Indian Bank never remitted any funds to Defendant Agrocorp and Indian Bank did not pay a debt on behalf of Agrocorp because Indian Bank never debited Agrocorp's account for the money paid for the cargo of rapeseed. *See,* Duffy Affidavit at Exhibit 5, Declaration of Ashok Kumar Vishwakarma at ¶s 19, 21 & 23. Thus, Indian Bank was never indebted to Defendant Agrocorp and it never held any property belonging to Defendant Agrcorp, and the Bank's payment to the seller of the Ukrainian cargo was made with the Bank's own funds.

Of particular importance in considering Claimant Indian Bank's position is that Indian Bank had no obligation to make any payment to the seller of the Ukrainian rapeseed until the Bank was provided with the Commercial Invoices, the shipping documents and the letter of credit from the ultimate buyers was in place. *See,* Duffy Affidavit at Exhibit 5, Declaration of Ashok Kumar Vishwakarma at ¶ 21. In short, any argument that may be made by the Plaintiff to maintain the attachment based on a "debt" owed from Agrocorp to the seller of the rapeseed under the sales contract will misconstrue the nature of the financing arrangement and the law and must, therefore, be rejected.

If this Court were to consider that the funds remitted by Claimant Indian Bank were subject to a Process of Attachment issued against the property of the Indian Bank's customer, then international banks will obviously be loathe to continue providing financing for international trade. Such a result would run afoul of the strong public policy against such

11

attachments because of the harm caused to international trade. *See*, Prime Shipping, 1006 U.S. Dist. LEXIS 34637 * 6.

## CONCLUSION

For all the reasons set forth herein, the American Express Bank, Ltd. has not restrained any property belonging to the Defendant, Agrocorp, and the property of the Claimant Indian Bank is not within the proper scope of the Process of Attachment. As such, the Court must enter an order vacating the attachment as to the funds restrained by American Express and directing the garnishee American Express Bank, Ltd. to release and return the funds to the Claimant, Indian Bank.

Dated: Port Washington, New York
      August 31, 2007

                                  Respectfully submitted,
                                  CHALOS O'CONNOR & DUFFY
                                  Attorneys for Claimant,
                                  INDIAN BANK

By: _____
        Owen F. Duffy (OD-3144)
        George E. Murray (GM-4172)
        366 Main Street
        Port Washington, New York, 11050
        Tel:    516-767-3600
        Telefax: 516-767-3605
        Email: ofd@codus-law.com

To:    Via ECF
        Waesche, Sheinbaum & O'Regan, P.C.
        Attorneys for the Plaintiff,
        PRESTIGIOUS SHIPPING CO. LTD.
        111 Broadway, 4th Floor
        New York, NY 10006

        Attn:   John R. Foster, Esq