WAESCHE, SHEINBAUM & O'REGAN, P.C.
Attorneys for the Plaintiff
111 Broadway, Suite 401
New York, New York 10006
Telephone: (212) 227-3550
John R. Foster (JF3635)

**ECF CASE**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**PRESTIGIOUS SHIPPING CO. LTD.,**

                    **Plaintiff,**

          -against-

**AGROCORP INTERNATIONAL PTE LTD.,**

                    **Defendant.**

**AFFIDAVIT IN OPPOSITION**
**TO MOTIONS TO VACATE**
**MARITIME ATTACHMENT**

STATE OF NEW YORK    )
                     :    ss:
COUNTY OF NEW YORK   )

JOHN R. FOSTER, being duly sworn, deposes and says:

1. I am a member of the Bar of this Court and am an officer of Waesche, Sheinbaum & O'Regan, P.C., attorneys for the Plaintiff herein. I submit this affidavit in opposition to the pending motions by Defendant Agrocorp International Pte. Ltd. and non-party Indian Bank to vacate the attachment of funds at American Express Bank.

2. Pursuant to the Court's Order of August 9, 2007, the Clerk issued Process of Maritime Attachment and Garnishment ("PMAG"). A true copy of the August 9 Order (signed by Chief Judge Wood) is attached hereto as **Exhibit 1**. A true copy of the PMAG is attached hereto as **Exhibit 2**.

3. On August 13 Michael Griffin of my office served copies of the August 9 Order and the PMAG by hand on the offices of Zeichner Ellman & Krause, LLP. That firm

represents American Express Bank, and it accepts service of PMAG on behalf of American

Express Bank. Thereafter, daily supplemental service was made on the Bank by email to

Zeichner Ellman, again pursuant to the procedures established by the Bank.

     4. On August 20, 2007, I received two telephone calls from Ms Martha Fletcher, a

paralegal at the Zeichner Ellman firm. It is my understanding that Ms Fletcher handles the

PMAGs at that firm. In the first telephone call she advised that, in response to the PMAG,

American Express Bank had blocked two wire transfers described as originating from Agrocorp

in Singapore. The amounts of these transfers were $9,954.00 and $604,036.93. Later that same

day, she called again and advised that the Bank had blocked a further Agrocorp transfer of

$139,541.16.

     5. Attached as **Exhibit 3** are true copies of my emails to Ms Fletcher confirming

the blocking of these three transfers.

     6. I have given Ms Fletcher notice of the pendency of these motions and offered

to provide Zeichner Ellman with copies of the various motion papers.

     7. I have been advised by Plaintiff's solicitors that Prestigious Shipping is a

company registered and located in Malta; that its commercial managers are Universal Navigation

in Singapore; and that its technical managers are Marine Fleet Management located in Karachi,

Pakistan.

JOHN R. FOSTER

Subscribed and sworn to before me this
4th day of September, 2007

Notary Public
SHARON J. POYNTZ
NOTARY PUBLIC, State of New York
No. 43-4820992 Qualified in Richmond County
Certificate Filed in New York County
Commission Expires February 28, 2011

-2-

# EXHIBIT 1

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8|10|07
```

*McMahon, J*

WAESCHE, SHEINBAUM & O'REGAN, P.C.
Attorneys for the Plaintiff
111 Broadway, 4th Floor
New York, New York 10006
Telephone: (212) 227-3550
John R. Foster (JF3635)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ECF CASE

---

PRESTIGIOUS SHIPPING CO. LTD.,

Plaintiff,

-against-

AGROCORP INTERNATIONAL PTE. LTD.,

Defendant.

---

EX PARTE ORDER DIRECTING
PROCESS OF MARITIME
ATTACHMENT AND
GARNISHMENT

Upon reviewing the Verified Complaint of the Plaintiff herein, verified on the 9th day of August, 2007, and the affidavit of John R. Foster, sworn to on the same day, that to the best of his information and belief the Defendant, Agrocorp International Pte. Ltd., cannot be found within this District for the purpose of an attachment under Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and the Court having found that the conditions required by Supplemental Rule B(1) appear to exist,

NOW, upon motion of Waesche, Sheinbaum & O'Regan, P.C., attorneys for the Plaintiff, it is hereby

ORDERED that the Clerk of this Court is directed forthwith to issue Process of Maritime Attachment and Garnishment for seizure of all tangible and intangible property belonging to, claimed by, or being held for the Defendant, Agrocorp International Pte. Ltd., by ABN Amro, Atlantic Bank of New York, American Express Bank, Bank of America, BNP Paribas, Calyon,

Citibank, Deutsche Bank, HSBC USA Bank NA, JPMorgan Chase Bank, Natexis Banques Populaires, Rabobank Nederland, Standard Chartered Bank, The Bank of New York, Wachovia Bank, and/or any other garnishee within this District on whom a copy of the Process of Maritime Attachment and Garnishment may be served, including, but not limited to, electronic fund transfers originated by, payable to, or otherwise for the benefit of the Defendant, Agrocorp International Pte. Ltd., whether to or from the garnishee bank, in an amount up to and including **$2,160,761.06** pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and it is further

**ORDERED** that any person claiming an interest in the property attached or garnished pursuant to said Order shall, upon application to the Court, be entitled to a prompt hearing at which the Plaintiff shall be required to show why the attachment and garnishment should not be vacated or other relief granted; and it is further

**ORDERED** that supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court; and it is further

**ORDERED** that following initial service by the United States Marshal or other designated person upon a garnishee, supplemental service of the Process of Maritime Attachment and Garnishment, as well as this Order, may thereafter be made by way of facsimile transmission or other verifiable electronic means, including e-mail, to each garnishee so personally served, provided the garnishee consents, and such subsequent service by facsimile or e-mail, if transmitted from within the District, shall be deemed to have been made within the District; and it is further

2

**ORDERED** that service on any garnishee as described above is deemed effective continuous service throughout the day from the time of such service through the opening of the garnishee's business the next business day provided the garnishee consents; and it is further

**ORDERED** that pursuant to F.R.C.P. 5(b)(2)(D) each garnishee may consent, in writing, to accept service by any other means; and it is further

**ORDERED** that a copy of this Order be attached to and served with said Process of Maritime Attachment and Garnishment.

Dated: New York, New York
August 9 , 2007

**SO ORDERED.**

_____
U.S.D.J.

A CERTIFIED COPY
J. MICHAEL McMAHON,        CLERK

BY _____
DEPUTY CLERK

3

# EXHIBIT 2

## PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT

## THE PRESIDENT OF THE UNITED STATES OF AMERICA

## To the MARSHAL of the UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK, GREETINGS:

**WHEREAS** a Verified Complaint has been filed in the United States District Court, Southern District of New York, on the 9th day of August, 2007, and styled:

**PRESTIGIOUS SHIPPING CO. LTD.,**

        **Plaintiff,**

    **v.**

**AGROCORP INTERNATIONAL PTE. LTD.,**

        **Defendant.**

in a certain action for amounts due the Plaintiff from the Defendant in connection with a claim for breach of a maritime contract for the charter of the vessel *M/V Prestigious*, and praying for Process of Maritime Attachment and Garnishment against the said Defendant in the amount of **$2,160,761.06; and,**

**WHEREAS**, this Process is issued pursuant to such prayer and requires that a garnishee shall serve its Answer, together with answers to any Interrogatories served with the Verified Complaint, within 20 days after service of process upon him and requires that Defendant shall serve their Answer within 30 days after process has been executed, whether by attachment of property or service on the garnishees or arrest of property within the possession of the garnishees.

**NOW, THEREFORE**, we do hereby command you that if the said Defendant cannot be found within the District, you attach all assets, cash, funds, escrow funds, credits, wire transfers, electronic fund transfers, accounts, letters of credit, freights, sub-freights, charter hire, sub-

charter hire, or any other assets of, belonging to, due or being transferred for the benefit of the

Defendant, Agrocorp International Pte. Ltd., as may be in the possession, custody or control of,

or being transferred through ABN Amro, Atlantic Bank of New York, American Express Bank,

Bank of America, BNP Paribas, Calyon, Citibank, Deutsche Bank, HSBC USA Bank NA,

JPMorgan Chase Bank, Natexis Banques Populaires, Rabobank Nederland, Standard Chartered

Bank, The Bank of New York, and/or Wachovia Bank, together with any such assets as may be

held by any other garnishee(s) on whom a copy of this Process of Maritime Attachment and

Garnishment may be served, and that you seize them and promptly after execution of this

process, file the same in this Court with your return thereon.

WITNESS, the Honorable _Colleen McMahon_ United States District Judge

of said Court, this 10 th day of August, 2007, and of our Independence the two hundred and

thirtieth.

**J. MICHAEL McMAHON**

Clerk

By: _____

Deputy Clerk

NOTE:  This process is issued pursuant to Rule B(1) and Rule C of the Supplemental Rules for
Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

A CERTIFIED COPY
J. MICHAEL McMAHON,               **CLERK**

BY _____

DEPUTY CLERK

# EXHIBIT 3

**Subject:** PMAG: Agrocorp International (Prestigious Shipping v Agrocorp International)
**From:** "John R. Foster" <j.foster@waeschelaw.com>
**Date:** Mon, 20 Aug 2007 13:31:20 -0400
**To:** "Martha M. Fletcher" <MFletcher@zeklaw.com>
**CC:** "Ms. Laura Fares" <l.fares@waeschelaw.com>
**BCC:** "John R. Foster Esq." <johnfoster42@gmail.com>

```
Ms Fletcher:

During our telephone conversation a few minutes ago, you advised that
American Express Bank had earlier today captured two transfers in the
approximate amounts of $9,954 and $604,036 involving defendant Agrocorp
International Pte Ltd.

I directed you to block these funds. Please consider this email as
written confirmation of that request.

Please also be advised that a) this direction is only with respect to
these two mentioned transfers, and b) today's supplemental service of
the writ of attachment continues in effect for the remainder of today.
We will also continue to make daily supplemental service on American
Express Bank in accordance with the bank guidelines.

If you have any questions, please do not hesitate to let me know.

Regards,

John Foster

Waesche, Sheinbaum & O'Regan, PC
Attorneys for the Plaintiff
111 Broadway, Suite 401
New York, NY 10006
(212) 227-3550
j.foster@waeschelaw.com
```

**Subject:** PMAG: Agrocorp International (Prestigious Shipping v Agrocorp International)
**From:** "John R. Foster" <j.foster@waeschelaw.com>
**Date:** Mon, 20 Aug 2007 16:13:39 -0400
**To:** "Martha M. Fletcher" <MFletcher@zeklaw.com>
**CC:** "Ms. Laura Fares" <l.fares@waeschelaw.com>
**BCC:** "John R. Foster Esq." <johnfoster42@gmail.com>

Ms Fletcher:

During our telephone conversation a few minutes ago, you advised that
American Express Bank had earlier today captured a further transfer in the
approximate amount of $139,541.16 involving defendant Agrocorp
International Pte Ltd.

I directed you to block these funds. Please consider this email as
written confirmation of that request.

Please also be advised that a) this direction is only with respect to
the mentioned transfer (as well as the earlier two today), and b) today's
supplemental service of the writ of attachment continues in effect for the
remainder of today. We will also continue to make daily supplemental service on
American Express Bank in accordance with the bank guidelines.

If you have any questions, please do not hesitate to let me know.

Regards,

John Foster

Waesche, Sheinbaum & O'Regan, PC
Attorneys for the Plaintiff
111 Broadway, Suite 401
New York, NY 10006
(212) 227-3550
j.foster@waeschelaw.com