UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PRESTIGIOUS SHIPPING CO. LTD.,

        Plaintiff,

-against-

AGROCORP INTERNATIONAL PTE. LTD.,

        Defendant.

07 Civ. 7101 (CM)

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO MOTIONS TO VACATE MARITIME ATTACHMENT

WAESCHE, SHEINBAUM & O'REGAN, P.C.
Attorneys for the Plaintiff
111 Broadway
New York, NY 10006
(212) 227-3550

September 4, 2007

## Table of Contents

        Page

Table of Authorities ................................................................................. iii

Facts ........................................................................................................ 2

Argument

    POINT 1

    AGROCORP'S MOTION SHOULD
    BE DENIED IN ALL RESPECTS ................................................. 3

    POINT 2

    INDIAN BANK'S MOTION SHOULD
    BE DENIED IN ALL RESPECTS ................................................. 8

    POINT 3

    THIS ACTION SHOULD NOT BE DISMISSED ........................... 11

Conclusion .............................................................................................. 12

## Table of Authorities

Page

CASES:

*Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*,
    460 F.3d 434 (2d Cir. 2006) ................................................................. 3-8

*Dominion Bulk International, S.A. v. Naviera Panoceanica, S.A.C.*, 2006 WL
    3408799 (SDNY 11/21/06)(not officially reported) .................................. 10

*Eddie S.S. Co. Ltd. v. P.T. Karana Line*, 739 F.2d 37 (2d Cir. 1984) ................ 6

*Essar International Ltd. v. Martrade Gulf Logistics*, 2007 WL 2456629 (SDNY
    8/23/17)(not officially reported) ........................................................ 9, 10n

*HBC Hamburg Bulk Carriers GmbH v. Proteinas y Oleicos S.a.*, 2005 WL
    1036127 (SDNY 2005)(not officially reported) ........................................... 9

*OGI Oceangate Transportation Co., Ltd. v. R.P. Logistics Pvt. Ltd.*,
    2007 U.S. Dist. LEXIS 46841 (SDNY 6/21/07) ............................................. 6

*Prime Shipping Co. Ltd. v. Wajilam Exports Pte. Ltd.*, 2006 U.S. Dist. LEXIS
    34637 (SDNY 2006)(not officially reported) ........................................ 9, 10

*Tide Line, Inc. v. Eastrade Commodities, Inc.*, 2006 U.S. Dist. LEXIS 95870
    (SDNY 2006)(not officially reported) ...................................................... 4n

*Winter Storm Shipping Ltd. v. TPI*, 310 F.3d 263 (2d Cir. 2002) .................... 10

STATUTES:

F.R.Civ.P., Supp. Rule B .......................................................................... *passim*

DR 5-105, 22 NYCRR §1200.24 ....................................................................... 8n

APPENDIX OF UNOFFICIALLY REPORTED CASES:

1. *Essar International Ltd. v. Martrade Gulf Logistics*, 2007 WL 2456629 (SDNY 8/23/17)

2. *Dominion Bulk International, S.A. v. Naviera Panoceanica, S.A.C.*, 2006 WL 3408799 (SDNY 11/21/06)

3. *HBC Hamburg Bulk Carriers GmbH v. Proteinas y Oleicos S.a.*, 2005 WL 1036127 (SDNY 2005)

4. *OGI Oceangate Transportation Co., Ltd. v. R.P. Logistics Pvt. Ltd.*, 2007 U.S. Dist. LEXIS 46841 (SDNY 6/21/07)

5. *Prime Shipping Co. Ltd. v. Wajilam Exports Pte. Ltd.*, 2006 U.S. Dist. LEXIS 34637 (SDNY 2006)

6. *Tide Line, Inc. v. Eastrade Commodities, Inc.*, 2006 U.S. Dist. LEXIS 95870 (SDNY 2006)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRESTIGIOUS SHIPPING CO. LTD., <br><br> Plaintiff, <br><br> -against- <br><br> AGROCORP INTERNATIONAL PTE. LTD., <br><br> Defendant. | 07 Civ. 7101 (CM) |

On August 30, 2007, the Court, by Judge Swain sitting in Part I, signed an Order To Show Cause in this action at the request of the Defendant, Agrocorp International Pte. Ltd. The next day the Court, again by Judge Swain, signed a further Order To Show Cause, this time at the request of non-party Indian Bank. The return date on both Orders is later today, at 2:30 pm. The purpose of both Orders is to hear an application that the Court should vacate the Process of Maritime Attachment previously issued and served in the case.

The Plaintiff, Prestigious Shipping Co. Ltd., respectfully requests that the motions be denied in all respects. For convenience, this memorandum of law is submitted in opposition to both applications.

## FACTS

The facts relevant to the motions can be briefly stated:

Prestigious Shipping is the owner of the vessel *Prestigious*. In February 2005 Prestigious Shipping chartered the ship to Agrocorp to carry a cargo of bagged sugar from Brazil to Bangladesh.

The voyage was performed, and resulted in a claim of about $1.9 million by Prestigious Shipping against Agrocorp for 1) additional, supplemental freight ("demurrage") resulting from delays in the voyage, and 2) damages resulting from Agrocorp's failure to take delivery of the full cargo.

The charter party contained a London arbitration clause. Prestigious Shipping demanded arbitration of its claim and served its Points of Claim. Agrocorp responded and served its Points of Defence. The arbitral proceeding is continuing.

On August 9, 2007, Prestigious Shipping filed an action in this Court, seeking to obtain security for its maritime claim against Agrocorp.[1] The Court that day signed an Ex parte Order of Attachment, and the Clerk issued Process of Maritime Attachment and Garnishment ("PMAG").[2]

---

[1] A copy of the Verified Complaint is attached as Exhibit 1 to the Duffy Affidavits of August 30 and August 31.

[2] These items are attached as Exhibits 1 and 2 to the accompanying Foster Affidavit.

On August 13, the PMAG was served on American Express Bank; and thereafter daily supplemental service was made.

On August 20 American Express Bank blocked three wire transfers ($604,036.93; $9,954.00; and $139,541.16) said to originate from Agrocorp in Singapore, totaling $753,532.09.

On August 30 and 31, the Court signed Orders to Show Cause for a hearing on September 4. Agrocorp and its Singapore bank, Indian Bank, argue that the attachment should be vacated.

For the reasons that follow, the motions should be denied in all respects.

## ARGUMENT

### POINT 1

### AGROCORP'S MOTION SHOULD BE DENIED IN ALL RESPECTS

The issue for resolution on this motion is actually quite narrow. The leading decision in this area is *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434 (2d Cir. 2006); and there the Second Circuit held that in a post-seizure hearing the plaintiff must show four elements. At 445. In its motion papers Agrocorp concedes the existence of all four factors:

1) Prestigious Shipping has a "maritime claim," 2) Agrocorp cannot be found within the Southern District, 3) Agrocorp has a property interest in the funds attached at American Express Bank in this District, and 4) there is no statutory or other bar to the attachment. *See* Agrocorp Memo, p. 7. Consequently, by Agrocorp's own admission, Prestigious Shipping satisfies the *prima facie* requirements of Supplemental Rule B.[3]

Although recognizing that Prestigious Shipping meets the Rule's requirements, Agrocorp nevertheless argues that the maritime attachment in this case should be vacated in the exercise of the Court's inherent equitable authority. While the *Aqua Stoli* court recognized the existence of such equitable discretion in the district court, it said that "[W]e believe that an attachment may be vacated only in certain limited circumstances." At 444. Three, and only three, examples were given; and none is applicable in the case at bar:

> [W]e believe that a district court may vacate the attachment if the defendant shows at the Rule E hearing that 1) the defendant is subject to suit in a convenient adjacent jurisdiction; 2) the plaintiff could obtain *in personam* jurisdiction

---

[3] In any event, the burden on the plaintiff is fairly low. For example, in *Tide Line, Inc. v. Eastrade Commodities, Inc.*, 2006 U.S. Dist. LEXIS 95870 (SDNY 2006)(not officially reported)(Appendix #6), Chief Judge Wood held that "Thus, to show that it has a prima facie claim, a plaintiff seeking a maritime attachment need not provide any supporting evidence; its complaint should suffice." At *6; footnote omitted. In accordance with the Court's Individual Practices, copies of cited decisions that are not officially reported are included in this memorandum's Appendix.

over the defendant in the district where the plaintiff is located; or 3) the plaintiff has already obtained sufficient security for the potential judgment, by attachment or otherwise.

At 445 (footnote omitted).

The Second Circuit makes it clear that the Agrocorp bears the burden of bringing itself within one of these exceptions: "[F]ormer Local Rule 12 required the defendant to establish any equitable grounds for vacatur, and we believe that defendants still bear that burden under the Supplemental Rules." At 445 n5.

The first of the *Aqua Stoli* exceptions is for the "across the river," Southern District/Eastern District, situation, and is plainly not relevant here.

The second exception pertains to the situation in which the parties are both present in the same "district." Agrocorp argues that this exception is applicable because both it and Prestigious Shipping are present in Singapore.[4] Yet the Second Circuit here is not talking about a "foreign jurisdiction" but a "district," i.e., a federal judicial district in which the Supplemental Rules are applicable. Agrocorp does not cite, and research does not disclose, any decision in which the Second Circuit's use of "district" in this exception was interpreted to mean a foreign country.

---

[4] Prestigious Shipping is a Maltese company. Its commercial manager, Universal Navigation, is located in Singapore. Its technical manager, Marine Fleet Management, is located in Karachi, Pakistan.

-5-

The final category is for the "double dipping" situation, *i.e.*, the plaintiff already has sufficient security elsewhere and tries for more. An example of this situation is the recent *OGI Oceangate* decision by Judge Sweet mentioned in Agrocorp's memo.[5] It also is not applicable here.

In the case at bar, the Court should also not expand the narrow exceptions described in *Aqua Stoli*. In discussing the issue of vacatur, the Second Circuit described the circumstances for doing so as "limited" and "narrowly circumscribed." It likewise referred (at 444) to its decision of *Eddie S.S. Co. Ltd. v. P.T. Karana Line*, 739 F.2d 37, 39 (2d Cir. 1984) in which it noted that "[T]he equity powers of an admiralty court remain severely circumscribed . . . ."

In short, Agrocorp argues that it is a significant company and that Prestigious Shipping can satisfy an arbitral award in Singapore. The Second Circuit, however, specifically rejected such an approach in *Aqua Stoli*:

> It was sufficient to sustain the attachment that Aqua Stoli satisfied the requirements of Rule B. Gardner Smith's rebuttal did not establish any of the limited grounds that could justify vacatur . . . . Rather, Gardner Smith proffered only the legally irrelevant showing that it had substantial assets elsewhere in the world.

At 447.

---

[5] *OGI Oceangate Transportation Co., Ltd. v. R.P. Logistics Pvt. Ltd.*, 2007 U.S. Dist. LEXIS 46841 (SDNY 6/21/07)(Appendix #4).

After its discussion of the purposes of maritime attachment, the Second Circuit stated the approach that should be followed in response to Agrocorp's motion:

> If Gardner Smith's assets are presently located in the Southern District and Gardner Smith cannot be "found" within the district, Aqua Stoli is entitled under Rule B to attach those assets in aid of jurisdiction and to serve as security. The fact that Gardner Smith has substantial assets in another country is of no moment. Federal admiralty law allows a plaintiff to seize assets and bring suit wherever such assets may be found precisely because, while other assets may be available, plaintiffs may encounter difficulties in tracking them down. Should it wish, Gardner Smith has the option of relieving itself of this particular attachment by posting other security. Rule E does not require Aqua Stoli to go to Australia or any other country to sue Gardner Smith or to obtain security as long as Gardner Smith's assets are available to Aqua Stoli here.

At 444.

Agrocorp's line of reasoning here, that sometime in the future, when the arbitration is over, Prestigious Shipping can go to Singapore and collect its money then (Agrocorp presumably still being in existence and solvent), was rejected in *Aqua Stoli*. If the attachment is inconvenient for this trading company, the solution was given by the appeals court: provide alternate security. For example, defendants frequently provide a letter of credit or a bond to secure a plaintiff's claim.

Because Prestigious Shipping satisfies Rule B and Agrocorp does not bring itself within one of the equitable exceptions of *Aqua Stoli*, the Court should deny Agrocorp's motion.

POINT 2

INDIAN BANK'S MOTION SHOULD
BE DENIED IN ALL RESPECTS

The issue for resolution on Indian Bank's motion is not who "owns" the money, but whether Agrocorp has an interest in the *res* that can be attached. The fact that Agrocorp concedes[6] that it has such a property interest in the attached funds is dispositive of Indian Bank's motion; the funds can be attached. What happens as between Agrocorp and Indian Bank concerning these funds is between them, based on the terms of their contractual relationship.[7]

Review of the Bank's papers does not disturb this conclusion. The money being sent by the Bank to Latvia was being used to satisfy an

---

[6] "Additionally, but only for the purposes of the instant motion and with full reservation of its right to challenge that the defendant's property has been found within the district, the Defendant Agrocorp does not herein challenge the claim that its property has been attached." Agrocorp Memo, p. 7 (footnote omitted).

[7] Given the potentially adverse relationship between Indian Bank and its customer, it is not clear how the same law firm can represent both companies. See DR 5-105, 22 NYCRR §1200.24.

Agrocorp debt. Exhibit 3 to the Vishwakarma Declaration purports to be the invoices covering Agrocorp's purchase of the rapeseed. The funds being transferred, and which were blocked at American Express Bank, were in satisfaction of those invoices addressed to Agrocorp.

In its memorandum the Bank says that the most recent case of relevance on this point is *Prime Shipping Co. Ltd. v. Wajilam Exports Pte. Ltd.*, 2006 U.S. Dist. LEXIS 34637 (SDNY 2006)(not officially reported)(Appendix #5). Actually, closer to the mark, and more recent, is a decision by Judge Pauley about two weeks ago, *Essar International Ltd. v. Martrade Gulf Logistics*, 2007 WL 2456629 (SDNY 8/23/17)(not officially reported)(Appendix #1). There, as here, monies were transferred by a non-party to satisfy a debt of the defendant. Judge Pauley upheld the attachment, noting that the non-party's transfer of funds was made for the defendant's benefit.

Similarly, Judge Buchwald in upholding an attachment in *HBC Hamburg Bulk Carriers GmbH v. Proteinas y Oleicos S.a.*, 2005 WL 1036127 (SDNY 2005)(not officially reported)(Appendix #3) held that "Rule B is intended to impact <u>any property</u> in which the defendant has a legal interest. Nothing in the language of Rule B requires that the property attached be the exclusive property of the defendant, nor that we adjudicate the competing

property interests of the sending-payor and the recipient-beneficiary in an EFT at an intermediary bank." At *4; emphasis added.

This conclusion is consistent with the Second Circuit's view in *Winter Storm Shipping Ltd. v. TPI*, 310 F.3d 263, 276 (2d Cir. 2002) that, with reference to the property language in Rule B, "It is difficult to imagine words more broadly inclusive than 'tangible or intangible.'" *See also Dominion Bulk International, S.A. v. Naviera Panoceanica, S.A.C.*, 2006 WL 3408799 (SDNY 11/21/06)(not officially reported)(Appendix #2)

The *Prime Shipping* decision cited by Indian Bank is not helpful because that case involved a letter of credit that had been sold by the defendant prior to the attachment. Consequently, at the time of the attachment of the letter's proceeds, the defendant had no interest in the *res*. Here, by contrast, at the time of the attachment, while the funds may have originated with Indian Bank, the monies were being transferred for the benefit of Agrocorp.[8] Hence, the attachment was valid.

Finally, it needs be noted that Indian Bank's motion, as well as that of Agrocorp, only discusses one of the attached transfers, albeit the largest one.

---

[8] Similar to that in *Essar International*, the Court's order of attachment here covered "all tangible and intangible property . . . including, but not limited to, electronic fund transfers . . . for the benefit of the Defendant, Agrocorp International." American Express Bank picked up the transfer in its filter because the name on the transfer was Agrocorp. *See* Foster Affidavit, Exh. 1, pp. 1-2.

There is no discussion of the blocked transfers of $9,954.00 and $139,541.16 and why, specifically, the attachment of those transfers should be vacated.

### POINT 3

### THIS ACTION SHOULD NOT BE DISMISSED

Although dismissal of the action is not mentioned in the Orders To Show Cause, Agrocorp states in its memorandum that the Court should do so. The matter is not briefed and no rationale is given for such action. Plainly, the Court has subject-matter jurisdiction, and there is no discussion of why the attached transfers of $9,954.00 and $139,541.16 will not support *quasi in rem* jurisdiction. Or that future transfers transiting New York would not support such jurisdiction. This aspect of Agrocorp's papers should be disregarded.

## CONCLUSION

The motions by Defendant Agrocorp and by non-party Indian Bank to dismiss the maritime attachments in this action should be denied in all respects.

Dated: New York, New York
       September 4, 2007

                                    WAESCHE, SHEINBAUM & O'REGAN, P.C.
                                    Attorneys for the Plaintiff

                                    By: _____
                                        John R. Foster
                                        Attorney ID: JF3635
                                        111 Broadway, 4th Floor
                                        New York, NY 10006
                                        (212) 227-3550