CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Claimant,
INDIAN BANK
366 Main Street
Port Washington, New York 110050
Telephone:   516-767-3600
Telefax:      516-767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
PRESTIGIOUS SHIPPING CO. LTD.,                  :
                                                 :
                                                 :
                            Plaintiff,           :     07 CV 7101 (CM)
                                                 :
      - against -                                :
                                                 :
                                                 :
AGROCORP INTERNATIONAL PTE. LTD.,               :
                                                 :
                                                 :
                            Defendant.           :
-----------------------------------------------------------x

**REPLY MEMORANDUM OF LAW
IN SUPPORT OF CLAIMANT INDIAN BANK'S
MOTION TO VACATE PROCESS OF MARITIME ATTACHMENT**

## PRELIMINARY STATEMENT

This Reply Memorandum of Law is submitted on behalf of the Claimant Indian Bank, in support of its application, pursuant to F.R.C.P. Supplemental Rule E (4) (f), to release the funds attached at American Express Bank pursuant the Process of Maritime Attachment and Garnishment issued by this Court on or about August 9, 2007.

## THE FACTS

The facts pertaining to the instant Motion to Vacate the Process of Maritime Attachment and Garnishment and Dismiss the Complaint are more fully set forth in the accompanying Attorney's Affidavit of Owen F. Duffy on behalf of Indian Bank, dated August 31, 2007, in support of the Motion. Rather than restate the facts fully herein, this Memorandum of Law will make reference to, and will discuss as appropriate, the facts set forth the accompanying Attorney's Affidavit. Citation to the Affidavit will refer to "Duffy's Affidavit at ¶ -."

## LEGAL ARGUMENT

### POINT I
### THE ATTACHMENT OF FUNDS RESTRAINED BY GARNISHEE, AMERICAN EXPRESS BANK, LTD., MUST BE VACATED BECAUSE THE FUNDS BELONG TO CLAIMANT INDIAN BANK

Contrary to the argument made by Plaintiff, Prestigious Shipping Co., Ltd., the issue for resolution on Indian Bank's motion is who "owns" the funds that have been restrained by the garnishees. "Rule B limits attachable property to that of a named defendant." Essar International Ltd. v. Martrade Logistics, 2007 U.S. Dist. LEXIS 61713 *6 (S.D.N.Y. August 23, 2007). As was the case in Prime Shipping, the funds attached were part of an international

1

sales transaction and they belonged to Indian Bank, which was the party that initiated the wire transfer.

The Plaintiff's reliance on the recent case of Essar International Ltd. v. Martrade Logistics, 2007 U.S. Dist. LEXIS 61713 (S.D.N.Y. August 23, 2007) for the proposition that payments being made by non-defendant, Indian Bank, is completely misplaced as the Essar International case is completely distinguishable from the case at hand. In Essar International, the district court was presented with a situation where the defendant company, Martrade Logistics, used an admittedly related company, Marlog, to pay the debts of Martrade and, more to the point, Martrade did that purposefully to circumvent the Attachment Order. 2007 U.S. Dist. LEXIS 61713 * 2 & 3. As such, Judge Pauley determined that the parties had an alter-ego relationship and, therefore, the Defendant Martrade had an interest in the funds being remitted by its alter-ego, Marlog. 2007 U.S. Dist. LEXIS 61713 * 7.

In the case at hand, by complete contrast to the situation in Essar International, but similar to the situation in Prime Shipping, the funds that have been attached belong to a financing bank who is not a defendant in the case and who cannot be considered the alter-ego of the defendant. Furthermore, there has been, and can be, no suggestion that the financing arrangement was designed to circumvent the Rule B attachment because, different from the Essar case, neither Agrocorp nor Indian Bank knew anything about the attachment when they entered in to the financing arrangements. The Plaintiff, Prestigious, has not met its burden of showing otherwise and, for that reason alone, the funds of Indian Bank being restrained by American Express Bank should be released. Moreover, to put at risk payments being made by a financing bank, which has no connection to the underlying claim, is unnecessarily disruptive to international trade. Prime Shipping Co. Ltd. v. Wajilam Exports Pte. Ltd., 2006 U.S. Dist. LEXIS 34637 * 6 (S.D.N.Y. June 2, 2006).

2

## CONCLUSION

For all the reasons set forth herein, the American Express Bank, Ltd. has not restrained any property belonging to the Defendant, Agrocorp, and the property of the Claimant Indian Bank is not within the proper scope of the Process of Attachment. As such, the Court must enter an order vacating the attachment as to the funds restrained by American Express and directing the garnishee American Express Bank, Ltd. to release and return the funds to the Claimant, Indian Bank.

Dated: Port Washington, New York
       September 4, 2007

                        Respectfully submitted,
                        CHALOS O'CONNOR & DUFFY
                        Attorneys for Claimant,
                        INDIAN BANK

By: _____
      Owen F. Duffy (OD-3144)
      George E. Murray (GM-4172)
      366 Main Street
      Port Washington, New York, 11050
      Tel:    516-767-3600
      Telefax: 516-767-3605
      Email: ofd@codus-law.com

To:    Via ECF
       Waesche, Sheinbaum & O'Regan, P.C.
       Attorneys for the Plaintiff,
       PRESTIGIOUS SHIPPING CO. LTD.
       111 Broadway, 4th Floor
       New York, NY 10006

       Attn:   John R. Foster, Esq