CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Defendant,
Agrocorp International Pte. Ltd.
366 Main Street
Port Washington, New York 110050
Telephone:    516-767-3600
Telefax:        516-767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PRESTIGIOUS SHIPPING CO. LTD.,                    :
                                                                       :
                                                                       :
                              Plaintiff,                          :        07 CV 7101 (CM)
                                                                       :
          - against -                                            :
                                                                       :
                                                                       :
AGROCORP INTERNATIONAL PTE. LTD.,      :
                                                                       :
                                                                       :
                              Defendant.                       :
------------------------------------------------------------x


**MOTION FOR AN ORDER CERTIFYING THE COURT'S DENIAL**
**OF DEFENDANT'S MOTION TO VACATE THE PROCESS OF MARITIME**
**ATTACHMENT FOR IMMEDIATE APPEAL PURSUANT TO 28 U.S.C. § 1292 (b)**

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ……………………………………………………...……...…..ii

TABLE OF AUTHORITIES …………….…………….……………....................iii

PRELIMINARY STATEMENT...…………………..……………….....……………1

BACKGROUND……………………………………………………...........................1

THE STANDARD FOR CERTIFICATION...…………………………………...............2

THE COURT'S ORDER DENYING THE MOTIONS TO VACATE SHOULD BE
CERTIFIED FOR IMMEDIATE APPEAL...…………………………………………3

     THE COURT'S ORDER INVOLVES A CONTROLLING QUESTION OF LAW……………3

     THE ISSUE OF LAW PRESENTS A SUBSTANTIAL GROUND FOR DIFFERENCE
     OF OPINION.………………………………………………………………………...5

     AN IMMEDIATE APPEAL WOULD MATERIALLY ADVANCE THE ULTIMATE
     TERMINATION OF THE LITIGATION.…………………………………………………7

CONCLUSION …………………………….......................................................................8

## <u>TABLE OF AUTHORITIES</u>

**PAGE**

**CASES**

<u>Allied Marine Services, Ltd. v. LMJ International Ltd.</u>,
07-0084-cv (2nd Cir. March 22, 2007)……………………………………………2

<u>Aqua Stoli Shipping Ltd. v. Gardiner Smith Pty Ltd.</u>,
460 F.3d 434 (2d Cir. 2006)...................................................................1, 3, 4, 5, 6

<u>Consub Delaware LLC v. Schahin Engenharia Limitada</u>,
476 F. Supp. 2d 305 (S.D.N.Y. 2007)……………………………………...……….2, 3

<u>Drys Shipping Corp. v. Freights, Sub-Freights, Charter Hire</u>,
558 F.2d 1050 (2nd Cir. 1977)……………………………………………………2

<u>In re Arochem Corp. (Bank Brussels Lambert v. Coan)</u>,
176 F.3d 610 (2nd Cir. 1999).......…………………………………………..…..3

<u>In re Flor (Flor v. BOT Fin. Corp.)</u>,
79 F.3d 281 (2nd Cir. 1996)…………………………………………..……….3

<u>In re Levine (Levine v. Levine)</u>,
2004 U.S. Dist. LEXIS 6025 (S.D.N.Y. Apr. 8, 2004)…………………...……..3

<u>In re World Trade Ctr. Disaster Site Litig.</u>,
469 F. Supp. 2d 134 (S.D.N.Y. 2007)………………………………………….7

<u>Koehler v. Bank of Bermuda Ltd.</u>,
101 F.3d 863 (2d Cir. 1996)……………………………………………………7

<u>Navalmar (U.K.) Ltd. v. Welspun Gujurat Stahl Rohren, Ltd.</u>,
07 Civ. 372 (AKH) (S.D.N.Y. May 14, 2007)……………………………....…..2, 5, 7

<u>OGI Oceangate Transp. Co. v. RP Logistics Pvt. Ltd.</u>,
2007 U.S. Dist. LEXIS 46841 (S.D.N.Y. June 21, 2007)…………………..…..6

<u>Swint v. Chambers County Comm'n</u>,
514 U.S. 35, 115 S. Ct. 1203, 131 L. Ed. 2d 60 (1995)…………………………..3

<u>Williston v. Eggleston</u>,
410 Supp. 2d 274 (S.D.N.Y. 2006)……………………………………………..2

<u>Winter Storm Shipping Ltd. v. TPI</u>,
310 F. 3d 263 (2nd Cir. 2002)………………………………………..……….6

**STATUTES and RULES**

28 U.S.C. § 1292 (b).................................................................1, 2, 5, 7, 8

*Fed. R. Civ. P.*, Supplemental Rules for Certain Admiralty and Maritime Claims,
    Rule B................................................................................................1, 6, 7

*Fed. R. Civ. P.*, Supplemental Rules for Certain Admiralty and Maritime Claims,
    Rule E...................................................................................................1, 3

## PRELIMINARY STATEMENT

This application is presented on behalf of the Defendant, Agrocorp International Pte. Ltd. (hereinafter "Agrocorp"). With this application, the Defendant Agrocorp respectfully requests that the Court enter judgment on its Order of September 4, 2007, denying the Defendant Agrocorp's Motion to Vacate Process of Maritime Attachment, and that the Court certify its Order for immediate appeal pursuant to 28 U.S.C. § 1292 (b).

## BACKGROUND

This action was instituted by Plaintiff Prestigious Shipping Co., Ltd. (hereinafter "Prestigious") pursuant to Admiralty Rule B to obtain security for a maritime claim that is being arbitrated in London. The Plaintiff Prestigious applied for, and obtained, an *ex parte* Process of Maritime Attachment authorizing the Plaintiff to restrain Agrocorp's property up to the amount of $2,160,761.06 that could be found in the possession of garnishee banks located within the Southern District of New York. The sums of $604,036.93, $9,954.00 and $139,541.16, for a total of $753,532.09, have been restrained pursuant to the Process of Maritime Attachment.

The defendant Agrocorp and non-party Indian Bank moved to vacate the attachment on several grounds, including: Vacatur is appropriate under the limited circumstances articulated in the Second Circuit decision of <u>Aqua Stoli</u> because both the Plaintiff and Defendant are based in Singapore; and, the EFT payment restrained by garnishee American Express Bank Ltd. was the sole property of the Indian Bank and not the defendant Agrocorp. On September 4, 2007, at a Rule E hearing, the Court denied the motions of Agrocorp and

Indian Bank whereby they sought to vacate the attachments. *See*, Exhibit A, Transcript of Hearing on September 4, 2007.

It has been held by the United States Court of Appeals for the Second Circuit that an Order denying a Motion to Vacate Process of Maritime Attachment is not a final judgment and, therefore, such an order is not immediately appealable. *See*, <u>Allied Marine Services, Ltd. v. LMJ International Ltd.</u>, 07-0084-cv (2nd Cir. March 22, 2007), *citing to*, <u>Drys Shipping Corp. v. Freights, Sub-Freights, Charter Hire</u>, 558 F.2d 1050, 1052 (2nd Cir. 1977). Nevertheless, the district court may certify its order for appeal pursuant to 28 U.S.C. § 1292 (b). The district courts for the Southern District of New York have, on several occasions, found that Orders denying a Motion to Vacate a Process of Maritime Attachment warrant immediate review on appeal. *See e.g.*, <u>Consub Delaware LLC v. Schahin Engenharia Limitada</u>, 476 F. Supp. 2d 305, 313 (S.D.N.Y. 2007) (copy attached at Exhibit A) and <u>Navalmar (U.K.) Ltd. v. Welspun Gujurat Stahl Rohren, Ltd.</u>, 07 Civ. 372 (AKH) (S.D.N.Y. May 14, 2007)(copy of Order Granting Motion for Certification attached at Exhibit B).

## THE STANDARD FOR CERTIFICATION

Appeals of interlocutory district court orders are governed by 28 U.S.C. § 1292(b). Under section 1292(b), the order being appealed "involves a controlling question of law as to which there is substantial ground for difference of opinion," and the movant must also show that "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292 (b).

Leave to appeal is warranted only when the movant demonstrates the existence of "exceptional circumstances", <u>Williston v. Eggleston</u>, 410 Supp. 2d 274, 276 (S.D.N.Y.

2006), sufficient to overcome the "general aversion to piecemeal litigation, <u>In re Arochem Corp.</u>, 176 F.3d 610, 619 (2nd Cir. 1999), and to "justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." <u>In re Flor</u>, 79 F.3d 281, 284 (2nd Cir. 1996). Interlocutory appeal "is limited to 'extraordinary cases where appellate review might avoid protracted and expensive litigation,' . . . and is not intended as a vehicle to provide early review of difficult rulings in hard cases." <u>In re Levine</u>, 2004 U.S. Dist. LEXIS 6025 (S.D.N.Y. April 8, 2004).

The decision whether to grant an interlocutory appeal from a district court order lies within the district court's discretion. <u>Consub Delaware</u>, 476 F. Supp. at 309, *citing to*, <u>Swint v. Chambers County Comm'n</u>, 514 U.S. 35, 47, 115 S. Ct. 1203, 131 L. Ed. 2d 60 (1995) ("district courts [have] first line discretion to allow interlocutory appeals.").

## THE COURT'S ORDER DENYING THE MOTIONS TO VACATE SHOULD BE CERTIFIED FOR IMMEDIATE APPEAL

### THE COURT'S ORDER INVOLVES A CONTROLLING QUESTION OF LAW

The Court's decision upholding the attachment against Agrocorp was based on the view that the circumstances of this case did not present one of the limited grounds for vacatur approved by the Court of Appeals for the Second Circuit in <u>Aqua Stoli</u> despite the fact that both the Plaintiff and Defendant were located in Singapore. *See*, Exhibit A, Tr. 25:11-13. In <u>Aqua Stoli</u>, the Court of Appeals stated:

> We also believe vacatur is appropriate in other limited circumstances. While, as we have noted, the exact scope of a district court's vacatur power is not before us, we believe that a district court may vacate the attachment if the defendant shows at the Rule E hearing that 1) the defendant is subject to suit in a convenient adjacent jurisdiction; 2) the plaintiff could obtain in personam jurisdiction over the defendant in the district where the plaintiff is

3

located; or 3) the plaintiff has already obtained sufficient security for the potential judgment, by attachment or otherwise.

Aqua Stoli Shipping Ltd. v. Gardiner Smith Pty Ltd., 460 F. 3d 434, 445 (2d Cir. 2006).

In its motion presented to the district court, Agrocorp argued that in accordance with the equitable grounds set forth in Aqua Stoli, the attachment should be vacated because the plaintiff, who was located in Singapore, could obtain *in personam* jurisdiction over the defendant in Singapore, who was also located in Singapore and, apart from that, the parties were arbitrating the claim in London in accordance with the terms of their contract. The district court, however, disagreed. Instead, the district court held that "district" can only have meant a district in the United States. In this regard, the Court stated: "But it seems to me, that what the Circuit Court very clearly said is that I could vacate the attachment if both parties were present in the same district, which is a term of art under federal jurisprudence, and refers to a district court within the United States Federal Court System, not someplace overseas." *See*, Exhibit A, Hearing Transcript at 6:14-19.

There was no valid dispute in the prior proceedings that Plaintiff, Prestigious, and Defendant, Agrocorp, were both located in Singapore. As the pertinent facts are not in dispute, the Court's Order involves a controlling question of law as to the scope of the equitable exceptions to maritime attachment that were approved by the Court of Appeals in Aqua Stoli. Should the Court of Appeals for the Second Circuit accept jurisdiction, those who litigate maritime claims in this Circuit and the other courts in this district will benefit from a clarification of the law governing the issues raised in the Motion to Vacate the Process of Maritime

4

Attachment, i.e. the scope of the equitable grounds for vacatur. *See e.g.*, <u>Navalmar</u>
<u>(U.K.) Ltd. v. Welspun Gujarat Stahl Rohren, Ltd.</u>, 07 Civ. 372 (AKH) (S.D.N.Y.
May 14, 2007)(Order Granting Motion for Certification at Exhibit B, wherein Judge
Hellerstein noted: "In addition, those who litigate maritime claims in this Circuit will
benefit, should the Court of Appeals for the Second Circuit accept jurisdiction, from a
clarification of the law governing the issues raised by the parties in this action."").
Accordingly, consistent with 28 U.S.C. § 1292 (b), the Court's Order involves a
controlling question of law.

THE ISSUE OF LAW PRESENTS A
SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION

The question of law to be determined on appeal with respect to the
challenged order is: whether the Second Circuit intended the equitable exception to
maritime attachment to be interpreted so narrowly or whether the Second Circuit
intended to leave open the application of the exception to other situations where the
parties were both present in the same foreign "district", but were not present in the
same U.S. "district". This question, we submit, presents substantial ground for
difference of opinion. This is especially so because this was not a point that was
argued or resolved in <u>Aqua Stoli</u>, and there is no real guidance as to what the
Second Circuit had in mind when it created this exception.

The parties in <u>Aqua Stoli</u> were a one-ship Liberian company managed in
Latvia and a trading company in Australia and, therefore, the equitable exception
as may have applied to parties located in the same foreign district was never fully
addressed and, most certainly, would not have been applicable in that case.

5

However, since the availability to attach EFT payments became widespread after the Court of Appeal's decision in Winter Storm Shipping, Ltd. v. TPI, 310 F. 3d 263 (2nd Cir. 2002), practically every Rule B case is now between foreign companies and there is rarely, if ever, a case between two U.S. companies. Yet, if the narrow interpretation applied by the district court is correct – that "district" can only mean a court district in the United States – it would mean that the Second Circuit created an exception that could only apply in the extremely rare case where both the plaintiff and defendant were companies with offices in the same "district" in the United States. With due regard for the context of the Aqua Stoli decision and the fundamental unfairness involved with permitting the extraordinary remedy of prejudgment attachment when normal civil proceedings are readily available, this is open to question and, we respectfully submit, there is substantial ground for difference of opinion on the issue.

Apart from that, and as this Court has recognized, see, Hearing Tr. 6:20, at least one other Judge in this district has taken the view that the equitable exception to attachment should not be construed so narrowly. In OGI Oceangate Transportation Co., Ltd. v. RP Logistics PVT. Ltd., 2007 U.S. Dist. LEXIS 46841 * 16 (June 21, 2007), Judge Sweet held that the equitable exception was applicable where the plaintiff and defendant were both present in the same jurisdiction in India. Thus, Judge Sweet of this district has a difference of opinion on the issue and the plaintiff, Prestigious, was unable to cite to any precedent for the opposition proposition that "district" had to mean a U.S. federal judicial district.

The issue of law does present substantial grounds for difference of opinion, and the Defendant Agrocorp satisfies the initial requirement of 28 U.S.C. § 1292 (b).

AN IMMEDIATE APPEAL WOULD MATERIALLY ADVANCE
THE ULTIMATE TERMINATION OF THE LITIGATION

Interlocutory review of the Court's will materially advance the termination of the litigation in this Court. Prestigious' complaint seeks no other relief, and it serves no other purpose than to obtain security under Rule B in aid of the arbitration that is taking place in London. If the Second Circuit reverses the Order, then, there will be nothing left for the Court to decide and the litigation will end.

Furthermore, an interlocutory appeal of this case raises none of the other concerns typically associated with the general rule against interlocutory appeals. As noted by Judge Kaplan when certifying an Order denying a motion to vacate a maritime attachment:

> Thus, an interlocutory appeal of this case implicates none of the concerns
> typically associated with interlocutory appeals – that it would "prolong
> judicial proceedings, add delay and expense to litigants, burden appellate
> courts, and present issues for decisions on uncertain and incomplete
> records, tending to weaken the precedential value of judicial opinions." In
> re World Trade Ctr. Disaster Site Litig., 469 F. Supp. 2d 134, 144)
> (S.D.N.Y. 2007)(citing Koehler v. Bank of Bermuda Ltd., 101 F.3d 863,
> 865 (2nd Cir. 1996).

Navalmar (U.K.) Ltd. v. Welspun Gujurat Stahl Rohren, Ltd., 07 Civ. 372 (AKH) (S.D.N.Y. May 14, 2007)(Order Granting Motion for Certification at Exhibit B).

Accordingly, it is respectfully submitted that the Defendant Agrocorp's request satisfies the second prong of 28 U.S.C. § 1292 (b).

7

## CONCLUSION

For the reason set forth herein, the Defendant Agrocorp's application for certification for interlocutory appeal pursuant to § 1292 (b) should be granted. This is one of those exceptional cases, following a relatively recent decision from the Court of Appeals, where a departure from the basic policy of postponing appellate review until after the entry of a final judgment is warranted so that the Court of Appeals can clarify the scope of one of the equitable exceptions to the availability of maritime attachment.

Dated: Port Washington, New York
      September 18, 2007

                    CHALOS O'CONNOR & DUFFY
                    Attorneys for Defendant,
                    AGROCORP INTERNATIONAL PTE. LTD.

By:                _____
                    Owen F. Duffy (OD-3144)
                    George E. Murray (GM-4172)
                    366 Main Street
                    Port Washington, New York 11050
                    Tel:     516-767-3600
                    Telefax: 516-767-3605
                    Email: ofd@codus-law.com

To:    Via ECF
        Waesche, Scheinbaum & O'Regan, P.C.
        Attorneys for the Plaintiff,
        PRESTIGIOUS SHIPPING CO. LTD.
        111 Broadway, 4th Floor
        New York, NY 10006

        Attn:   John R. Foster, Esq

8