```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/1/07
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x

PRESTIGIOUS SHIPPING Co. Ltd,

                Plaintiff,

-against-                            07 CV 7107 (CM)

AGROCORP INTERNATIONAL PTY LTD.,

                Defendants.
---------------------------------------x

## DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR AN ORDER CERTIFYING THE COURT'S DENIAL OF DEFENDANT'S MOTION TO VACATE THE MARITIME ATTACHMENT

McMahon, J.:

    Defendant asks this Court to certify this case for interlocutory appeal because it believes the Second Circuit in *Aqui Stoli Shipping Ltd. v. Gardiner Smith Pty. Ltd.*, 460 F.2d 434, 436 (2d Cir 2006), created an equitable exception to maritime attachment where parties are located in the same foreign jurisdiction. Defendant argues that since both plaintiff and defendant are based in Singapore, the attachment should be vacated.

    Aqua Stolli does not provide for the exception defendant asks the court to apply:

> We believe that an attachment may be vacated only in certain limited circumstances. Although the precise boundaries of a district court's vacatur power are not before us, we are persuaded that vacatur may be warranted when the defendant can show that it would be subject to *in personam* jurisdiction in another jurisdiction convenient to the plaintiff. *See Integrated*, 476 F.Supp. at 124 *cf. Det Bergenske Dampskibsselskab v. Sabre Shipping Corp.*, 341 F.2d 50, 52-53 (2d Cir.1965) (discussing, but not resting on, the district court's vacatur of an attachment issued in the Eastern District because the defendant was present in the Southern District). The concept of "convenience," however, is a narrowly circumscribed one: A district court may vacate a maritime attachment only if the defendant would be subject to an *in personam* lawsuit in a jurisdiction adjacent to the one in which the attachment proceedings were brought. An "across the river" case where, for example, assets are attached in the Eastern District but the defendant is located in the Southern District

is a paradigmatic example of a case where an attachment should be vacated. It is less clear to us that a district court could vacate an attachment on convenience grounds where the adjacent district is more remote and therefore less obviously "convenient" to the plaintiff. A maritime attachment would likewise be properly vacated if the plaintiff and defendant*445 are both present in the same district and would be subject to jurisdiction there, but the plaintiff goes to another district to attach the defendant's assets. Vacatur is also proper if the defendant's assets sufficient to satisfy a judgment have already been secured elsewhere, yet plaintiff seeks a further attachment.

*Aqua Stoli*, 460 F.3d at 444-445.

As I stated at the hearing on defendant's motion to vacate, the term "district" is a term of art under federal jurisprudence and refers to a district within the United States Federal Court System. *See* Hearing Transcript 23-25. Notwithstanding Judge Sweet's lone decision holding otherwise, see OGI Oceangate Transportation Co. Ltd. V. RP Logistics PVT. Ltd., 2007 U.S. Dist LEXIS 46841*16 (June 21, 2007), *Aqua Stoli* did not grant the district court the power to vacate a maritime attachment based on the plaintiff and defendant presence in the same foreign jurisdiction. Defendant has not shown that there is a substantial ground for difference of opinion on this issue to warrant a grant of certification for interlocutory appeal.

Accordingly, defendant's motion is denied.

September 28, 2007

Colleen McMahon, U.S.D.J.