# EXHIBIT 1

WAESCHE, SHEINBAUM & O'REGAN, P.C.
Attorneys for the Plaintiff
111 Broadway, 4th Floor
New York, New York 10006
Telephone: (212) 227-3550

John R. Foster (JF3635)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

PRESTIGIOUS SHIPPING CO. LTD.,

Plaintiff,

-against-

AGROCORP INTERNATIONAL PTE. LTD.,

Defendant.

**JUDGE McMAHON**

**07 CIV 7101**

ECF CASE

<u>VERIFIED COMPLAINT</u>



AUG 09 2007
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff, Prestigious Shipping Co. Ltd. (hereinafter "Prestigious"), by its attorneys,

Waesche, Sheinbaum & O'Regan, P.C., complaining of the Defendant, Agrocorp International

Pte. Ltd. (hereinafter "Agrocorp"), alleges, upon knowledge with respect to itself and its own

acts and upon information and belief as to all other matters, as follows:

<u>JURISDICTION</u>

1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract.

The case falls within this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C.

§1333.

## THE PARTIES

2.      At all times relevant hereto, Prestigious was and still is a business entity duly organized and existing under the laws of Malta and with a place of business c/o Universal Navigation Pte. Ltd., 3, Shenton Way, 11-04, Shenton House, Singapore 068805. At all times relevant hereto, Prestigious was the owner of the self-trimming bulk carrier, *M/V Prestigious*.

3.      At all times relevant hereto, Agrocorp was and still is a business entity duly organized and existing under the laws of Singapore and with its principal place of business at 133 New Bridge Road, #22-01/02, Chinatown Point, Singapore 059413. Agrocorp is a commodity trader.

## REQUEST FOR RELIEF

4.      On or about February 21, 2005, Prestigious, as owner of the *M/V Prestigious*, and Agrocorp, as charterer, entered into a maritime contract of charter party (hereinafter "the Charter Party").

5.      Under the Charter Party Prestigious agreed to let the vessel *M/V Prestigious* to Agrocorp for the carriage of a cargo of sugar from Brazil to Bangladesh in consideration of an agreed amount of freight and an agreed rate of demurrage for port delays beyond the time allowed in the Charter Party.

6.      The vessel was duly delivered and loaded with cargo; the voyage was performed; and demurrage in the total sum of $1,464,368.06 was earned.

7.      At the discharge port of Chittagong, Agrocorp failed to secure the discharge of the entire cargo from the vessel. As a consequence of this breach of the Charter Party, Prestigious

2

incurred damages of $418,905.00 with respect to the cargo in hold #1 and $27,488.00 with respect to the cargo in hold #3.

8.    For its part, Prestigious fully performed all of its obligations under the Charter Party.

9.    Despite due demand and in breach of the Charter Party, Agrocorp has refused or otherwise failed to pay not only the earned demurrage, but also the damages from its failure to procure discharge of the vessel's entire cargo.

10.    Pursuant to the terms of the Charter Party, all claims between the parties arising out of the subject contract are subject to London arbitration, with English law to apply. Prestigious has demanded arbitration, and the proceeding is presently pending in London.

11.    This action is brought in order to obtain security in favor of Prestigious for its London arbitration claim against Agrocorp.  This action is also brought to obtain security for such additional amounts as will cover Prestigious's anticipated attorney fees and costs (including, but not limited to, arbitrator fees) in the London arbitration, as well as interest, all of which are recoverable as part of Prestigious's main claim under English law.

12.    After investigation, Agrocorp cannot be found within this District for the purpose of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, but Prestigious is informed that Agrocorp has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due to, or for the benefit of Agrocorp, including, but not limited to, assets at, being transferred through, or being transferred and/or wired to or from ABN Amro, Atlantic Bank of New York, American Express Bank, Bank of America, BNP Paribas, Calyon, Citibank, Deutsche Bank, HSBC USA Bank NA, JPMorgan

3

Chase Bank, Natexis Banques Populaires, Rabobank Nederland, Standard Chartered Bank, The Bank of New York, Wachovia Bank, and/or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

13.    The total amount of Prestigious's claim against Agrocorp sought to be attached pursuant to Rule B includes:

(a) unpaid demurrage in the sum of $1,464,368.06, as stated in Prestigious's Points of Claim in the London Arbitration;

(b) damages of $418,905.00 for Agrocorp's failure to secure delivery of the cargo in hold #1, as stated in Prestigious's Points of Claim in the London Arbitration;

(c) damages of $27,488.00 for Agrocorp's failure to secure delivery of the cargo in hold #3, as stated in Prestigious's Points of Claim in the London Arbitration; and

(d) interest, costs, arbitrator fees, and attorney fees, all inclusive, which are anticipated to at least be equal to the sum of $250,000.00, and which are recoverable under English law as part of Prestigious's main claim,

for a total claim amount sought to be attached of **$2,160,761.06.**


**WHEREFORE,** Plaintiff Prestigious Shipping Co. Ltd. prays

(a) that process in due form of law according to the practice of this Court may issue against Defendant Agrocorp International Pte. Ltd. citing it to appear and answer the foregoing, failing which a default will be taken against it for the principal claim amount of $1,910,761.06, plus interest, costs, arbitrator fees, and attorney fees of $250,000.00;

4

(b) that since the Defendant Agrocorp International Pte. Ltd. cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of Defendant Agrocorp International Pte Ltd. up to and including the amount of the claim of $2,160,761.06 be restrained and attached, including, but not limited to, any cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due, held, or being transferred for the benefit of Defendant Agrocorp International Pte. Ltd. at, through, or within the possession, custody, or control of such banking institutions including, but not limited to, ABN Amro, Atlantic Bank of New York, American Express Bank, Bank of America, BNP Paribas, Calyon, Citibank, Deutsche Bank, HSBC USA Bank NA, JPMorgan Chase Bank, Natexis Banques Populaires, Rabobank Nederland, Standard Chartered Bank, The Bank of New York, Wachovia Bank, and any such other garnishees upon whom a copy of the Process of Maritime Attachment and Garnishment issued herein may be served;

(c) that, to the extent an award is rendered against Defendant Agrocorp International Pte. Ltd. in the London Arbitration, this Court confirm such award as a judgment of the Court; and

(d) that Plaintiff Prestigious Shipping Co. Ltd. have such other, further, and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
      August 9, 2007

           WAESCHE, SHEINBAUM & O'REGAN, P.C.
           Attorneys for the Plaintiff,
           Prestigious Shipping Co. Ltd.

           By: _____
               John R. Foster

5

Attorney ID: JF3635
111 Broadway, 4th Floor
New York, New York 10006
(212) 227-3550

**VERIFICATION**

STATE OF NEW YORK      )
                                  )
COUNTY OF NEW YORK    )

JOHN R. FOSTER, being duly sworn, deposes and says:

1.    That I am a member of the Bar of this Court and am an officer of Waesche, Sheinbaum & O'Regan, P.C., attorneys for the Plaintiff herein.

2.    That I have read the foregoing Complaint and know the contents thereof, and that the same are true to the best of my knowledge, except those matters alleged upon information and belief, and as to those I believe them to be true.

3.    That the source of my information and the grounds for my belief as to all matters are documents in the possession of my firm and information provided by the Plaintiff by way of written communications with its representatives.

4.    That I am authorized to make this verification on behalf of the Plaintiff.

5.    That the reason this verification is made by me and not by the Plaintiff is that the Plaintiff is a foreign business entity, with no officers or directors presently within this District.

                                        JOHN R. FOSTER

Sworn to before me this
9th day of August, 2007

Notary Public
SHARON J. POYNTZ
NOTARY PUBLIC, State of New York
No. 43-4820992 Qualified in Richmond County
Certificate Filed in New York County
Commission Expires February 26, 2011

7

# EXHIBIT 2

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Defendant,
Agrocorp International Pte. Ltd.
366 Main Street
Port Washington, New York 110050
Telephone:    516-767-3600
Telefax:        516-767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
PRESTIGIOUS SHIPPING CO. LTD.,                    :
                                                                      :
                                                                      :
                    Plaintiff,                              :          07 CV 7101 (CM)
                                                                      :
        - against -                                        :          **ANSWER WITH**
                                                                      :          **AFFIRMATIVE**
                                                                      :          <u>**DEFENSES**</u>
AGROCORP INTERNATIONAL PTE. LTD.,      :
                                                                      :
                                                                      :
                    Defendant.                          :
-------------------------------------------------------------x

Defendant, AGROCORP INTERNATIONAL PTE. LTD., (hereinafter

"AGROCORP"), by and through its attorneys, CHALOS, O'CONNOR & DUFFY, LLP,

and having entered a restrictive appearance pursuant to Rule E (8) of the Supplemental

Rules for Certain Admiralty and Maritime Claims, hereby Answers the Verified Complaint

of Plaintiff upon information and belief as follows:

   1.      Admits the allegations contained in Paragraph "1" of Plaintiff's Verified

           Complaint.

   2.      Admits that Plaintiff PRESTIGIOUS SHIPPING CO. LTD. (hereinafter

           "PRESTIGIOUS") is located with a business address and presence in

           Singapore. Except as so specifically admitted, defendant AGROCORP

denies knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph "2" of Plaintiff's Verified Complaint.

3. Admits the allegations contained in Paragraph "3" of Plaintiff's Verified Complaint.

4. Admits the allegations contained in Paragraph "4" of Plaintiff's Verified Complaint.

5. Admits that PRESTIGIOUS agreed to let the vessel M/V PRESTIGIOUS to AGRCORP for the carriage of a cargo of sugar from Brazil to Bangladesh in consideration of an agreed amount of freight. Except as so specifically admitted, the Defendant AGROCORP denies the remaining allegations set forth in Paragraph "5" of Plaintiff's Verified Complaint.

6. Admits that the vessel, M/V PRESTIGE, was duly delivered, loaded with cargo and the voyage performed. Except as so specifically admitted, the Defendant AGROCORP denies the remaining allegations set forth in Paragraph "6" of Plaintiff's Verified Complaint.

7. Denies the allegations contained in Paragraph "7" of Plaintiff's Verified Complaint.

8. Denies the allegations contained in Paragraph "8" of Plaintiff's Verified Complaint.

9. Denies the allegations contained in Paragraph "9" of Plaintiff's Verified Complaint.

10. Admits the allegations contained in Paragraph "10" of Plaintiff's Verified Complaint.

11. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "11" of Plaintiff's Verified Complaint.

12. Admits that Defendant AGROCORP cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. Except as so specifically admitted, the Defendant AGROCORP denies the remaining allegations set forth in Paragraph "12" of the Verified Complaint are denied.

13. Denies the allegations contained in Paragraph "13" of Plaintiff's Verified Complaint.

## AS AND FOR AFFIRMATIVE DEFENSES TO THE CLAIMS SET FORTH IN THE VERIFIED COMPLAINT, DEFENDANT AGROCORP ALLEGES UPON INFORMATION AND BELIEF

### *First Separate and Complete Affirmative Defense*

14. The Verified Complaint fails to state a claim against the Defendant AGROCORP upon which relief may be granted.

### *Second Separate and Complete Affirmative Defense*

15. This Honorable Court lacks personal jurisdiction over Defendant AGROCORP.

3

### Third Separate and Complete Affirmative Defense

16.     The Plaintiff, PRESITIGIOUS, has not secured the attachment of any property belonging to the Defendant AGROCORP within this district and, therefore, the Honorable Court lacks *quasi in rem* jurisdiction over the property of the Defendant AGROCORP.

### Fourth Separate and Complete Affirmative Defense

17.     In the alternative, the Plaintiff, PRESTIGIOUS, has improperly secured the attachment of property belonging to the Defendant, AGROCORP, within this district and, therefore, the Honorable Court lacks *quasi in rem* jurisdiction over the property of the Defendant AGROCORP.

### Fifth Separate and Complete Affirmative Defense

18.     The terms of the Charter Party and/or other governing contracts between the Plaintiff, PRESTIGIOUS, and the Defendant, AGROCOPR, require that any disputes between the parties are to be arbitrated in London pursuant to English law.

### Sixth Separate and Complete Affirmative Defense

19.     The forum is inconvenient and Plaintiff's Verified Complaint should be dismissed pursuant to the doctrine of *forum non conveniens*.

### *Seventh Separate and Complete Affirmative Defense*

20.     Both the Plaintiff and the Defendant are foreign parties without any tangible

connection to the United States and, likewise, the underlying dispute, i.e.

carriage of cargo from South America to Bangladesh on board a ship

registered in Malta, does not have any tangible connection with the United

States and, therefore, this Honorable Court should exercise its discretion and

decline jurisdiction.

### *Eighth Separate and Complete Affirmative Defense*

21.     The Defendant, AGROCORP, is not liable to Plaintiff, PRESTIGIOUS, on

the causes of action alleged in the Plaintiff's Verified Complaint and,

therefore, the Plaintiff has failed to set forth a valid *prima facie* admiralty

claim.

### *Ninth Separate and Complete Affirmative Defense*

22.     Any damages claimed by Plaintiff and any delay with regard to the discharge

of cargo from the M/V PRESTIGIOUS at Chittagong, Bangladesh, which

Defendant AGROCORP denies, were caused in part or in whole by the

faults, actions or omissions of the Plaintiff, or the Plaintiff's own breaches of

the Charter Party dated February 21, 2005, or by reason of causes from

which the Defendant AGROCORP is not responsible under the terms and

conditions of the Charter Party dated February  21, 2005 and, therefore,

5

Defendant AGROCORP is not responsible to the Plaintiff for any of the damages claimed in the Verified Complaint.

### Tenth Separate and Complete Affirmative Defense

23.    Any damages sustained by the Plaintiff, as alleged in the Plaintiff's Verified Complaint were proximately, directly, and solely caused by the acts of third persons over whom Defendant AGROCORP did not have direction or control or was, otherwise, not responsible for pursuant to the terms and conditions of the Charter Party dated February 21, 2005.

### Eleventh Separate and Complete Affirmative Defense

24.    All of the Plaintiff PRESTIGIOUS' claims set forth in the Verified Complaint are barred pursuant to the terms and conditions of various settlement agreements that the Plaintiff PRESTIGIOUS entered into with various parties at the Port of Chittagong, Bangladesh pursuant to which the Plaintiff PRESTIGIOUS accepted responsibility for cargo damaged by sea water during the voyage from South America to Bangladesh, the Plaintiff PRESTIGIOUS accepted responsibility for the destruction of the damaged cargo and the Plaintiff PRESTIGIOUS paid monies in settlement to the receivers of the damaged cargo.

### Twelfth Separate and Complete Affirmative Defense

25.    Plaintiff herein has failed to mitigate its damages.

6

#### *Twelfth Separate and Complete Affirmative Defense*

26.    This Answer is made without waiver of any jurisdictional defenses or rights

to arbitrate that may exist between the parties.


## RESERVATION OF RIGHTS TO ASSERT A COUNTERCLAIM

27.    The solicitors representing the Defendant Agrocorp in the London

Arbitration report that, based on recent developments involving the

receivers of the cargo carried on board the M/V PRESTIGIOUS, they are

considering and/or anticipating to file and serve supplemental

pleadings in the London Arbitration on behalf of Defendant Agrocorp so as

to assert a substantial counterclaim against the Plaintiff Prestigious.

28.    Under the circumstances, and consistent with F.R.C.P. Rule 15, the

Defendant Agrocorp specifically reserves its right to amend its pleadings,

either as a matter of right, by leave of court or on consent of the plaintiff, to

amend its pleading in this action so as to assert a counterclaim against the

Plaintiff Prestigious and, if necessary, to seek countersecurity from the

Plaintiff Prestigious in accordance with Supplemental Rule E of the

F.R.C.P.

**WHEREFORE,** Defendant AGROCORP INTERNATIONAL PTE. LTD. demands judgment:

a) Dismissing the Complaint herein, together with costs and disbursements of this action;

b) An Order vacating the Writ of Attachment and Garnishment issued against the property of the Defendant AGROCORP;

c) An Order directing all garnishees holding property of the Defendant AGROCORP to release said property to the Order of AGROCORP; or, in the alternative,

d) An Order awarding Defendant AGROCORP its legal expenses and attorneys fees incurred in defending the present action; and,

e) Such other, additional and further relief as the Court may deem to be just and proper in the circumstances of this case.

Dated: Port Washington, New York
        August 30, 2007

                    CHALOS O'CONNOR & DUFFY
                    Attorneys for Defendant,
                    AGROCORP INTERNATIONAL PTE. LTD.

By:

                    Owen F. Duffy (OD-3144)
                    George E. Murray (GM-4172)
                    366 Main Street
                    Port Washington, New York
                    11050
                    Tel:     516-767-3600
                    Telefax: 516-767-3605
                    Email: ofd@codus-law.com

8

To:   <u>Via ECF</u>
Waesche, Scheinbaum & O'Regan, P.C.
Attorneys for the Plaintiff,
PRESTIGIOUS SHIPPING CO. LTD.
111 Broadway, 4th Floor
New York, NY 10006

Attn:  John R. Foster, Esq

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Defendant,
Agrocorp International Pte. Ltd.
366 Main Street
Port Washington, New York 110050
Telephone:    516-767-3600
Telefax:        516-767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
PRESTIGIOUS SHIPPING CO. LTD.,                   :
                                                  :
                                                  :
                          Plaintiff,              :        07 CV 7101 (CM)
                                                  :
        - against -                               :
                                                  :        **VERIFICATION**
                                                  :
AGROCORP INTERNATIONAL PTE. LTD.,                 :
                                                  :
                                                  :
                          Defendant.              :
-------------------------------------------------------------x

STATE OF NEW YORK        :
                          : ss.
COUNTY OF NASSAU         :

        BEFORE ME, the undersigned authority, personally came and appeared George E.
Murray who, after being duly sworn, did depose and state:

        That he is a partner in the law firm of Chalos, O'Connor & Duffy LLP, counsel for
the Defendant, AGROCORP INTERNATIONAL PTE. LTD. (hereinafter
"AGROCORP"), herein;

        That he has read the foregoing Answer with Affirmative Defenses and knows the
contents thereof; and

That he believes the matters to be true based on documents and information obtained from employees and representatives of the Defendant AGROCORP through its agents, underwriters and attorneys.

The reason that this verification was made by deponent and not by the Defendant AGROCORP is because Defendant AGROCORP is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

Dated: Port Washington, New York
      August 30, 2007

                                        CHALOS, O'CONNOR & DUFFY
                                        Attorneys for Defendant,
                                        AGROCORP INTERNATIONAL PTE. LTD.

By:                                       
                                        Owen F. Duffy (OD-3144)
                                        366 Main Street
                                        Port Washington, New York 11050
                                        Telephone: 516-767-3600
                                        Telefax:    516-767-3605

Subscribed and sworn to before me this
August 30, 2007

Notary Public, State of New York
      GEORGE E. MURRAY
Notary Public, State of New York
      No. 02MU6108120
Qualified in New York County
Commission Expires April 12, 2008

# EXHIBIT 3

 

**APPROVED INTERNATIONAL TRADER**

MENU | HOME | ABOUT US | PRODUCTS | MEMBER REGISTRATION | PRESS ROOM | CAREERS | CONTACT US

## contact us
call us to enquire

AGROCORP INTERNATIONAL PTE LTD | LOCATION

Our address is as follows:

**AGROCORP INTERNATIONAL PTE LTD**
133, New Bridge Road #22-01/02
Chinatown Point, Singapore 059413
Tel : +65 65344878
Fax: +65 65341426
Tx: RS24806 AGINT
E-Mail: ag@agrocorp.com.sg

If you have any comments/enquiries you can
contact us at

Contact our overseas offices here.

\* Name: _____

\* Designation: _____

\* Email: _____

Company: _____

Contact No: _____

Comment:

SEND

*DENOTES COMPULSORY FIELDS.

# EXHIBIT 4

 **AGROCORP**
INTERNATIONAL PTE LTD



APPROVED INTERNATIONAL TRADER

MENU | HOME | ABOUT US | PRODUCTS | MEMBER REGISTRATION | PRESS ROOM | CAREERS | CONTACT US



CONNECTING YOU TO BOUNDLESS OPPORTUNITES

COMPANY | PROFILE

Agrocorp International Pte Ltd was established in 1990. Over the years the Company has grown and diversified into an INTERNATIONAL COMMODITY TRADING HOUSE. Specialising in the physical trading of Agricultural Commodities such as RICE, WHEAT, PULSES & BEANS, SUGAR, ANIMAL & BIRD FEED, OIL SEEDS, STEEL, COAL, CEMENT AND FERTILISERS the company is a NICHE PLAYER in the Asia Pacific Regioni in Agro Commodities and a specialist in the structure of COUNTER TRADE and BARTER. In 1995 the company was awarded the APPROVED INTERNATIONAL TRADER status by TDB and had the same renewed for a further period of 5 years in 2000. Agrocorp has also been successfully listed among the top 50 privately held companies in Singapore for 5 years in the "ENTERPRISE 50 AWARD" from 1998 to 2003. We have been ranked in the SINGAPORE 1000 since 2000.

more >>

PRODUCTS | PLEASE SELECT A CATEGORY

Pulses and Beans
Nuts & Allied Products
Cereals
Animal Feed
Bird Feed
Oil Seeds
Spices
Steel
Miscellaneous Products

# EXHIBIT 5

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8|0|07
```

*Memahon, J*

**WAESCHE, SHEINBAUM & O'REGAN, P.C.**
Attorneys for the Plaintiff
111 Broadway, 4th Floor
New York, New York 10006
Telephone: (212) 227-3550
John R. Foster (JF3635)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ECF CASE

PRESTIGIOUS SHIPPING CO. LTD.,

          **Plaintiff,**

    -against-

AGROCORP INTERNATIONAL PTE. LTD.,

          **Defendant.**

**EX PARTE ORDER DIRECTING**
**PROCESS OF MARITIME**
**ATTACHMENT AND**
**GARNISHMENT**

Upon reviewing the Verified Complaint of the Plaintiff herein, verified on the 9th day of August, 2007, and the affidavit of John R. Foster, sworn to on the same day, that to the best of his information and belief the Defendant, Agrocorp International Pte. Ltd., cannot be found within this District for the purpose of an attachment under Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and the Court having found that the conditions required by Supplemental Rule B(1) appear to exist,

    **NOW**, upon motion of Waesche, Sheinbaum & O'Regan, P.C., attorneys for the Plaintiff, it is hereby

    **ORDERED** that the Clerk of this Court is directed forthwith to issue Process of Maritime Attachment and Garnishment for seizure of all tangible and intangible property belonging to, claimed by, or being held for the Defendant, Agrocorp International Pte. Ltd., by ABN Amro, Atlantic Bank of New York, American Express Bank, Bank of America, BNP Paribas, Calyon,

Citibank, Deutsche Bank, HSBC USA Bank NA, JPMorgan Chase Bank, Natexis Banques

Populaires, Rabobank Nederland, Standard Chartered Bank, The Bank of New York, Wachovia

Bank, and/or any other garnishee within this District on whom a copy of the Process of Maritime

Attachment and Garnishment may be served, including, but not limited to, electronic fund

transfers originated by, payable to, or otherwise for the benefit of the Defendant, Agrocorp

International Pte. Ltd., whether to or from the garnishee bank, in an amount up to and including

$2,160,761.06 pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime

Claims of the Federal Rules of Civil Procedure; and it is further

    **ORDERED** that any person claiming an interest in the property attached or garnished

pursuant to said Order shall, upon application to the Court, be entitled to a prompt hearing at

which the Plaintiff shall be required to show why the attachment and garnishment should not be

vacated or other relief granted; and it is further

    **ORDERED** that supplemental process enforcing the Court's Order may be issued by the

Clerk upon application without further Order of the Court; and it is further

    **ORDERED** that following initial service by the United States Marshal or other

designated person upon a garnishee, supplemental service of the Process of Maritime Attachment

and Garnishment, as well as this Order, may thereafter be made by way of facsimile transmission

or other verifiable electronic means, including e-mail, to each garnishee so personally served,

provided the garnishee consents, and such subsequent service by facsimile or e-mail, if

transmitted from within the District, shall be deemed to have been made within the District; and

it is further

**ORDERED** that service on any garnishee as described above is deemed effective continuous service throughout the day from the time of such service through the opening of the garnishee's business the next business day provided the garnishee consents; and it is further

**ORDERED** that pursuant to F.R.C.P. 5(b)(2)(D) each garnishee may consent, in writing, to accept service by any other means; and it is further

**ORDERED** that a copy of this Order be attached to and served with said Process of Maritime Attachment and Garnishment.

Dated: New York, New York
       August 9, 2007

SO ORDERED.

_____
                    U.S.D.J.

A CERTIFIED COPY
J. MICHAEL McMAHON,        CLERK

BY _____
                    DEPUTY CLERK

3