# EXHIBIT 10

WAESCHE, SHEINBAUM & O'REGAN, P.C.
Attorneys for the Plaintiff
111 Broadway, Suite 401
New York, New York 10006
Telephone: (212) 227-3550
John R. Foster (JF3635)

**ECF CASE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PRESTIGIOUS SHIPPING CO. LTD.,

                       **Plaintiff,**

      -against-

AGROCORP INTERNATIONAL PTE LTD.,

                    **Defendant.**

**AFFIDAVIT IN OPPOSITION
TO MOTIONS TO VACATE
<u>MARITIME ATTACHMENT</u>**

STATE OF NEW YORK    )
                :     ss:
COUNTY OF NEW YORK )

      JOHN R. FOSTER, being duly sworn, deposes and says:

      1. I am a member of the Bar of this Court and am an officer of Waesche,

Sheinbaum & O'Regan, P.C., attorneys for the Plaintiff herein. I submit this affidavit in

opposition to the pending motions by Defendant Agrocorp International Pte. Ltd. and non-party

Indian Bank to vacate the attachment of funds at American Express Bank.

      2. Pursuant to the Court's Order of August 9, 2007, the Clerk issued Process of

Maritime Attachment and Garnishment ("PMAG"). A true copy of the August 9 Order (signed

by Chief Judge Wood) is attached hereto as **Exhibit 1**. A true copy of the PMAG is attached

hereto as **Exhibit 2**.

      3. On August 13 Michael Griffin of my office served copies of the August 9

Order and the PMAG by hand on the offices of Zeichner Ellman & Krause, LLP. That firm

represents American Express Bank, and it accepts service of PMAG on behalf of American

Express Bank. Thereafter, daily supplemental service was made on the Bank by email to

Zeichner Ellman, again pursuant to the procedures established by the Bank.

    4. On August 20, 2007, I received two telephone calls from Ms Martha Fletcher, a

paralegal at the Zeichner Ellman firm. It is my understanding that Ms Fletcher handles the

PMAGs at that firm. In the first telephone call she advised that, in response to the PMAG,

American Express Bank had blocked two wire transfers described as originating from Agrocorp

in Singapore. The amounts of these transfers were $9,954.00 and $604,036.93. Later that same

day, she called again and advised that the Bank had blocked a further Agrocorp transfer of

$139,541.16.

    5. Attached as **Exhibit 3** are true copies of my emails to Ms Fletcher confirming

the blocking of these three transfers.

    6. I have given Ms Fletcher notice of the pendency of these motions and offered

to provide Zeichner Ellman with copies of the various motion papers.

    7. I have been advised by Plaintiff's solicitors that Prestigious Shipping is a

company registered and located in Malta; that its commercial managers are Universal Navigation

in Singapore; and that its technical managers are Marine Fleet Management located in Karachi,

Pakistan.

JOHN R. FOSTER

Subscribed and sworn to before me this
4th day of September, 2007

Notary Public
SHARON J. POYNTZ
NOTARY PUBLIC, State of New York
No. 43-4820992 Qualified in Richmond County
Certificate Filed in New York County
Commission Expires February 28, 2011

-2-

# EXHIBIT 11

**Owen Duffy**

| | |
|---|---|
| **From:** | John R. Foster [j.foster@waeschelaw.com] |
| **Sent:** | Monday, October 01, 2007 6:08 PM |
| **To:** | Owen Duffy |
| **Cc:** | Laura Fares |
| **Subject:** | Prestigious Shipping v Agrocorp |

Owen:

1. Please be advised that this afternoon Prestigious Shipping blocked $1,407,228.97 at the Bank of America.

2. The EFT originated with James Richardson International Ltd. in Winnipeg, was for $2.16 million, and was destined for Agrocorp.

3. I instructed the Bank to sequester $1,407,228.97 and release the balance to Agrocorp.

4. As the Plaintiff's claim is now fully secured, I will stop the daily supplemental service on the various garnishee banks.

If you have any questions, please let me know.

John Foster

# EXHIBIT 12

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Defendant,
Agrocorp International Pte. Ltd.
366 Main Street
Port Washington, New York 110050
Telephone:    516-767-3600
Telefax:    516-767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
PRESTIGIOUS SHIPPING CO. LTD.,                    :
                                                  :
                                                  :
                                                  :
                    Plaintiff,                    :        07 CV 7101 (CM)
                                                  :
        - against -                               :        **AMENDED ANSWER**
                                                  :        **WITH AFFIRMATIVE**
                                                  :        **DEFENSES AND**
AGROCORP INTERNATIONAL PTE. LTD.,                 :        **COUNTERCLAIM**
                                                  :
                                                  :
                    Defendant.                    :
-------------------------------------------------------------x

Defendant, AGROCORP INTERNATIONAL PTE. LTD., (hereinafter

"AGROCORP"), by and through its attorneys, CHALOS, O'CONNOR & DUFFY, LLP,

and having entered a restrictive appearance pursuant to Rule E (8) of the Supplemental

Rules for Certain Admiralty and Maritime Claims, hereby Answers the Verified Complaint

of Plaintiff upon information and belief as follows:

1.      Admits the allegations contained in Paragraph "1" of Plaintiff's Verified

        Complaint.

2.      Admits that Plaintiff PRESTIGIOUS SHIPPING CO. LTD. (hereinafter

        "PRESTIGIOUS") is located with a business address and presence in

Singapore. Except as so specifically admitted, defendant AGROCORP denies knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph "2" of Plaintiff's Verified Complaint.

3.  Admits the allegations contained in Paragraph "3" of Plaintiff's Verified Complaint.

4.  Admits the allegations contained in Paragraph "4" of Plaintiff's Verified Complaint.

5.  Admits that PRESTIGIOUS agreed to let the vessel M/V PRESTIGIOUS to AGRCORP for the carriage of a cargo of sugar from Brazil to Bangladesh in consideration of an agreed amount of freight. Except as so specifically admitted, the Defendant AGROCORP denies the remaining allegations set forth in Paragraph "5" of Plaintiff's Verified Complaint.

6.  Admits that the vessel, M/V PRESTIGE, was duly delivered, loaded with cargo and the voyage performed. Except as so specifically admitted, the Defendant AGROCORP denies the remaining allegations set forth in Paragraph "6" of Plaintiff's Verified Complaint.

7.  Denies the allegations contained in Paragraph "7" of Plaintiff's Verified Complaint.

8.  Denies the allegations contained in Paragraph "8" of Plaintiff's Verified Complaint.

9.  Denies the allegations contained in Paragraph "9" of Plaintiff's Verified Complaint.

2

10.    Admits the allegations contained in Paragraph "10" of Plaintiff's Verified Complaint.

11.    Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "11" of Plaintiff's Verified Complaint.

12.    Admits that Defendant AGROCORP cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. Except as so specifically admitted, the Defendant AGROCORP denies the remaining allegations set forth in Paragraph "12" of the Verified Complaint are denied.

13.    Denies the allegations contained in Paragraph "13" of Plaintiff's Verified Complaint.

### AS AND FOR AFFIRMATIVE DEFENSES TO THE CLAIMS SET FORTH IN THE VERIFIED COMPLAINT, DEFENDANT AGROCORP ALLEGES UPON INFORMATION AND BELIEF

#### *First Separate and Complete Affirmative Defense*

14.    The Verified Complaint fails to state a claim against the Defendant AGROCORP upon which relief may be granted.

#### *Second Separate and Complete Affirmative Defense*

15.    This Honorable Court lacks personal jurisdiction over Defendant AGROCORP.

### *Third Separate and Complete Affirmative Defense*

16.   The Plaintiff, PRESITIGIOUS, has not secured the attachment of any property belonging to the Defendant AGROCORP within this district and, therefore, the Honorable Court lacks *quasi in rem* jurisdiction over the property of the Defendant AGROCORP.

### *Fourth Separate and Complete Affirmative Defense*

17.   In the alternative, the Plaintiff, PRESTIGIOUS, has improperly secured the attachment of property belonging to the Defendant, AGROCORP, within this district and, therefore, the Honorable Court lacks *quasi in rem* jurisdiction over the property of the Defendant AGROCORP.

### *Fifth Separate and Complete Affirmative Defense*

18.   The terms of the Charter Party and/or other governing contracts between the Plaintiff, PRESTIGIOUS, and the Defendant, AGROCOPR, require that any disputes between the parties are to be arbitrated in London pursuant to English law.

### *Sixth Separate and Complete Affirmative Defense*

19.   The forum is inconvenient and Plaintiff's Verified Complaint should be dismissed pursuant to the doctrine of *forum non conveniens.*

### *Seventh Separate and Complete Affirmative Defense*

20.    Both the Plaintiff and the Defendant are foreign parties without any tangible connection to the United States and, likewise, the underlying dispute, i.e. carriage of cargo from South America to Bangladesh on board a ship registered in Malta, does not have any tangible connection with the United States and, therefore, this Honorable Court should exercise its discretion and decline jurisdiction.

### *Eighth Separate and Complete Affirmative Defense*

21.    The Defendant, AGROCORP, is not liable to Plaintiff, PRESTIGIOUS, on the causes of action alleged in the Plaintiff's Verified Complaint and, therefore, the Plaintiff has failed to set forth a valid *prima facie* admiralty claim.

### *Ninth Separate and Complete Affirmative Defense*

22.    Any damages claimed by Plaintiff and any delay with regard to the discharge of cargo from the M/V PRESTIGIOUS at Chittagong, Bangladesh, which Defendant AGROCORP denies, were caused in part or in whole by the faults, actions or omissions of the Plaintiff, or the Plaintiff's own breaches of the Charter Party dated February 21, 2005, or by reason of causes from which the Defendant AGROCORP is not responsible under the terms and conditions of the Charter Party dated February 21, 2005 and, therefore,

5

Defendant AGROCORP is not responsible to the Plaintiff for any of the damages claimed in the Verified Complaint.

### *Tenth Separate and Complete Affirmative Defense*

23.     Any damages sustained by the Plaintiff, as alleged in the Plaintiff's Verified Complaint were proximately, directly, and solely caused by the acts of third persons over whom Defendant AGROCORP did not have direction or control or was, otherwise, not responsible for pursuant to the terms and conditions of the Charter Party dated February 21, 2005.

### *Eleventh Separate and Complete Affirmative Defense*

24.     All of the Plaintiff PRESTIGIOUS' claims set forth in the Verified Complaint are barred pursuant to the terms and conditions of various settlement agreements that the Plaintiff PRESTIGIOUS entered into with various parties at the Port of Chittagong, Bangladesh pursuant to which the Plaintiff PRESTIGIOUS accepted responsibility for cargo damaged by sea water during the voyage from South America to Bangladesh, the Plaintiff PRESTIGIOUS accepted responsibility for the destruction of the damaged cargo and the Plaintiff PRESTIGIOUS paid monies in settlement to the receivers of the damaged cargo.

### *Twelfth Separate and Complete Affirmative Defense*

25.     Plaintiff herein has failed to mitigate its damages.

6

### *Thirteenth Separate and Complete Affirmative Defense*

26.    This Answer is made without waiver of any jurisdictional defenses or rights

to arbitrate that may exist between the parties.

## AS AND FOR A FIRST COUNTERCLAIM
### AGAINST PLAINTIFF PRESTIGIOUS SHIPPING CO. LTD., DEFENDANTS ALLEGE UPON INFORMATION AND BELIEF

27.    Defendant AGROCORP hereby repeats and realleges each and every

response made in this Amended Verified Answer to the allegations of the

Verified Complaint with the same force and effect as if fully set forth

herein.

28.    Plaintiff PRESITIGIOUS had an obligation to deliver cargo of sugar at

issue in this matter in the same good order and condition as it was in when

shipped.

29.    Plaintiff PRESTIGIOUS breached its obligation to deliver the cargo of

sugar at issue in this matter in the same good order and condition as it was

in when shipped.

30.    Because of Plaintiff's breach of its obligation to deliver the cargo of sugar

at issue in this matter in the same good order and condition as it was in

when shipped, the receivers of the cargo of sugar withheld payment of a

sum of US$583,180.46 from Defendant AGROCORP, which sum

AGROCORP would have received but for the breach of Plaintiff.

31.    Under these circumstances, and in the event that the Honorable Court

determines that the Plaintiff PRESTIGIOUS has a valid maritime

attachment of the Defendant AGROCORP's property, the Defendant

AGROCORP requests that the Honorable Court enters an Order directing

the Plaintiff PRESTIGIOUS, pursuant to Rule E(7)(a) of the Supplemental

Rules for Certain Admiralty and Maritime Claims to provide

US$583,180.46 as counter-security for the above-stated first

counterclaim.


### AS AND FOR A SECOND COUNTERCLAIM
### AGAINST PLAINTIFF PRESTIGIOUS SHIPPING CO. LTD., DEFENDANTS
### ALLEGE UPON INFORMATION AND BELIEF

32.    Defendant AGROCORP hereby repeats and realleges each and every

response made in this Amended Verified Answer to the allegations of the

Verified Complaint with the same force and effect as if fully set forth

herein.

33.    All of the alleged breaches of charter party and damages, as alleged by the

Plaintiff PRESTIGIOUS in its Verified Complaint, were resolved pursuant

to settlement agreements entered into by the Plaintiff PRESTIGIOUS on or

about August 7, 2005 with various third parties, including the receivers of

the sugar cargo shipped on board the M/V PRESTIGIOUS from South

America to Bangladesh, pursuant to which the Plaintiff PRESTIGIOUS

paid the sums of $1,100,000.00, and a further $500,000.00, as

compensation for delays in discharging the sugar cargo, damages to the

sugar cargo caused by the vessel and costs to discharge damaged cargo at Bangladesh, to receivers East West Trading and Musa and Sons.

34. On June 30, 2006, the Plaintiff PRESTIGOUS, in breach of its settlement agreements, accused third party receivers East West Trading and Musa and Sons of overstating their respective claims for damages and the Plaintiff PRESTIGIOUS sought reimbursement from East West Trading and Musa and Sons in the amount of $1,146,393.00[1], failing which the Plaintiff PRESTIGIOUS threatened to initiate an action to recover that sum from the receivers in the Courts of Bangladesh.

35. As a result of Plaintiff PRESTIGIOUS' accusations against East West Trading and Musa and Sons, East West Trading have advised the Defendant, AGROCORP, that Plaintiff PRESTIGIOUS is in breach of the settlement agreement dated August 7, 2005 and, consequently, East West Trading is now asserting a claim against the Defendant AGROCORP in the amount of $1,205,016.30 with respect to specific quantities of cargo that was damaged in the M/V PRESTIGIOUS' number 1 and number 3 holds when the vessel arrived in Bangladesh for discharge.

36. As a result of Plaintiff PRESTIGIOUS' failure to deliver the cargo in sound condition and breach of its settlement agreement with the receivers in respect of damaged cargo, the Defendant AGROCORP is now unnecessarily and unreasonably exposed to liability to the receivers of the

---

[1] Coincidentally, this is the very same sum that the Plaintiff PRESTIGIOUS seeks to recover from Defendant AGROCORP for demurrage.

9

cargo carried on board the M/V PRESTIGIOUS in the amount of
$1,205,016.30, plus interest and costs.

37.    Plaintiff PRESTIGIOUS' actions with regard to the receivers of the cargo
on board the M/V PRESTIGIOUS and its failure to deliver the cargo in a
sound condition constitute a breach of the Plaintiff's obligations under the
Charter Party dated February 21, 2005 and, therefore, the Plaintiff
PRESTIGIOUS will be held liable to Defendant AGROCORP
for any sums that the receivers of the cargo may recover from the
Defendant AGROCORP.

38.    In addition to the amount of $1,205,016.30, the Defendant AGROCORP
has sustained additional damages from Plaintiff PRESTIGIOUS' breach of
the charter party including: $125,000.00 for late payment of invoices from
receivers; a discount in the amount of $6.50 per metric ton for a total of
$139,750.00 that was provided to the receivers as a consequence of the
delays in discharge caused by the Plaintiff PRESTIGIOUS' breach of the
charter party.

39.    Under the circumstances, and in the event that the Honorable Court
determines that the Plaintiff PRESTIGIOUS has a valid maritime
attachment of the Defendant AGROCORP's property, the Defendant
AGROCORP requests that the Honorable Court enters an Order directing
the Plaintiff PRESTIGIOUS, pursuant to Rule E(7)(a) of the Supplemental
Rules for Certain Admiralty and Maritime Claims to provide

US$1,469,766.30 as counter-security for the above-stated second

counterclaim.

### AS AND FOR A THIRD COUNTERCLAIM
### AGAINST PLAINTIFF PRESTIGIOUS SHIPPING CO. LTD., DEFENDANTS ALLEGE UPON INFORMATION AND BELIEF

40.    Defendant AGROCORP hereby repeats and realleges each and every

response made in this Amended Verified Answer to the allegations of the

Verified Complaint with the same force and effect as if fully set forth

herein.

41.    Defendant AGROCORP has asserted counterclaims for US$583,180.46 and

US$1,205,026.30 in its "Amended Points of Defence and Counterclaim" in

the ongoing arbitration in London, England.

42.    As stated by Plaintiff PRESITIGIOUS in its Verified Complaint at

paragraph 13(d), interest, costs, arbitrator fees and attorney fees are

recoverable in arbitration under English law.

43.    As Plaintiff PRESTIGIOUS as alleged these costs to be US$250,000.00 on

its claim of US$1,910,761.06, Defendant AGROCORP, having alleged

counterclaims in the London arbitration of US$1,788,206.76, is entitled to

the same amount, US$250,000.00, as counter-security for its counterclaims

now pending in arbitration in London, England regarding this dispute.

**WHEREFORE,** Defendant AGROCORP INTERNATIONAL PTE. LTD. demands

judgment:

a) Dismissing the Complaint herein, together with costs and disbursements of this action;

b) An Order vacating the Writ of Attachment and Garnishment issued against the property of the Defendant AGROCORP;

c) An Order directing all garnishees holding property of the Defendant AGROCORP to release said property to the Order of AGROCORP; or, in the alternative,

d) In the event this Honorable Court does not vacate the Writ of Attachment and Garnishment against the property of the Defendant, AGROCORP, then the Honorable Court should enter an Order pursuant to Supplemental Rule E(7)(a) directing PRESTIGIOUS to post US$583,180.46 as counter-security in favor of Defendant, AGROCORP, for the above stated first counterclaim;

e) In the event this Honorable Court does not vacate the Writ of Attachment and Garnishment against the property of the Defendant, AGROCORP, then the Honorable Court should enter an Order pursuant to Supplemental Rule E(7)(a) directing PRESTIGIOUS to post US$1,469,766.30 as counter-security in favor of Defendant, AGROCORP, for the above stated second counterclaim;

f) In the event this Honorable Court does not vacate the Writ of Attachment and Garnishment against the property of the Defendant, AGROCORP, then the Honorable Court should enter an Order pursuant to Supplemental Rule E(7)(a) directing PRESTIGIOUS to post US$250,000.00 as counter-security in favor of Defendant, AGROCORP, for the above stated third counterclaim;

g) An Order awarding Defendant AGROCORP its legal expenses and attorneys fees incurred in defending the present action; and,

h) Such other, additional and further relief as the Court may deem to be just and proper

in the circumstances of this case.

Dated: Port Washington, New York
October 2, 2007

CHALOS O'CONNOR & DUFFY
Attorneys for Defendant,
AGROCORP INTERNATIONAL PTE. LTD.

By:

Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)
366 Main Street
Port Washington, New York
11050
Tel:    516-767-3600
Telefax: 516-767-3605
Email: ofd@codus-law.com

To:    Via ECF
Waesche, Scheinbaum & O'Regan, P.C.
Attorneys for the Plaintiff,
PRESTIGIOUS SHIPPING CO. LTD.
111 Broadway, 4th Floor
New York, NY 10006

Attn:   John R. Foster, Esq

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Defendant,
Agrocorp International Pte. Ltd.
366 Main Street
Port Washington, New York 110050
Telephone:    516-767-3600
Telefax:    516-767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

PRESTIGIOUS SHIPPING CO. LTD.,    :
                                  :
                                  :
                                  :
                    Plaintiff,    :    07 CV 7101 (CM)
                                  :
        - against -               :
                                  :    **VERIFICATION**
                                  :
AGROCORP INTERNATIONAL PTE. LTD., :
                                  :
                                  :
                    Defendant.    :
-------------------------------------------------------------x

STATE OF NEW YORK      :
                       : ss.
COUNTY OF NASSAU       :

        BEFORE ME, the undersigned authority, personally came and appeared Owen F.

Duffy who, after being duly sworn, did depose and state:

        That he is a partner in the law firm of Chalos, O'Connor & Duffy LLP, counsel for

the Defendant, AGROCORP INTERNATIONAL PTE. LTD. (hereinafter

"AGROCORP"), herein;

        That he has read the foregoing Amended Answer with Affirmative Defenses and

Counterclaim and knows the contents thereof; and

That he believes the matters to be true based on documents and information obtained from employees and representatives of the Defendant AGROCORP through its agents, underwriters and attorneys.

The reason that this verification was made by deponent and not by the Defendant AGROCORP is because Defendant AGROCORP is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

Dated: Port Washington, New York
      October 2, 2007

                               CHALOS, O'CONNOR & DUFFY
                               Attorneys for Defendant,
                               AGROCORP INTERNATIONAL PTE. LTD.

By: _____
                               Owen F. Duffy (OD-3144)
                               366 Main Street
                               Port Washington, New York 11050
                               Telephone: 516-767-3600
                               Telefax:    516-767-3605

Subscribed and sworn to before me this
October 2, 2007

Notary Public, State of New York

GEORGE E. MURRAY
Notary Public, State of New York
No. 02MU6108120
Qualified in New York County
Commission Expires April 12, 2008

# EXHIBIT 13

# HARIDASS HO & PARTNERS

*ADVOCATES & SOLICITORS* ● ● *COMMISSIONERS FOR OATHS* ● ● *NOTARY PUBLIC*

24 RAFFLES PLACE,
#18-00 CLIFFORD CENTRE,
SINGAPORE 048621

TEL: 6533 2323
FAX: 65337029 *(Not for service of Court documents)*
email: mail@hhp.com.sg

---

## *FACSIMILE*

| | | | | |
|---|---|---|---|---|
| To | : Mr Clive Aston + 44 207 0641633 Mr S R Zaiwalla SZ/SR/1111 (Fax: +442074049473) | | Date | : 06 September 2007 |
| Attention : | | | From | : R Srivathsan |
| Your Ref : | | | Our Ref | : RS/47527/2005/sz |
| Cc | : Joseph Tan Jude Benny (Fax: 62257827) Ref: 2006155418JB/SA/hh Clients Attn: Mr Ravi / Mr Vijay | | Total Pages : | 1    *(including this page)* |

**MV PRESTIGIOUS NOW KNOWN AS MV VICTORY 2**

We refer to the above matter.

We are instructed to amend our clients' Defence and to also include a Counterclaim.

Attached is a proposed Amended Defence and Counterclaim and the documents in addition to those already tendered.

We seek your leave to have the same admitted.

We assume the Claimants will be given time to file an Amended Reply and Defence to Counterclaim and await the Tribunal's directions in this regard.

Regards

R Srivathsan
Writer's DID: 62301180
Writer's Email: srivathsan@hhp.com.sg

IF YOU DO NOT RECEIVE LEGIBLE COPIES OF ALL THE PAGES PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE OR FAX
This facsimile message contains information that is confidential and which may be subject to legal privilege.
If you are not the recipient, you must not peruse, use, disseminate, distribute or copy this message.
If you have received this message by error, please notify us immediately by facsimile or telephone and return
the original to us by mail. Please notify sender immediately if part of this transmission has failed. Thank you.