UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **PRESTIGIOUS SHIPPING CO. LTD.,** <br><br> Plaintiff, <br><br> -against- <br><br> **AGROCORP INTERNATIONAL PTE. LTD.,** <br><br> Defendant. | 07 Civ. 7101 (CM) |

### PLAINTIFF'S MEMORANDUM OF LAW
### IN OPPOSITION TO MOTION FOR COUNTERSECURITY

WAESCHE, SHEINBAUM & O'REGAN, P.C.
Attorneys for the Plaintiff
111 Broadway
New York, NY 10006
(212) 227-3550

October 19, 2007

## **Table of Contents**

                                                                                                                      Page

Table of Authorities ............................................................................................... iii

Facts ..........................................................................................................................1

Argument

      THE COURT SHOULD REJECT
      AGROCORP'S APPLICATION ...............................................................................3

            Indemnification Claim...................................................................4

            Frivolous Claims...........................................................................7

            Interest and Costs........................................................................ 10

Conclusion ............................................................................................................ 12

## Table of Authorities

Page

CASES:

*Afram Lines International, Inc. v. M/V Capetan Yiannis,*
    905 F.2d 347 (11th Cir. 1990) .............................................................. 3, 4

*Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.,*
    460 F.3d 434 (2d Cir. 2006) .................................................................. 6n

*Bottiglieri di Navigazione S.p.A. v. Tradeline LLC,*
    472 F. Supp.2d 588 (SDNY 2/6/07) ........................................................6

*Distribution Services, Ltd. v. Eddie Parker Interest, Inc.,*
    897 F.2d 811 (5th Cir. 1990) ................................................................ 10n

*Finecom Shipping Ltd. v. Multi Trade Enterprises AG,*
    2005 WL 2838611 (SDNY 2005)....................................................... 3, 7, 9

*Greenwich Marine, Inc. v. S.S. Alexandra,*
    339 F.2d 901 (2d Cir. 1965) .................................................................. 6n

*J.K. International Pty Ltd. v. v. Agrikos S.A.S.,*
    2007 WL 485435 (SDNY 2/13/07) ..........................................................6

*Navalmar (U.K.) Ltd. v. Welspun Gujarat Stahl Rohren, Ltd.,*
    485 F. Supp.2d 399 (SDNY 4/24/07) ..................................................... 6-7

*Patricia Hayes Associates, Inc. v. Cammell Laird Holdings U.K.,*
    339 F.3d 76 (2d Cir. 2003) .................................................................... 6n

*Result Shipping Co., Ltd. v. Ferruzzi Trading USA Inc.,*
    56 F.3d 394 (2d Cir. 1995) ................................................................ 3, 4, 7

*Sonito Shipping Co., Ltd. v. Sun United Maritime Ltd.,*
    478 F. Supp.2d 532 (SDNY 3/16/07) ..................................................... 5-6

*T&O Shipping, Ltd. v. Lydia Mar Shipping Co. S.A.,*
    415 F. Supp.2d 310 (SDNY 2006) ...........................................................6

*Titan Navigation, Inc. v. Timsco, Inc.*,
    808 F.2d 400 (5th Cir. 1987) .......................................................................... 3, 7, 9n

*Trinidad Foundry and Fabricating, Ltd. v. M/V Kas Camilla*,
    776 F. Supp. 1555 (S.D. Fla. 1991) ......................................................................... 10

APPENDIX OF UNOFFICIALLY REPORTED CASES:

1.   *Finecom Shipping Ltd. v. Multi Trade Enterprises AG,*
       2005 WL 2838611 (SDNY 2005)

2.   *J.K. International Pty Ltd. v. v. Agrikos S.A.S.,*
       2007 WL 485435 (SDNY 2/13/07)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **PRESTIGIOUS SHIPPING CO. LTD.,**<br><br>Plaintiff,<br><br>-against-<br><br>**AGROCORP INTERNATIONAL PTE. LTD.,**<br><br>Defendant. | 07 Civ. 7101 (CM) |

Following the denial last month of its motion to vacate the maritime attachment in this case, Defendant Agrocorp International amended its answer to assert sizeable counterclaims; and it now moves pursuant to Supp.F.R.Civ.P. E(7) for countersecurity. The Plaintiff, Prestigious Shipping Co. Ltd., respectfully requests that the motion be denied in all respects.

## FACTS

The facts relevant to the motion can be briefly stated:

Prestigious Shipping is the owner of the vessel *Prestigious*. In February 2005 Prestigious Shipping chartered the ship to Agrocorp to carry a cargo of bagged sugar from Brazil to Bangladesh.

The voyage was performed, and resulted in a claim of about $1.9 million by Prestigious Shipping against Agrocorp for a) additional,

supplemental freight ("demurrage") due to delays in the voyage, and b) damages due to Agrocorp's failure to take delivery of the full cargo.

The charter party contains a London arbitration clause. In September 2006 Prestigious Shipping demanded arbitration and subsequently served its Points of Claim. Agrocorp responded with its Points of Defence. This London arbitration is presently in progress.

On August 9, 2007, Prestigious Shipping filed an action in this Court to obtain security for its maritime claim. Prestigious Shipping attached funds at American Express Bank, and Agrocorp moved by order to show cause to vacate the attachment. On September 4 the Court denied that motion. Agrocorp subsequently moved to certify that decision for an interlocutory appeal, and this motion was likewise denied.

Last month Prestigious Shipping attached additional funds at the Bank of America to complete the amount sought as security, $2,160,761.06.[1]

Following denial of its motion to vacate, Agrocorp amended its Answer to assert counterclaims totaling about $2.3 million. Agrocorp now moves to require countersecurity from Prestigious Shipping in this amount.

For the reasons that follow, the motion should be denied in all respects.

---

[1] See Duffy Affidavit, Exh. 11. Agrocorp's papers are a bit jumbled on this point. Although at pages 9 and 10 of its supporting memorandum Agrocorp states that Prestigious Shipping has attached $753,532.09, the affidavit of its counsel (the "Duffy Affidavit") gets it right. Duffy Affidavit, ¶28.

# ARGUMENT

## THE COURT SHOULD REJECT AGROCORP'S APPLICATION

The most recent Second Circuit case concerning countersecurity is *Result Shipping Co., Ltd. v. Ferruzzi Trading USA Inc.*, 56 F.3d 394 (2d Cir. 1995). From this decision, as well as others, it is clear that the Court has broad discretion in determining a) whether to order countersecurity, and b) if so, in what amount. *See also Afram Lines International, Inc. v. M/V Capetan Yiannis*, 905 F.2d 347, 349 (11th Cir. 1990); *Titan Navigation, Inc. v. Timsco, Inc.*, 808 F.2d 400, 403 (5th Cir. 1987). At the District Court level, the best recent discussion of countersecurity is probably that by Judge Lynch in *Finecom Shipping Ltd. v. Multi Trade Enterprises AG*, 2005 WL 2838611 (SDNY 2005)(not officially reported)(Appendix #1).[2]

Although the general goal is to maintain parity between the parties, *Result Shipping*, 56 F.3d at 399-400, a number of exceptions to this objective exist. Two are applicable here, and each will be discussed in turn.

---

[2] Copies of cited decisions that are not officially reported are included in this memorandum's Appendix.

Indemnification Claim

The first exception goes to whether the counterclaimant could initially have brought its claim *in rem* or *quasi in rem*. *See Result Shipping*, 56 F.3d at 400; *Afram Lines*, 905 F.2d at 349. In other words, Agrocorp cannot get as a defendant what it could not have obtained as a plaintiff. The Defendant acknowledges the point when it argues that "Agrocorp could have proceeded with its claims *quasi rem* [sic] in the Southern District," but Prestigious Shipping " 'won the race to the courthouse door.' " Agrocorp Memorandum, at 9.

Agrocorp's largest counterclaim is for about $1.2 million in indemnification. *See* Amended Answer at ¶¶35-37 (Duffy Affidavit, Exh. 12). The background is that the cargo receivers in Bangladesh claimed for damaged cargo, and Prestigious Shipping, as vessel owner, settled and paid those claims. Subsequently, Prestigious Shipping argued to these receivers that they had inflated their claims and that some of the settlement money should be returned. The cargo receivers apparently then said to Agrocorp that any monies disgorged to Prestigious Shipping could be recovered from Agrocorp.

In the period since August 2006, Prestigious Shipping has not pursued the matter further with the receivers, and there are no pending legal actions,

anywhere, by Prestigious Shipping against them. *See* Foster Affidavit, ¶3.[3]

Consequently, Agrocorp's indemnification claim is contingent upon:

    (a)    Prestigious Shipping actually going against the Bangladeshi receivers somewhere,

    (b)    Prestigious Shipping obtaining a judgment/settlement against the receivers for their inflated claims,

    (c)    Prestigious Shipping recovering on any judgment/settlement against the receivers,

    (d)    the Bangladeshi receivers proceeding in turn against Agrocorp for this refunded amount,

    (e)    the Bangladeshi receivers obtaining a judgment/settlement against Agrocorp for the refunded amount, and

    (f)    Agrocorp paying the Bangladeshi receivers for such judgment/settlement.

The contract between Prestigious Shipping and Agrocorp is governed by English law. Duffy Affidavit, Exh. 7, ¶¶31, 53. Judges Scheindlin, Kaplan, and Haight have previously held in circumstances analogous to the present matter that such indemnification claims are not ripe under English law, do not constitute a valid maritime claim for attachment purposes, and will not support a claim for security. *Sonito Shipping Co., Ltd. v. Sun United*

---

[3] Query whether Agrocorp, in its reply papers on this motion, can produce anything more recent than August 2006 to show that its indemnification claim is not completely speculative.

*Maritime Ltd.*, 478 F. Supp.2d 532 (SDNY 3/16/07)(Haight, J.); *Bottiglieri di Navigazione S.p.A. v. Tradeline LLC*, 472 F. Supp.2d 588 (SDNY 2/6/07)(Kaplan, J.); *T&O Shipping, Ltd. v. Lydia Mar Shipping Co. S.A.*, 415 F. Supp.2d 310 (SDNY 2006)(Scheindlin, J.).

Even on indemnification claims not arising under English law, the courts in this District normally do not order security for such claims. *See, e.g., J.K. International Pty Ltd. v. Agrikos S.A.S.*, 2007 WL 485435 (SDNY 2/13/07)(Karas, J.)(not officially reported)(Appendix #2).

Further, while earlier Second Circuit decisions have said that the district court may have some discretion to order security for indemnification claims,[4] both Judge Haight and Judge Kaplan have suggested that after the *Aqua Stoli* decision[5] the district courts may no longer have such authority. *Sonito Shipping*, 478 F. Supp.2d at 543-44; *Bottiglieri di Navigazione*, 472 F. Supp.2d at 591.

Those cases in which security has been ordered for indemnification claims have not involved English law or have not concerned potential claims as speculative as the one here. *See, e.g., Navalmar (U.K.) Ltd. v. Welspun*

---

[4] *See Patricia Hayes Associates, Inc. v. Cammell Laird Holdings U.K.*, 339 F.3d 76, 82-83 (2d Cir. 2003); *Greenwich Marine, Inc. v. S.S. Alexandra*, 339 F.2d 901, 905 (2d Cir. 1965).

[5] *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434 (2d Cir. 2006).

*Gujarat Stahl Rohren, Ltd.*, 485 F. Supp.2d 399 (SDNY 4/24/07)(Hellerstein, J.).

Given the contingent and remote nature of Agrocorp's indemnification claim, the Court should reject Defendant's motion for countersecurity for it.

Frivolous Claims

The second exception is for frivolous claims. *See Result Shipping*, 56 F.3d at 400 (countersecurity for "non-frivolous counterclaims"); *Titan Navigation*, 808 F.2d at 404; *Finecom Shipping*, 2005 WL 2838611 at *1 ("The premise that countersecurity will not be required on the basis of frivolous counterclaims is a sound one.")

In its Amended Answer Agrocorp claims for $847,930 in damages that are alleged to have been actually incurred, *e.g.*, $139,750 in discounts to the receivers. *See* Amended Answer at ¶¶30, 38 (Duffy Affidavit, Exh. 12).

These claims, as well as the one for indemnification, are time-barred and therefore frivolous.

The contract between Prestigious Shipping and Agrocorp is the Sugar Charter Party of February 21, 2005, Exhibit 7 to the Duffy Affidavit. Paragraph 30 of that contract provides in full:

> Either party shall be discharged and released from all liability in respect of any claim or claims which either party may have under this Charter-Party and such claim or claims shall be totally extinguished, unless such claim or claims have been notified in

detail to either party in writing within 12 (twelve) months from completion of discharge of the appropriate cargo under this Charter-Party.

The relevant chronology is:

- The ship completes discharge of the sugar cargo in November 2005. (*See* Duffy Affidavit, Exh. 9, ¶11.68)

- Prestigious Shipping demands arbitration of its claim in September 2006. (Foster Affidavit, Exh. 1)

- Prestigious Shipping serves its Points of Claim in March 2007. (Duffy Affidavit, Exh. 8)

- Agrocorp serves its Points of Defence in May 2007. (Duffy Affidavit, Exh. 9)

- Prestigious Shipping attaches Agrocorp funds in New York in August 2007.

- The Court denies Agrocorp's motion to vacate the attachment in September 2007.

- Agrocorp asserts counterclaims in the London and New York proceedings in September 2007.

- Agrocorp moves for $2.3 million in countersecurity in October 2007.

One can gauge the credibility of Agrocorp's claims, and the actual purpose for their assertion, by the fact that Agrocorp first raised this $2.3 million in counterclaims only after (and within days) of the Court's

September 4 ruling.[6] In its May 2007 Points of Defence, for example, Agrocorp asserts no counterclaim and makes no mention of breached settlement agreements or discounts to receivers.[7] *See* Duffy Affidavit, Exh. 9.

In the London proceeding Prestigious Shipping has not responded to the merits of the Agrocorp counterclaims. Instead, Prestigious Shipping has requested the arbitral tribunal to dismiss these counterclaims as time-barred. That application is presently pending, with Agrocorp's opposition papers due today.

The Court should reject Agrocorp's request for countersecurity on claims that are plainly time-barred. In this regard it is worth contrasting the present situation with that before Judge Lynch in *Finecom Shipping Ltd*. While recognizing the exception for frivolous claims, he thought the facts there to be too murky to make a determination; it was not even clear what constituted the parties' agreement. 2005 WL 2838611 at *2. In the present case, however, there is clear, undisputed, contractual language that "such

---

[6] The court in *Titan Navigation* recognized the problem of a counterclaim, and concomitant demand for countersecurity, being asserted for bargaining purposes. "[T]he court should not require countersecurity where the counterclaim is frivolous or so lacking in merit that the court can only conclude that the counterclaim was advanced solely to secure a negotiating advantage over the complainant." 808 F.2d at 404.

[7] Query whether Agrocorp, in its reply papers on this motion, can produce anything constituting a notice of claim prior to September 2007, let alone November 2006.

[late] claim or claims shall be *totally extinguished*." Duffy Affidavit, Exh. 7, ¶30; emphasis added.

Closer to the present situation is the court's decision in *Trinidad Foundry and Fabricating, Ltd. v. M/V Kas Camilla*, 776 F. Supp. 1555 (S.D. Fla. 1991). There, the facts were clear; and the court had no difficulty in denying countersecurity, determining that the asserted counterclaim "may be frivolous." At 1558.

The Court should outright deny Agrocorp's request for countersecurity. Nevertheless, because this issue is presently pending before the London tribunal under a contract governed by English law, an alternative course of action would be to deny the request for countersecurity with leave to renew if the tribunal holds that Agrocorp may *affirmatively* recover on its new claims.[8]

Interest and Costs

In its counterclaims Agrocorp also seeks security of $250,000 for interest and costs to be awarded in London. *See* Amended Answer at ¶¶41-43 (Duffy Affidavit, Exh. 12). The rationale is that this is the amount that

---

[8] The qualification of "affirmatively" is required because it may be the case under English law, as it is here, that time-barred claims may nevertheless be asserted by way of recoupment or offset. *See, e.g., Distribution Services, Ltd. v. Eddie Parker Interests, Inc.*, 897 F.2d 811 (5th Cir. 1990). If such is the case in England, then Agrocorp does not need countersecurity because it will not be a question of collecting from Prestigious Shipping if successful, but only paying the plaintiff less.

Prestigious Shipping requested in its complaint, and what's sauce for the goose is sauce for the gander.

The distinction, though, is that the bulk of this aspect of Prestigious Shipping's claim is for the interest lost on amounts due and owing in 2005. By contrast, Agrocorp's claims are for amounts that are time-barred and/or have not yet accrued.

What remains of this counterclaim are the taxable costs of the London arbitration. Given Agrocorp's assertions of time-barred and inappropriate counterclaims, both here and in London, the Court in its discretion should deny any countersecurity in this regard as well.[9]

---

[9] Subsequent to counsel's conference with the Court on September 28, Prestigious Shipping offered Agrocorp $50,000 as security against its taxable costs in the London proceeding, and this proposal was rejected.

## CONCLUSION

Defendant Agrocorp's motion for countersecurity under Supp.F.R.Civ.P. E(7) should be denied in all respects.

Dated:  New York, New York
        October 19, 2007

                                        **WAESCHE, SHEINBAUM & O'REGAN, P.C.**
                                        Attorneys for the Plaintiff

                                        By: _____
                                             John R. Foster
                                        Attorney ID: JF3635
                                        111 Broadway, 4th Floor
                                        New York, NY 10006
                                        (212) 227-3550