**WAESCHE, SHEINBAUM & O'REGAN, P.C.**
Attorneys for the Plaintiff
111 Broadway, Suite 401                                      **ECF CASE**
New York, New York 10006
Telephone: (212) 227-3550
John R. Foster (JF3635)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **PRESTIGIOUS SHIPPING CO. LTD.,** | **07 Civ. 7101 (CM)** |
| **Plaintiff,** | |
| -against- | **REPLY TO** |
| | **COUNTERCLAIMS** |
| **AGROCORP INTERNATIONAL PTE LTD.,** | |
| **Defendant.** | **NOTICE PURSUANT** |
| | **TO F.R.Civ.P. 44.1** |

       Plaintiff Prestigious Shipping Co. Ltd. (hereinafter "Prestigious Shipping"), by its

attorneys, Waesche, Sheinbaum & O'Regan, P.C., as and for its Reply to the Defendant's

Counterclaims herein, alleges, upon knowledge with respect to itself and its own acts and upon

information and belief as to all other matters, as follows:

       1.     With respect to the allegations contained in paragraph 27 of the Amended Answer

with Affirmative Defenses and Counterclaim (hereinafter "the Counterclaims"), Prestigious

Shipping incorporates herein by reference the allegations of its Verified Complaint.

       2.     With respect to the allegations contained in paragraph 28 of the Counterclaims,

this paragraph contains assertions of law as to which no response is necessary. To the extent that

an answer is required, however, Prestigious Shipping admits the truth of such allegations and

refers to the governing contract of carriage.

3.      With respect to the allegations contained in paragraph 29 of the Counterclaims, Prestigious Shipping denies the truth of such allegations.

4.      With respect to the allegations contained in paragraph 30 of the Counterclaims, Prestigious Shipping denies knowledge or information sufficient to form a belief as to the truth of the allegation that the receivers of the cargo of sugar withheld payment of a sum of US$583,180.46 from the Defendant, but otherwise denies the truth of the remaining allegations of this paragraph.

5.      With respect to the allegations contained in paragraph 31 of the Counterclaims, this paragraph contains assertions of law as to which no response is necessary. To the extent that an answer is required, however, Prestigious Shipping denies the truth of such allegations.

6.      With respect to the allegations contained in paragraph 32 of the Counterclaims, Prestigious Shipping incorporates herein by reference the allegations of its Verified Complaint.

7.      With respect to the allegations contained in paragraph 33 of the Counterclaims, Prestigious Shipping admits that in August 2005 it entered into a settlement agreement with East West Trading and Musa and Sons, the receivers of the sugar cargo shipped on board the M/V Prestigious from South America to Bangladesh, and that Prestigious Shipping paid the agreed-upon settlement amounts to such receivers, but otherwise denies the truth of the remaining allegations of this paragraph.

8.      With respect to the allegations contained in paragraph 34 of the Counterclaims, Prestigious Shipping admits that in June 2006 it accused East West Trading and Musa and Sons of overstating their respective claims for damages and that Prestigious Shipping sought reimbursement from such receivers, but otherwise denies the truth of the remaining allegations of this paragraph.

9.      With respect to the allegations contained in paragraph 35 of the Counterclaims, Prestigious Shipping denies knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, leaves Defendant to its proofs.

10.     With respect to the allegations contained in paragraph 36 of the Counterclaims, Prestigious Shipping denies the truth of such allegations.

11.     With respect to the allegations contained in paragraph 37 of the Counterclaims, Prestigious Shipping denies the truth of such allegations.

12.     With respect to the allegations contained in paragraph 38 of the Counterclaims, Prestigious Shipping denies the truth of such allegations.

13.     With respect to the allegations contained in paragraph 39 of the Counterclaims, this paragraph contains assertions of law as to which no response is necessary. To the extent that an answer is required, however, Prestigious Shipping denies the truth of such allegations.

14.     With respect to the allegations contained in paragraph 40 of the Counterclaims, Prestigious Shipping incorporates herein by reference the allegations of its Verified Complaint.

15.     With respect to the allegations contained in paragraph 41 of the Counterclaims, Prestigious Shipping admits the truth of such allegations.

16.     With respect to the allegations contained in paragraph 42 of the Counterclaims, Prestigious Shipping admits the truth of such allegations.

17.     With respect to the allegations contained in paragraph 43 of the Counterclaims, this paragraph contains assertions of law as to which no response is necessary. To the extent that an answer is required, however, Prestigious Shipping denies the truth of such allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

18.     The contract between the parties contains at ¶¶31, 53 a choice-of-law clause providing that the contract is governed by English law.

19.     Plaintiff claims the benefit of all defenses afforded by the applicable laws, statutes, treaties, and conventions of the United Kingdom.

### SECOND AFFIRMATIVE DEFENSE

20.     The contract between the parties contains at ¶30 a Time Bar clause that requires a notice of claim for all claims arising under the charter party to be made within twelve months of the cargo's discharge, failing which such claims are "totally extinguished."

21.     The subject cargo was discharged in November 2005.

22.     Defendant failed to give timely notice of any claims within the contractual period.

23.     Defendant's counterclaims herein are time-barred.

### THIRD AFFIRMATIVE DEFENSE

24.     Defendant's counterclaims are barred by the doctrine of laches, unclean hands, equitable estoppel, and other equitable defenses.

### NOTICE PURSUANT TO F.R.Civ.P. 44.1

25.     As stated in the First Affirmative Defense above, Prestigious Shipping intends to raise an issue concerning the law of a foreign country, the United Kingdom.

-5-

**WHEREFORE**, Prestigious Shipping Co. Ltd. demands judgment as follows:

1. Such relief as is demanded in its Verified Complaint;

2. Additionally, dismissal of Defendant's counterclaims; and

3. Such other, and further, relief as to this Court seems just and proper.


Dated:  New York, New York
        October 22, 20007


                                    **Waesche, Sheinbaum & O'Regan, P.C.**
                                    Attorneys for the Plaintiff


                                    By: ————————————————
                                            John R. Foster
                                    Attorney ID: JF3635
                                    111 Broadway, 4th Floor
                                    New York, NY 10006
                                    (212) 227-3550