CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Defendant,
Agrocorp International Pte. Ltd.
366 Main Street
Port Washington, New York 110050
Telephone: 516-767-3600
Telefax: 516-767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

PRESTIGIOUS SHIPPING CO. LTD.,

                Plaintiff,           07 CV 7101 (CM)

   - against -

AGROCORP INTERNATIONAL PTE. LTD.,

                Defendant.
------------------------------------------------------------x


**REPLY MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANT AGROCORP'S MOTION
FOR COUNTER-SECURITY PURSUANT TO SUPPLEMENTAL RULE E(7)**

## TABLE OF CONTENTS

TABLE OF CONTENTS ………………………………………………..……....…ii

TABLE OF AUTHORITIES ………………………………………………..................iii

PRELIMINARY STATEMENT…..……………..…………….…….......……………1

STATEMENT OF FACTS…...……………..…………….…….......…........................1

LEGAL ARGUMENT……………………………………….…….............................1

    I.      THE STANDARD FOR COUNTER-SECURITY………………………1

    II.     AGROCORP'S CLAIMS ARE NOT FRIVOLOUS……………………..3

    III.    AGROCORP COULD HAVE INITIALLY BROUGHT ITS COUNTERCLAIM FOR "INDEMNIFICATION" BY ASSERTING A *QUASI IN REM* ACTION ………………………...........................................5

    IV.    AGROCORP COULD BE AWARDED SUBSTANTIAL INTEREST AND COSTS IN ARBITRATION………………………………………8

CONCLUSION ……………………………...........................................................9

# **TABLE OF AUTHORITIES**

**PAGE**

**CASES**

Aqua Stoli Shipping Ltd. v. Garner Smith Pty Ltd.,
  460 F.3d 434 (2d Cir. 2006)..................................................................7

Daeshin Shipping Co. v. Meridian Bulk Carriers, Ltd.,
  2005 U.S. Dist. LEXIS 22409 (S.D.N.Y. Oct. 3, 2005)..............................6

Greenwich Marine, Inc. v. S.S. Alexandra,
  339 F.2d 901 (2d Cir. 1965)..................................................................6

Hanjin Shipping Co. v. Union Pac. R.R. Co.,
  2006 U.S. Dist. LEXIS 23305, 2006 A.M.C. 1784 (S.D.N.Y. April 26, 2006).....4

Hibiscus Shipping, Ltd. v. Novel Commodities S.A.,
  No. 04 Civ. 2344 (S.D.N.Y. July 8, 2004).................................................6

Howsam v. Dean Witter Reynolds, Inc.,
  537 U.S. 79, 123 S. Ct. 588, 154 L. Ed. 2d 491 (2002)..........................3, 4

J.K. Int'l Pty, Ltd. v. Agriko S.A.S.,
  2007 U.S. Dist. LEXIS 10074, 2007 AMC 783 (S.D.N.Y. Feb. 13, 2007)..........6

JLM Indus. v. Stolt-Nielsen SA,
  387 F.3d 163, 2004 A.M.C. 2805 (2d Cir. 2004)........................................4

Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,
  460 U.S. 1, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983)..................................3

Navalmar (U.K.) Ltd. v. Welspun Gujarat Stahl Rohren, Ltd.,
  485 F. Supp. 2d 399 (S.D.N.Y. 2007)......................................................7

Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.,
  369 F.3d 645 (2d Cir. 2004)..................................................................4

Patricia Hayes & Assocs. v. Cammell Laird Holdings U.K.,
  339 F.3d 76 (2d Cir. 2003)................................................................6, 7

Result Shipping Co., Ltd. v. Ferruzzi Trading USA, Inc.,
  56 F.3d 394 (2nd Cir. 1995)..................................................................2

Ronda Ship Mgmt. v. Doha Asian Games Organising, Comm.,
  2007 U.S. Dist. LEXIS 72694 (S.D.N.Y. Sept. 20, 2007)............................6

Staronset Shipping Ltd. v. North Star Nav. Inc.,
    659 F. Supp. 189 (S.D.N.Y. 1987)..........................................................7

Trinidad Foundry & Fabricating, Ltd. v. M/V Kas Camilla,
    776 F. Supp. 1555 (S.D. Fla. 1991)........................................................5

Washington-Southern Navigation Co. v. Baltimore & Philadelphia Steamboat Co.,
    263 U.S. 629, 68 L. Ed. 480, 44 S. Ct. 220 (1924).................................1


**STATUTES and RULES**

*Fed. R. Civ. P.*, Supplemental Rules for Admiralty or Maritime Claims and
Asset Forfeiture Actions,
    Rule E................................................................................................1


**OTHER AUTHORITIES**

The Revised Uniform Arbitration Act of 2000
    Section 6, 7 U. L. A. 12....................................................................4

## PRELIMINARY STATEMENT

Defendant, AGROCORP INTERNATIONAL PTE. LTD., (hereinafter "Agrocorp"), by and through its undersigned counsel, CHALOS, O'CONNOR & DUFFY, LLP, respectfully submits this Reply Memorandum of Law in Support of Defendant's Motion for Counter-Security pursuant to Rule E(7) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (hereinafter "Rule E(7)") in response to certain points raised by Plaintiff PRESTIGIOUS SHIPPING CO. LTD. (hereinafter "Prestigious" or "Plaintiff") in its Opposition Memorandum of Law.

## STATEMENT OF FACTS

The facts pertaining to the instant Motion for Counter Security are more fully set forth in the accompanying Attorney's Affidavit of Owen F. Duffy, dated October 26, 2007. Rather than restate the facts fully herein, this Reply Memorandum of Law in Support of Defendant's Motion for Counter-Security will make reference to, and will discuss as appropriate, the facts set forth the accompanying Attorney's Affidavit. Citation to the Attorney's Affidavit will refer to "Duffy Affidavit at ¶ -."

## LEGAL ARGUMENT

### POINT I
### THE STANDARD FOR COUNTER-SECURITY

Plaintiff Prestigious fully admits that this Court has discretion to order counter-security in this matter and that the goal of counter-security is "'to place the parties on an equality as regards security,'" Washington-Southern Navigation Co. v. Baltimore & Philadelphia Steamboat Co., 263 U.S. 629, 638-39, 68 L. Ed. 480, 44 S. Ct. 220 (1924)). However, Plaintiff attempts to downplay the statement of the Second Circuit when it stated

1

that placing the parties on an equal footing, "usually favors granting countersecurity when a defendant whose property has been attached asserts non-frivolous counterclaims growing out of the same transaction." Result Shipping Co., Ltd. v. Ferruzzi Trading USA, Inc., 56 F.3d 394, 399 (2nd Cir. 1995). Consequently, the scales of justice tip in favor of Agrocorp's application for counter security.

It should be duly noted that Plaintiff does not, and indeed cannot, make any argument that Agrocorp's claims do not arise out of the same transaction as Plaintiff's claims. In fact, this entire dispute arose because much of the sugar shipped aboard the M/V PRESTIGIOUS was contaminated and damaged by seawater, for which the Plaintiff Prestigious was responsible and for which the Plaintiff first agreed to resolve the dispute through settlement in order to avoid further delays to its vessel.

Now, Plaintiff Prestigious argues that Defendant Agrocorp's counterclaims should not be secured because Prestigious has only, at this time, threatened suit against third-party East West Trading and that this Court should determine the merits of claims presently being heard in London arbitration. As will be explained in detail below, these arguments should not result in this Court exercising its discretion to deny Defendant Agrocorp's request to have its claims put on an equal footing in this matter.

2

## POINT II

## <u>AGROCORP'S CLAIMS ARE NOT FRIVOLOUS</u>

Prestigious, while admitting that Agrocorp may very well have any claims against it offset in London Arbitration,[1] argues that this Court should determine whether Agrocorp's claims are time-barred and therefore are "frivolous."

The Plaintif's argument is, however, completely undercut by a decision from the United States Supreme Court. In <u>Howsam v. Dean Witter Reynolds, Inc.</u>, 537 U.S. 79, 123 S. Ct. 588, 154 L. Ed. 2d 491 (2002), the question before the Court revolved around an N.A.S.D. rule that stated that no dispute was eligible for arbitration after six (6) years had elapsed. 537 U.S. at 81. The Courts of Appeals reached differing conclusions regarding whether a court or an arbitrator primarily should interpret and apply the particular N.A.S.D. time-bar rule. *Id.* at 82. The Supreme Court easily resolved the issue finding that Supreme Court precedent had held that a time-bar rule should be decided by an arbitrator and not a court. *Id.* at 84 *citing* <u>Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 24-25, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983) ("the presumption is that the arbitrator should decide 'allegations of waiver, delay or a like defense to arbitrability.'").

---

[1] *See*, page 10, footnote 8 of Plaintiff's Memorandum of Law in Opposition to Motion for Countersecurity wherein it admits that under English law, even if a counterclaim is time-barred, it may be asserted and accounted for as an offset. Plaintiff disingenuously states that this means "it will not be a question of collecting ... but only paying less." Clearly this statement entirely disregards the goal of putting the parties on an equal footing. Plaintiff essentially claims it needs over $2 million in security, but that this Court should ignore that fact that the entire award could be offset by the arbitration panel hearing the underlying merits of the dispute.

3

The Supreme Court in <u>Howsam</u> stated that the rule that time-bar decisions are to be made by an arbitrator represented the law of the land:

> [T]he Revised Uniform Arbitration Act of 2000 (RUAA), seeking to "incorporate the holdings of the vast majority of state courts and the law that has developed under the [Federal Arbitration Act]," states that an "arbitrator shall decide whether a condition precedent to arbitrability has been fulfilled." RUAA § 6(c) and comment 2, 7 U. L. A. 12-13 (Supp. 2002). And the comments add that "in the absence of an agreement to the contrary, issues of substantive arbitrability . . . are for a court to decide and issues of procedural arbitrability, *i.e.*, whether prerequisites such as *time limits*, notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate have been met, are for the arbitrators to decide." *Id.*, § 6, comment 2, 7 U. L. A., at 13 (emphasis added).

*Id.* at 84-85 (emphasis in original). As such, it is clear that any determination regarding whether or not Agrocorp's counterclaims are time-barred from arbitration are to be made according to English law by the arbitrators.

Moreover, the Second Circuit has recently and repeatedly stated that "the federal policy favoring the liberal enforcement of arbitration clauses . . . applies with particular force in international disputes." <u>JLM Indus. v. Stolt-Nielsen SA</u>, 387 F.3d 163, 171, 2004 A.M.C. 2805 (2d Cir. 2004) *quoting* <u>Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.</u>, 369 F.3d 645, 654 (2d Cir. 2004). In the maritime context, Judge Scheindlin of the Southern District of New York has recently restated this partiality, stating that "[t]here is a strong federal policy favoring arbitration, which applies with particular force in international disputes." <u>Hanjin Shipping Co. v. Union Pac. R.R. Co.</u>, 2006 U.S. Dist. LEXIS 23305, *8, 2006 A.M.C. 1784 (S.D.N.Y. April 26, 2006) (footnote and quotation marks omitted). Because the time-bar in the charter party at issue in the case at hand is to be determined by English law in arbitration, this Court should follow the

4

"strong presumption" that in "international disputes" a time-bar question should be left to the arbitrators.

Plaintiff states that the time-bar complications in the case at hand make Agrocorp's counterclaim allegations frivolous. For support of a claim that was found to be frivolous Plaintiff cites only a fifteen year-old case in the Southern District of Florida where "Defendants' authorized representative executed Plaintiff's Notice of Repairs Satisfactorily Completed, confirming that the repairs performed by Plaintiff to the Vessel had been satisfactorily completed." Trinidad Foundry & Fabricating, Ltd. v. M/V Kas Camilla, 776 F. Supp. 1555, 1558 (S.D. Fla. 1991). In the case at hand, Prestigious can point to no document where Agrocorp agreed that Prestigious had met its obligations. As such, the Trinidad case is inapposite. In fact, Agrocorp's counterclaims arise solely because of Prestigious' breach of a settlement agreement wherein it paid substantial sums to avoid liability regarding the sugar damaged with sea water.

## POINT III

### AGROCORP COULD HAVE INTITIALLY BROUGHT ITS COUNTERCLAIM FOR "INDEMNIFICATION" BY ASSERTING A *QUASI IN REM* ACTION

Prestigious argues that certain of Agrocorp's counterclaims are for "indemnification." However, this implies that Prestigious has not yet suffered any real or tangible harm by the actions of Agrocorp. On the contrary, because of Agrocorp's breach of its settlement agreement with third party East West Trading regarding the spoliation of the sugar aboard the M/V PRESTIGIOUS, Agrocorp's account with East West Trading has been debited by $1,205,016.30. *See*, Duffy Affidavit at Exhibit 1, letter from East West Trading to Agrocorp dated August 2, 2006. Because East West Trading is clearly a

5

party with whom Agrocorp does business, Agrocorp's business opportunities have already been directly affected by the actions of Prestigious. Therefore, Prestigious' assertion that Agrocorp's claims are not yet ripe is misplaced.

To the extent that any of Agrocorp's claims are for indemnity in respect to further liability to the cargo interests, the Second Circuit has specifically noted that an admiralty judge may disregard the prematurity of a plaintiff's claims, but should do so in his or her sound discretion by balancing the equities of the situation at hand. *See*, Greenwich Marine, Inc. v. S.S. Alexandra, 339 F.2d 901, 905 (2d Cir. 1965) *and* Patricia Hayes & Assocs. v. Cammell Laird Holdings U.K., 339 F.3d 76, 82 (2d Cir. 2003). It is true that courts in the Southern District of New York have, in exercising their discretion, ruled against indemnification claims in some instances. *See*, Ronda Ship Mgmt. v. Doha Asian Games Organising, Comm., 2007 U.S. Dist. LEXIS 72694, *6 (S.D.N.Y. Sept. 20, 2007) (collecting cases). However, in several other cases, judges in the Southern District have found that under the particular circumstances of a particular case, indemnification claims could be the basis for a valid claim or counterclaim in admiralty. *See*, J.K. Int'l Pty, Ltd. v. Agriko S.A.S., No. 6 Civ. 13259 (KMK), slip. op. at *4-5, 2007 U.S. Dist. LEXIS 10074, 2007 WL 485435, 2007 AMC 783 (S.D.N.Y. Feb. 13, 2007)(collecting cases where indemnification claims were allowed and those were they were not).

For instance, in Daeshin Shipping Co. v. Meridian Bulk Carriers, Ltd., No. 05 Civ. 7173, 2005 U.S. Dist. LEXIS 22409, 2005 WL 2446236, at *2 (S.D.N.Y. Oct. 3, 2005) the Court upheld an attachment based upon indemnification claims. In Daeshin, Judge Buchwald distinguished Greenwich Marine, *supra*, because, based on documentary evidence in the form of correspondence indicating an assertion of claims, there was

6

evidence that a damage claim would be passed along and would be asserted against the plaintiff. In another case, Judge Berman allowed an indemnification claim based on considerations of equity stating that a claim letter was sufficient to demonstrate ripeness. Hibiscus Shipping, Ltd. v. Novel Commodities S.A., No. 04 Civ. 2344, at 3-4 (S.D.N.Y. July 8, 2004) (attached hereto as Exhibit A). *See also*, Staronset Shipping Ltd. v. North Star Nav. Inc., 659 F. Supp. 189, 191 (S.D.N.Y. 1987) (noting that, although no judgment had yet been entered against the claimant, an action had been brought *in rem* against it, resulting in a tangible detriment). As such, it is clear that the claim letter debiting Agrocorp's account is sufficient evidence of a claim against Agrocorp for this court to require Plaintiff to post counter-security and put the parties on an equal footing.

Additionally, Plaintiff, citing certain statements made *in dicta*, raises the issue of whether a Court's discretion to hear indemnification claims has survived the decision in Aqua Stoli Shipping Ltd. v. Garner Smith Pty Ltd., 460 F.3d 434 (2d Cir. 2006). However, Aqua Stoli was not heard *en banc* and, therefore, cannot have overruled another Second Circuit decision, particularly one decided only a few years before. A Court's discretion to hear a claim for indemnification while sitting in admiralty was clearly stated by the Second Circuit in 2003 in Patricia Hayes, *supra*, 339 F.3d at 82 (2d Cir. 2003).

In the case at hand, it cannot be overemphasized that all of Defendant Agrocorp's counterclaims arise only because of the actions of the Plaintiff Prestigious In the case at hand, Agrocorp, and similar to the situation in Navalmar (U.K.) Ltd. v. Welspun Gujarat Stahl Rohren, Ltd., 485 F. Supp. 2d 399 (S.D.N.Y. 2007), has had to prepay its debt to East West Trading in the form of a debit upon its account. *See*, Duffy Affidavit at Exhibit 1. That is a direct claim that is not subject to any argument that it is for indemnification,

7

and it cannot be said that the claim is frivolous merely because Prestigious raises the time-bar point. *See*, Duffy Affidavit at Exhibit 2. With respect to the claims now being asserted against Agrocorp by the receivers, the Plaintiff Prestigious now seeks to persuade this Court that Prestigious has abandoned any effort to renege on its settlement deal with the receivers. That may be, although Prestigious has not conceded the point, but it ignores the reality that Defendant Agrocorp does face a potential liability to the receivers only by reason of the fact that Prestigious sought to renege on its settlement deal with the receivers. The Plaintiff Prestigious is playing a judicial shell-game with its now you see it claim, now you don't. When it is convenient for Prestigious to renege on the settlement agreement, it does, but when it is faced with the prospect of posting counter-security, the claim goes back the shell and never mind. Since all of the counterclaims are creatures of the Plaintiff's own creation, the equities of the situation demand that Plaintiff Prestigious post counter security for all counter claims, including the direct losses suffered by Agrocorp and the potential liability to the receivers.

## POINT IV

### AGROCORP COULD BE AWARDED SUBSTANTIAL INTEREST AND COSTS IN ARBITRATION

Plaintiff fully admits that, even if Agrocorp's claim might be ruled to be time-barred under English law as it will be applied by the arbitration panel, the counterclaims may be taken into consideration "by way of recoupment or offset." Plaintiff's Memorandum of Law in Opposition to Motion for Countersecurity at page 10, footnote 8. There can be no doubt that recoupment or offset could include interest and costs. As such,

Agrocorp should be awarded countersecurity in a significant sum in order to secure its claims for interest and costs.

## CONCLUSION

The circumstances of this matter are clear: the counterclaim presented by Agrocorp is properly brought because it arises from the same transactions as the allegations in the Verified Complaint, is not frivolous, and does not prevent Prestigious from bringing suit, particularly in London where arbitration is actively proceeding. Prior decisions of this Court as well as leading commentators have conceded that full security places both parties on equal footing in terms of total certainty of full judgment. In the alternative, the granting of relief equal to that attached by Prestigious would ensure protection for part of Agrocorp's claim, and the addition of a dollar-for-dollar increase would safeguard any additionally attached funds and put the parties on an equal footing.

Dated: Port Washington, New York
October 26, 2007

CHALOS O'CONNOR & DUFFY
Attorneys for Defendant,
AGROCORP INTERNATIONAL PTE. LTD.

By: _____
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)
366 Main Street
Port Washington, New York 11050
Tel:     516-767-3600
Telefax: 516-767-3605
Email: ofd@codus-law.com

To:    <u>Via ECF</u>
Waesche, Scheinbaum & O'Regan, P.C.
Attorneys for the Plaintiff,
PRESTIGIOUS SHIPPING CO. LTD.
111 Broadway, 4th Floor
New York, NY 10006

Attn:   John R. Foster, Esq.

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/8/04

------------------------------------x

HIBISCUS SHIPPING, LTD.,                    :

              Plaintiff,                    :        04 CIV. 2344 (TPG)

- against -                                  :

                                                     **ORDER**

NOVEL COMMODITIES S.A.,                     :

              Defendant.                    :

------------------------------------x

       This is a motion to vacate an order of maritime attachment and garnishment. Plaintiff Hibiscus Shipping, Ltd., ("Hibiscus") has filed an admiralty and maritime claim against defendant Novel Commodities S.A. ("Novel"), pursuant to Fed. R. Civ. P. 9(h). The complaint seeks contribution and/or indemnification for liabilities in connection with a 2003 charter. Hibiscus obtained a Rule B order of maritime attachment and garnishment from Judge Miriam Goldman Cedarbaum, who was sitting in Part I on March 24, 2004. The order was served upon Citibank N.A., which consequently held and sequestered funds belonging to Novel and totaling around U.S. $978,603,33.

       Novel has moved to dismiss the complaint and to vacate the maritime attachment or, in the alternative, partially to release some of the

-1-

attached funds.

The complaint alleges that Novel chartered Hibiscus's vessel for a single trip to transport bags of rice from China to New Guinea between April 25, 2003 and June 9, 2003. The cargo was owned by a third party, the Societe de Commerce et de Financement S.A. Conkary. The vessel carried the cargo to Conkary, New Guinea, where discharge of the cargo was commenced, but was not completed until four months had elapsed. During this lengthy period of discharge, some of the cargo on board the vessel was damaged by wetting. On October 23, 2003, the vessel departed the port of Conkary disposing of certain remaining cargo at sea.

Owners of the cargo and their subrogated underwriters have declared their intention to pursue claims for damages against the vessel and its owner, Hibiscus, asserting an estimated $1,092,772 in damages. Specifically, in a claim letter sent to Hibiscus in February of 2004, cargo claimants assert that the damages resulted from at least one cargo hold that was in ill-repair, rendering the vessel unseaworthy when it took the cargo on board. Cargo claimants have not yet filed suit or sought to arbitrate the claim against Hibiscus. Nor has Hibiscus settled the claim or paid any part thereof.

In this action, Hibiscus, in turn, asserts an indemnification claim and/or a claim for contribution against Novel for failure properly to discharge the cargo pursuant to the Charter Party and for other unspecified reasons.

Novel argues that Hibiscus's claim is premature, because no judgment has yet been entered against Hibiscus, no suit has been instituted against it for the damage to be indemnified, and it is unlikely that a claim will ever be brought against Hibiscus. Novel concludes that the court should, therefore, vacate the order of attachment and dismiss the complaint. In its opposition, Hibiscus argues that the court should not dismiss the complaint or vacate the order of attachment, because the claim will mature shortly.

In a maritime case involving an in rem attachment, the United States Court of Appeals for the Second Circuit has stated that "a district court may in some circumstances disregard the prematurity of a plaintiff's claim as a matter of discretion . . . ." Patricia Hayes Associates, Inc. v. Cammell Laird Holdings U.K., 339 F.3d 76, 82-3 (2d Cir. 2003). Citing earlier cases, the Court of Appeals explained that where "a claim . . . [is] premature when filed but certain to mature shortly . . . '[i]t is settled that a suit may sometimes be brought in admiralty before the cause of action accrues . . . .'" Id. at 83 (citing The Lassell, 193 F.539 (E.D.Pa. 1912)). A district court sitting in admiralty may disregard the prematurity of a plaintiff's claim based on considerations of equity, though such circumstances are "few" and "isolated". Greenwich Marine, Inc. v. S.S. Alexandra, 339 F.2d 901, 905 (2d Cir. 1965). In this case, the claim letter is sufficient evidence of a claim pursuant to Fed. R. Civ. P. Rule 9(h) and Supplemental Admiralty Rule B and vacature is not warranted at this

time.

This Court is presiding over the case as Part I Judge on June 22, 2004.

The ruling is without prejudice to Novel's reasserting this motion before the Honorable Thomas P. Griesa.

Dated:    New York, New York
          July 8, 2004

                         _____
                              Richard M. Berman
                                  U.S.D.J.